## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| OFF LEASE ONLY LLC, *et al.*,[1] ) | Case No. 23-11388 (CTG) |
| ) | |
| Debtors. ) | (Joint Administration Requested) |
| ) | |

**MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH
MANAGEMENT SYSTEM AND (B) MAINTAIN EXISTING BUSINESS FORMS, AND
(II) GRANTING RELATED RELIEF**

Off Lease Only LLC, Off Lease Only Parent LLC, and Colo Real Estate Holdings LLC,

the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seek entry of

interim and final orders, substantially in the form attached hereto as **Exhibit A** (the "Interim

Order") and **Exhibit B** (the "Final Order" and, together with the Interim Order, the "Proposed

Orders"), respectively, pursuant to sections 105(a), 345, and 363 title 11 of the United States Code

(the "Bankruptcy Code") Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 2015-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

(i) authorizing the Debtors to (a) continue to operate their Cash Management System (as defined

below), (b) honor certain prepetition obligations related thereto, and (c) maintain existing business

forms; (ii) authorizing the Debtors' banks to honor all related payment requests; and (iii) granting

related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the

*Declaration of Leland Wilson in Support of Chapter 11 Petitions and First Day Motions* (the "First

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Motion are sections 105(a), 345, and 363 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 2015-2.

## BACKGROUND

5.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6.      The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

DOCS_DE:244650.1

7.      As of the date hereof, no trustee, examiner, or official committee has been appointed in the Chapter 11 Cases.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the filing of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

## THE DEBTORS' CASH MANAGEMENT SYSTEM

**I.      The Cash Management System**

9.      As of the Petition Date, the Debtors maintained a cash management system (the "Cash Management System") consisting of ten (10) bank accounts (each, a "Bank Account" and collectively, the "Bank Accounts"). The Debtors utilize the Bank Accounts to manage payments from customers, make disbursements, and hold cash. Five (5) Bank Accounts are maintained at Bank of America and five (5) are maintained at Truist Bank ("Truist" and, together with Bank of America, the "Banks").

10.      The Debtors maintain an operating account at each Bank (each, an "Operating Account"). Each Operating Account is structured in the same manner. The Operating Accounts are primarily used to hold deposits received from third parties, such as customers, and to transfer funds to other Bank Accounts held by the Debtors, which consist of zero balance accounts used to make certain disbursements. These additional Bank Accounts, are as follows: (i) at Truist: (a) a primary checking account (the "Truist Primary Checking Account"), (b) a We Buy Your Car checking account (the "Truist WBYC Account"), and (c) a tag fees disbursement account (the "Tag Fees Disbursement Account"), and a wire account (the "Truist Wire Account"); and (ii) at Bank of America: (a) a primary checking account (the "BofA Primary Checking Account" and, together with the Truist Primary Checking Account, the "Primary Checking Accounts"), (b) a We

3

Buy Your Car checking account (the "BofA WBYC Account" and, together with the Truist WBYC Account, the "WBYC Accounts"), and (c) a wire account (the "BofA Wire Account" and, together with the Truist Wire Account, the "Wire Accounts").

11.    The Debtors use the Primary Checking Accounts for accounts payable transactions made through manual checks and ACH transfers, while the Wire Accounts are used for wire transfers.  The Tag Fees Disbursement Account is used for the payment of tag and title fees in connection with customers' purchases of vehicles.[3]  Prior to the Petition Date, the WBYC Accounts were used to purchase vehicles from consumers participating in the We Buy Your Car program, which is described in the First Day Declaration.  The Debtors do not anticipate that any postpetition disbursements will be made from the WBYC Accounts.

12.    In addition, the Debtors maintain an interest-bearing checking account at Bank of America.  This account is used to fund the Truist Operating Account as required.

13.    To provide the Court with a visual overview of the Cash Management System, a chart depicting the Bank Accounts is attached hereto as **Exhibit C**.  In addition, a list of the Debtors' Bank Accounts is attached hereto as **Exhibit D**.

14.    The Debtors' principal source of revenue prior to the Petition Date was payments from their customers.  Accordingly, the Debtors expect to collect very few, if any, deposits into their Cash Management System postpetition.  However, the Debtors' continued use of the Cash Management System and Bank Accounts, and the Debtors' ability to make disbursements therefrom, is critical to the wind down of the Debtors' operations and a seamless transition into

---

[3] Pursuant to the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing Maintenance, Administration, and Continuation of the Debtors' Customer Programs and Sale Programs and (II) Granting Related Relief* filed contemporaneously herewith, the Debtors are seeking authority to pay any outstanding prepetition amounts on account of tag and title fees in the ordinary course of business.

4

these Chapter 11 Cases.  The Cash Management System is customary, and is similar to those commonly employed by entities of comparable size and complexity.  The Cash Management System allows the Debtors to control and monitor funds and reduce administrative expenses by facilitating the movement of funds and the development of timely and accurate account balances. Without the continued use of the Bank Accounts, the Debtors could experience significant disruption in the wind-down of their business, which the Debtors submit would cause immediate and irreparable harm and impede the success of these Chapter 11 Cases.

**15. Bank Fees**

16.     On a monthly basis, the Debtors pay approximately Thirty-Five Thousand Dollars ($35,000) in service fees and other amounts owing to the Banks (collectively, the "Bank Fees"). As of the Petition Date, the Debtors estimate that owe approximately Eight Thousand Dollars ($8,000) on account of Bank Fees.  If the Debtors fail to pay the Bank Fees, the Banks are likely to refuse to continue working with the Debtors, which would be detrimental to the Debtors' ability to wind-down their businesses and is likely to cause immediate and irreparable harm.  Accordingly, the Debtors request authority to pay any outstanding Bank Fees on a postpetition basis.

**17. Business Forms**

18.     In the ordinary course of business prior to the Petition Date, as part of the Cash Management System, the Debtors used a number of preprinted business forms including letterhead, deposit slips, checks, and invoices (collectively, the "Business Forms").  The Debtors seek authority to continue using their prepetition Business Forms without reference therein to the Debtors' status as "Debtors in Possession," *provided*, that the Debtors shall include a "Debtor in Possession" designation along with the case number of Off Lease Only LLC on all replacement Business Forms in accordance with Local Rule 2015-2.

**RELIEF REQUESTED**

19.     The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (i) authorizing the Debtors to (a) continue to operate their Cash Management System (as defined below), (b) honor certain prepetition obligations related thereto, and (c) maintain existing business forms in the ordinary course of business; (ii) authorizing the Debtors' banks to honor all related payment requests; and (iii) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing approximately twenty-one (21) days from the Petition Date.  For the reasons set forth herein, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties-in-interest, and therefore, should be granted.

**BASIS FOR RELIEF**

**I.     The Court Should Authorize the Debtors' Continued Use of Their Existing Cash Management System and Business Forms**

20.     Section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1). The purpose of this section is to provide a debtor with flexibility to engage in ordinary transactions without excessive oversight by its creditors or the court.  *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.") (internal quotations omitted); *In re Vision Metals, Inc.*, 325 B.R. 138, 145 (Bankr. D. Del. 2005) (same).

21.     Courts treat requests for authority to continue to use existing cash management systems as a relatively "simple matter," and have recognized that a centralized cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of

6

maintaining separate cash accounts for the many different purposes that require cash." *In re Columbia Gas Sys. Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in part and rev'd in part*, 997 F.2d 1039 (3d Cir. 1993); *In re Collins & Aikman Corp.*, 401 B.R. 900, 902 (Bankr. E.D. Mich. 2009) (characterizing the debtors' continued use of a cash management system as critical to operations and necessary to efficiently and effectively operate large and complex business operations).  As a result, courts have concluded that the requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient." *Columbia Gas*, 997 F.2d at 1061; *cf. In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (observing that a cash management system allows a debtor "to administer more efficiently and effectively its financial operations and assets").

22.     Moreover, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Accordingly, pursuant to section 105(a) of the Bankruptcy Code, the Debtors submit that the Court is empowered to grant the relief requested in this Motion.  Pursuant to the "necessity of payment doctrine" and section 105(a) of the Bankruptcy Code, courts have consistently permitted immediate payment of prepetition obligations where necessary to preserve or enhance the value of a debtors' estate for the benefit of all creditors. *See, e.g., Miltenberger v. Logansport, C. & Sw. Ry.*, 106 U.S. 286, 309 (1882). The modern application of the doctrine of necessity is largely unchanged from the Supreme Court's reasoning in *Miltenberger. See In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581-82 (3d Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the continued operation of the [debtor] in serious jeopardy."); *see also In re Just For Feet, Inc.*, 242 B.R. 821, 825 (Bankr. D. Del. 1999) ("The Supreme Court, the Third Circuit and

7

the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11."); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (holding that a court may authorize a debtor to pay certain prepetition claims so long as a sound business purpose exists and stating that "courts consider a variety of factors, which essentially represent a 'business judgment test'"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994).  Therefore, it is within the Court's equitable power under section 105(a) of the Bankruptcy Code to approve the continued use of the Cash Management System.

23.    The Debtors' Cash Management System is an essential business practice that enables them to control their corporate funds and ensure that funds are available when and where necessary.  Any disruption in the Debtors' Cash Management System would hamper the Debtors' wind down process.  Therefore, it is essential that the Debtors be permitted to continue to use their Cash Management System during these Chapter 11 Cases.  Absent the requested relief, the Debtors would need to significantly alter their Cash Management System to comply with the U.S. Trustee Guidelines[4] during a time when they are otherwise focused on winding down their operations and successfully resolving these Chapter 11 Cases.

24.    Absent the relief requested in this Motion, the U.S. Trustee Guidelines would require the Debtors to close all of their prepetition Bank Accounts and open new accounts, which would make the continued operation of the Debtors' business effectively impossible and create an unnecessary and burdensome administrative expense.  Moreover, the Debtors have the capacity to draw the necessary distinctions between prepetition and postpetition obligations and payments

---

[4]    Among other requirements, the U.S. Trustee Guidelines with respect to a debtor's cash management system include: (a) close all existing bank accounts; (b) open new accounts designated as "Debtor in Possession" accounts; and (c) include the words "Debtor in Possession" and certain other information on all checks.  *See* 28 U.S.C. § 586 and U.S. Trustee Guidelines.

without closing the Bank Accounts and opening new ones.  It would be unnecessary and inefficient to require the Debtors to abide by the U.S. Trustee Guidelines' requirement to establish specific debtor in possession accounts.

25.    Further, the Debtors' Business Forms are essential tools that assist the Debtors in transacting business with vendors, who have come to associate these forms with the Debtors.  Any disruption to the use of their existing Business Forms during this critical transition period could cause confusion or concern with the Debtors' vendors and contract counterparties.  Thus, requiring the Debtors to discard their existing, pre-printed Business Forms would be wasteful and, in any event, is not required under Local Rule 2015-2(a).[5]  Any benefit to creditors of seeing the "Debtor in Possession" designation on the Debtors' Business Forms is outweighed by the unnecessary cost of requiring the Debtors to purchase new Business Forms to add specific designations.  To the extent that the Debtors print any new checks themselves, they will include the designation "Debtor in Possession" and the lead case number.

26.    By this Motion, the Debtors also seek authority to implement ordinary course changes to their Cash Management System, should the Debtors in their business judgment, determine that any such changes would be beneficial to their estates.  The Debtors request that the Banks be authorized to honor the Debtors' requests to open or close any Bank Accounts, provided, that any new Bank Account is opened with a bank that is insured with the FDIC.  The Debtors will provide written notice within ten (10) business days of the opening or closing of any Bank Account to the U.S. Trustee.

---

[5]    Local Rule 2015-2(a) provides: Where the debtor uses pre-printed checks, upon motion of the debtor, the Court may, without notice and hearing, permit the debtor to use its existing checks without the designation "Debtor in Possession" and use its existing bank accounts.  However, once the debtor's existing checks have been used, the debtor shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy number on all such checks. Del. Bankr. L.R. 2015-2(a).

27.     The Debtors submit that maintaining the Debtors' Cash Management System in substantially the same form as it existed prior to the Petition Date is in the best interests of the Debtors' estates, as it will avoid unnecessary distractions and potential harm to the estates.  The continued use of a cash management system has been approved as a routine matter in a number of other cases in this District. *See*, *e.g.*, *In re American Eagle Delaware Holding Company LLC*, Case No. 22-10028 (JKS) (Bankr. D. Del. Feb. 10, 2022), ECF No. 134; *In re BHCosmetics Holdings, LLC*, Case No. 22-10050 (CSS) (Bankr. D. Del. Feb. 7, 2022), ECF No. 123; *In re Alto Maipo Delaware LLC*, Case No. 21-11507 (KBO) (Bankr. D. Del. Dec. 17, 2021), ECF Nos. 165 and 222; *In re Alex and Ani, LLC*, Case No. 21-10918 (CTG) (Bankr. D. Del. July 14, 2021), ECF No. 191; *In re The Collected Group, LLC*, Case No. 21-10663 (LSS) (Bankr. D. Del. Apr. 28, 2021), ECF No. 111; *In re Mallinckrodt PLC*, Case No. 21-12522 (JTD) (Bankr. D. Del. Nov. 19, 2020), ECF No. 552; *In re SFP Franchise Corp.*, Case No. 20- 10134 (JTD) (Bankr. D. Del. Feb. 13, 2020). ECF No. 184; *In re HRI Holding Corp.*, Case No. 19-12415 (MFW) (Bankr. D. Del. Dec. 5, 2019), ECF No. 152.

## II.     The Court Should Authorize Banks Participating in the Cash Management System to Honor Certain Transfers

28.     Contemporaneously with the filing of this Motion, the Debtors have filed various motions for authorization to pay certain prepetition claims.  With respect to some of these claims, the Debtors issued checks prior to the Petition Date that have yet to clear the banking system and, but for the entry of an order of the Court, such checks would not clear.  The Debtors intend to communicate to their Banks specifically which checks issued prior to the Petition Date should be honored.  With respect to other prepetition debt, the Debtors intend to issue checks postpetition once the Court enters an order permitting the Debtors to take such action.

29.     As a result of the foregoing, the Debtors request that the Banks be authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transactions, dated before or after the Petition Date should be honored or dishonored consistent with any orders of the Court.  Under the relief requested in this Motion, the Banks will not be liable to any party on account of: (a) following the Debtors' instructions or representations as to any order of the Court; (b) honoring any prepetition check or item in the good-faith belief that the Court authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite reasonable handling procedures.  The Debtors submit that such relief is reasonable and appropriate because the Banks are not in a position to independently verify or audit whether a particular item may be paid in accordance with a Court order or otherwise.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

30.     Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm."  Fed. R. Bankr. P. 6003.  The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions.  In that context, the court has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  *See, e.g.*, *Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 Fed. App'x 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).  Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  *See, e.g.*, *Acierno v. New Castle County*, 40 F.3d 645, 653-55 (3d Cir. 1994).  The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and, accordingly, should be granted.

11

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

31.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements pursuant to Bankruptcy Rule 6004(a) and the fourteen (14)-day stay of an order authorizing the use, sale, or lease of property pursuant to Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

32.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the interim or final orders is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of any party's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of any party's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by any party that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and all parties' rights to contest the extent, validity, or perfection or seek avoidance of all such liens are hereby reserved.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of any party's rights to subsequently dispute such claim.

## NOTICE

33.     The Debtors have provided notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Securities and Exchange Commission; (d) the United States Department of Justice; (e) the office of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the District

12

of Delaware; (g) the Internal Revenue Service; (h) Cerberus Off Lease Only LLC; (i) Spirit Realty, L.P.; (j) Ally Bank; (k) the Banks; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

<u>**NO PRIOR REQUEST**</u>

34.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

<u>**CONCLUSION**</u>

**WHEREFORE** the Debtors respectfully request that the Court enter interim and final orders, substantially in the forms attached hereto as <u>**Exhibit A**</u> and <u>**Exhibit B**</u>, respectively, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 7, 2023
        Wilmington, Delaware

Respectfully submitted,

*/s/ Laura Davis Jones*
Laura Davis Jones, Esq.  (DE Bar No. 2436)
James E. O'Neill, Esq. (DE Bar No. 4042)
Colin R. Robinson, Esq. (DE Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  ljones@pszjlaw.com
        joneill@pszjlaw.com
        crobinson@pszjlaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

13

-and-

Brian S. Rosen, Esq. (*pro hac vice* pending)
Megan R. Volin, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email:  brosen@proskauer.com
            mvolin@proskauer.com

-and-

Ashley M. Weringa, Esq. (*pro hac vice* pending)
Christian J. Palacios, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email:  aweringa@proskauer.com
            cpalacios@proskauer.com

*Proposed Counsel for the Debtors and Debtors in Possession*

14

**EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | Case No. 23-11388 (CTG) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO
OPERATE THEIR CASH MANAGEMENT SYSTEM AND (B) MAINTAIN EXISTING
BUSINESS FORMS, AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate their Cash Management System and (B) Maintain Existing Business Forms, and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) authorizing the Debtors to (a) continue to operate their Cash Management System (as defined below), (b) honor certain prepetition obligations related thereto, and (c) maintain existing business forms; (ii) authorizing the Debtors' banks to honor all related payment requests; (iii) granting related relief; and (iv) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on _____, 2023:** (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones); (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801.

2

3.      The Debtors are authorized, but not directed, to (a) maintain and continue using in the ordinary course the Cash Management System described in the Motion, including the Bank Accounts listed on Exhibit D to the Motion in the names and account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds from such Bank Accounts by all usual means, including through checks, wire transfers, ACH transfers, and other debits; and (c) open and close Bank Accounts without further order of this Court.

4.      Notwithstanding anything herein to the contrary, (a) those certain existing deposit agreements between the Debtors and Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (b) the Debtors and the Banks may, without further order of this Court, agree to and implement non-material changes to the Cash Management System and procedures.

5.      The Banks are authorized to continue to service and administer the Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or other items issued prior to the Petition Date to the extent authorized by this Interim Order or a further order of this Court.  The Banks are authorized to waive any applicable requirement to establish separate accounts for any cash collateral and/or tax payments.

6.      The Debtors are authorized to continue to pay the Bank Fees and other ordinary course fees, costs, charges, and expenses to which the Banks may be entitled.

3

7.      Except for those checks, drafts, wires, or ACH transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Interim Order or as authorized by other or further order of this Court and as represented by the Debtors to such Banks, no checks, drafts, wires, or ACH Transfers issued on the existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

8.      The Banks shall not be liable to any party or otherwise deemed in violation of this Interim Order on account of: (a) following the Debtors' instructions or Debtors' representations as to any order of this Court; (b) honoring any prepetition check or item in the good faith belief that this Court has authorized such prepetition check or item to be honored despite implementation of reasonable item-handling procedures; or (c) an innocent mistake made despite implementation of customary item-handling procedures.

9.      The Banks are authorized to debit the Bank Accounts without further order of this Court on account of all checks drawn on the Debtors' accounts which were negotiated at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

10.     The Debtors are authorized to continue to use their existing checks and other Business Forms without the designation of "Debtor in Possession" or the lead case number. However, if new checks and business forms are ordered or printed, such checks and business forms shall be required to include the legend "Debtor in Possession" and the lead case number.

11.     Within ten (10) days of the date of entry of this Order the Debtors shall (a) contact the Banks, (b) provide the Banks with each of the Debtors' employer identification numbers, and

(c) instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the lead case number included on the account title.

12.     The Debtors are authorized to open new Bank Accounts or close existing Bank Accounts as they may deem necessary and appropriate; *provided*, *however*, that the Debtors shall give notice to the Office of the United States Trustee for the District of Delaware and counsel to any statutorily appointed committee (if any) prior to opening any new Bank Account; *provided*, *further*, *however*, that the Debtors shall only open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

13.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

14.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

DOCS_DE:244650.1

**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| OFF LEASE ONLY LLC, *et al.*,[1] ) | Case No. 23-11388 (CTG) |
| ) | |
| Debtors. ) | (Joint Administration Requested) |
| ) | |
| ) | **Re: Docket No. __** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO
OPERATE THEIR CASH MANAGEMENT SYSTEM AND (B) MAINTAIN EXISTING
BUSINESS FORMS, AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate their Cash Management System and (B) Maintain Existing Business Forms, and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing the Debtors to (a) continue to operate their Cash Management System (as defined below), (b) honor certain prepetition obligations related thereto, and (c) maintain existing business forms; (ii) authorizing the Debtors' banks to honor all related payment requests; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth in this Final Order.

2.      The Debtors are authorized, but not directed, to (a) maintain and continue using in the ordinary course the Cash Management System described in the Motion, including the Bank Accounts listed on Exhibit D to the Motion in the names and account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds from such Bank Accounts by all usual means, including through checks, wire transfers, ACH transfers, and other debits; and (c) open and close Bank Accounts without further order of this Court.

3.      Notwithstanding anything herein to the contrary, (a) those certain existing deposit agreements between the Debtors and Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full

force and effect, and (b) the Debtors and the Banks may, without further order of this Court, agree

to and implement non-material changes to the Cash Management System and procedures.

4.      The Banks are authorized to continue to service and administer the Bank Accounts

without interruption and in the usual and ordinary course, and to receive, process, honor and pay

any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts after the Petition

Date by the holders or makers thereof (to the extent of available funds), as the case may be,

including with respect to checks or other items issued prior to the Petition Date to the extent

authorized by this Final Order or a further order of this Court.  The Banks are authorized to waive

any applicable requirement to establish separate accounts for any cash collateral and/or tax

payments.

5.      The Debtors are authorized to continue to pay the Bank Fees and other ordinary

course fees, costs, charges, and expenses to which the Banks may be entitled.

6.      Except for those checks, drafts, wires, or ACH transfers that may be honored and

paid in accordance with any order(s) of this Court authorizing payment of certain prepetition

claims, and except as otherwise set forth in this Final Order or as authorized by other or further

order of this Court and as represented by the Debtors to such Banks, no checks, drafts, wires, or

ACH Transfers issued on the existing Bank Accounts prior to the Petition Date but presented for

payment after the Petition Date shall be honored or paid.

7.      The Banks shall not be liable to any party or otherwise deemed in violation of this

Final Order on account of: (a) following the Debtors' instructions or Debtors' representations as

to any order of this Court; (b) honoring any prepetition check or item in the good faith belief that

this Court has authorized such prepetition check or item to be honored despite implementation of

reasonable item-handling procedures; or (c) an innocent mistake made despite implementation of customary item-handling procedures.

8.      The Banks are authorized to debit the Bank Accounts without further order of this Court on account of all checks drawn on the Debtors' accounts which were negotiated at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

9.      The Debtors are authorized to continue to use their existing checks and other Business Forms without the designation of "Debtor in Possession" or the lead case number. However, if new checks and business forms are ordered or printed, such checks and business forms shall be required to include the legend "Debtor in Possession" and the lead case number.

19.     Within ten (10) days of the date of entry of this Order the Debtors shall (a) contact the Banks, (b) provide the Banks with each of the Debtors' employer identification numbers, and (c) instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the lead case number included on the account title.

20.     The Debtors are authorized to open new Bank Accounts or close existing Bank Accounts as they may deem necessary and appropriate; *provided*, *however*, that the Debtors shall give notice to the Office of the United States Trustee for the District of Delaware and counsel to any statutorily appointed committee (if any) prior to opening any new Bank Account; *provided*, *further*, *however*, that the Debtors shall only open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

10.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the

validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

# EXHIBIT C

**Cash Management System Schematic**





# **EXHIBIT D**

**Bank Accounts**

| Account Ending (x####) | Bank Name | Account Type | Address |
|---|---|---|---|
| x1549 | Truist | Truist Operating Account | 250 S. Australian Avenue Suite 700 West Palm Beach, FL 33401 |
| x7784 | Truist | Truist Primary Checking Account | 250 S. Australian Avenue Suite 700 West Palm Beach, FL 33401 |
| x1565 | Truist | Truist Tag Fees Disbursement Account | 250 S. Australian Avenue Suite 700 West Palm Beach, FL 33401 |
| x2089 | Truist | Truist WBYC Account | 250 S. Australian Avenue Suite 700 West Palm Beach, FL 33401 |
| x1573 | Truist | Truist Wire Account | 250 S. Australian Avenue Suite 700 West Palm Beach, FL 33401 |
| x8855 | Bank of America | BofA Interest Account | 401 E Las Olas Blvd Ft Lauderdale, FL 33301 |
| x6445 | Bank of America | BofA Operating Account | 401 E Las Olas Blvd Ft Lauderdale, FL 33301 |
| x6458 | Bank of America | BofA Primary Checking Account | 401 E Las Olas Blvd Ft Lauderdale, FL 33301 |
| x6461 | Bank of America | BofA WBYC Account | 401 E Las Olas Blvd Ft Lauderdale, FL 33301 |
| x6474 | Bank of America | BofA Wire Account | 401 E Las Olas Blvd Ft Lauderdale, FL 33301 |