**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| OFF LEASE ONLY LLC,[1] | ) Case No. 23- 11388 (CTG) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
EXTENDING TIME FOR FILING SCHEDULES AND STATEMENTS**

Off Lease Only LLC, Off Lease Only Parent LLC, and Colo Real Estate Holdings LLC, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), extending the time to file the required Schedules and Statements (as defined below) by thirty-two (32) days, through and including November 6, 2023. In support of this motion (the "Motion"), the Debtors rely upon and incorporate by reference the *Declaration of Leland Wilson in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

DOCS_DE:244651.1

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Motion are Bankruptcy Rules 1007(c) and 9006(b) and Local Rule 1007-1(b).

**BACKGROUND**

5. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

6. The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. As of the date hereof, no trustee, examiner, or official committee has been appointed in the Chapter 11 Cases.

8. A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the filing of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and are incorporated by reference herein.

**RELIEF REQUESTED**

9.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) extending the time for filing required Schedules and Statements (as defined below) by thirty-two (32) days, through and including November 6, 2023, without prejudice to the Debtors' ability to request additional extensions, and (ii) granting related relief.

**BASIS FOR RELIEF**

10.     Unless otherwise provided, section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(c) require debtors to file their (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "Schedules and Statements") within fourteen (14) days after the petition date. However, Local Rule 1007-1(b) extends the filing deadline for Schedules and Statements to twenty-eight days (28) after the petition date, not including the petition date, if the debtors' bankruptcy petitions are accompanied by a list of all the debtors' creditors and their addresses, in accordance with Local Rule 1007-2 and if the total number of creditors exceeds two hundred (200). The Debtors have filed a list of creditors, in accordance with Local Rule 1007-2, reflecting the total number of their creditors, which exceeds two hundred (200).

11.     The Court has the authority to grant the Debtors' requested extension pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b). Bankruptcy Rule 1007(c) provides that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown . . . ." Fed. R. Bankr. P. 1007(c). Similarly, Local Rule 1007-1(b) provides that such an extension "shall be granted, for cause, only upon filing of a motion by the debtor . . . ." Del. Bankr. L.R. 1007-1(b).

12.     The Debtors respectfully submit that good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. The Debtors' business operations

3

require them to maintain voluminous books and records and complex accounting systems. To prepare the Schedules and Statements, the Debtors and their advisors must gather, review, and assemble information from books, records, and documents related to operations in numerous locations and business segments. Consequently, collecting information necessary to complete the Schedules and Statements will require substantial time and effort on the part of the Debtors and their advisors.

13. In the time leading to the Petition Date, the Debtors focused on pursuing a potential sale process, preparing for the Chapter 11 Cases, preparing the business to transition into chapter 11, and negotiating with their creditor constituencies and other parties in interest. While the Debtors have commenced the process to prepare and finalize the voluminous Schedules and Statements and are working diligently to complete the process, the Debtors anticipate that they may require an additional thirty-two (32) days to complete the Schedules and Statements. The Debtors submit that the extensive amount of information that must be assembled and compiled from multiple places, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time. Further, the Debtors submit that no party in interest will be prejudiced by the extension requested herein because the Debtors have financial and operational incentives to progress the Chapter 11 Cases expeditiously. Therefore, the Debtors request that the Court extend the deadline to file their Schedules and Statements for an additional thirty-two (32) days (in addition to the twenty-eight (28) days provided for pursuant to Local Rule 1007-1(b)), through and including November 6, 2023, without prejudice to the Debtors' right to request further extensions, for cause shown.

**NOTICE**

14. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Securities and Exchange Commission; (d) the United States Department of Justice; (e) the office of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) Cerberus Off Lease Only LLC; (i) Spirit Realty, L.P.; (j) Ally Bank; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

15. No prior request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

**WHEREFORE** the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 7, 2023  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Laura Davis Jones*
Laura Davis Jones, Esq. (DE Bar No. 2436)
James E. O'Neill, Esq. (DE Bar No. 4042)
Colin R. Robinson, Esq. (DE Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
      joneill@pszjlaw.com
      crobinson@pszjlaw.com
*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

Brian S. Rosen, Esq. (*pro hac vice* pending)
Megan R. Volin, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: brosen@proskauer.com
      mvolin@proskauer.com

-and-

Ashley M. Weringa, Esq. (*pro hac vice* pending)
Christian J. Palacios, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile:  (312) 962-3551
Email:  aweringa@proskauer.com
           cpalacios@proskauer.com

*Proposed Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| OFF LEASE ONLY LLC,[1] | ) ) ) | Case No. 23-11388 (CTG) |
| Debtors. | ) ) ) ) | (Joint Administration Requested) |

**ORDER EXTENDING TIME FOR FILING SCHEDULES AND STATEMENTS**

Upon the *Motion of the Debtors for Entry of an Order Extending Time for Filing Schedules and Statements* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), extending time for filing Schedules and Statements, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time by which the Debtors must file their Schedules and Statements shall be and hereby is extended through and including November 6, 2023, without prejudice to the Debtors' right to seek additional extensions.

3. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.