**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) |
|  | ) Case No. 23-11388 (CTG) |
| Debtors. | ) |
|  | ) (Joint Administration Requested) |
|  | ) |

**DEBTORS' FIRST (1ST) OMNIBUS MOTION FOR**
**ENTRY OF AN ORDER (A) AUTHORIZING REJECTION OF**
**CERTAIN UNEXPIRED LEASES AND (B) GRANTING RELATED RELIEF**

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR**
> **NAMES AND THEIR LEASE LISTED ON SCHEDULE 1 TO THE**
> **PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A.**

Off Lease Only LLC, Off Lease Only Parent LLC, and Colo Real Estate Holdings LLC, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing the rejection of certain unexpired leases and subleases, including any guaranties, amendments or modifications thereof (each, a "Rejection Lease," and collectively, the "Rejection Leases"), a list of which is annexed as **Schedule 1** to **Exhibit A**, effective as of the date specified in Schedule 1, and (b) authorizing the Debtors to abandon certain personal property (including, without limitation, vehicles) (the "Personal Property") located at the premises related to the Rejection Leases (collectively, the "Premises") as of the dates specified in Schedule 1.

In support of this motion (the "Motion"), the Debtors rely upon and incorporate by reference the *Declaration of Leland Wilson in Support of Chapter 11 Petitions and First Day*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

*Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.        The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.        Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The statutory bases for the relief requested in this Motion are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[2]   Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the First Day Declaration.

DOCS_DE:244659.1

## BACKGROUND

5.      On the date hereof (the "Petition Date"), each of the Debtors commenced a chapter 11 case by filing a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6.      The Debtors continue to manage and operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      As of the date hereof, no trustee, examiner, or official committee has been appointed in the Chapter 11 Cases.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the filing of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

## MOTION SPECIFIC BACKGROUND

9.      As set forth in the First Day Declaration, the Debtors commenced these chapter 11 cases to effectuate an orderly wind-down of their businesses and simultaneously market and sell some or all of their assets.  Since the commencement of these chapter 11 cases, the Debtors and their advisors have worked diligently to review the Debtors' unexpired leases with an eye toward right-sizing their lease obligations to better align with their postpetition wind-down objectives and reduce the administrative burden on the estate.  As part of this process, the Debtors, along with their advisors, have undertaken extensive review of their unexpired leases of real property, including the ongoing cost of the leases and the effect on their chapter 11 objectives of rejecting such leases.

DOCS_DE:244659.1

**I.      LEASES TO BE REJECTED**

10.      The Rejection Leases consist of real property leases for their corporate headquarters (the "Corporate Headquarter Lease") dealerships at which the Debtors store and sell their vehicles, perform vehicle maintenance and repairs, utilize office space, and conduct related operations. The Debtors have determined in their business judgment that the costs incurred under the Rejection Leases constitute an unnecessary drain on the Debtors' limited resources. In considering their options, the Debtors, with the assistance of their advisors, evaluated the necessity and cost efficiency of the Rejection Leases. To that end, the Debtors seek to reject the Rejection Leases that the Debtors no longer require on a postpetition basis. With respect to the Rejection Leases, the Debtors seek to reject such leases effective as of the dates set forth in **Schedule 1** to **Exhibit A**, to allow them to complete their orderly wind-down and liquidate their remaining assets.

11.      The Debtors determined that the transactional costs and postpetition carrying costs associated with marketing the Rejection Leases exceed any potential benefit that may be realized from potential assignments or subleases. Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' business judgment, the Debtors believe that the rejection of the Rejection Leases, as set forth in **Schedule 1** to **Exhibit A**, effective as of the dates specified in Schedule 1, is in the best interests of the Debtors, their estate, and all parties in interest.

**II.     PERSONAL PROPERTY TO BE ABANDONED**

12.      To the extent that any Personal Property is located at the Premises, the Debtors have evaluated such remaining Personal Property at the Premises to determine whether (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates. Because the Debtors plan to cease or have already ceased all operations at the Premises, and will provide an opportunity

4

for Ally, their secured lender with a security interest in the Debtors' vehicles, to collect such collateral by the dates set forth in **Schedule 1** to **Exhibit A**, the Personal Property, if any, will no longer be necessary for the administration of the Debtors' estates after such date.

13.     Accordingly, to reduce postpetition administrative costs and, in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of Personal Property that may be located at each of the Premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

### BASIS FOR RELIEF

### III.    REJECTION OF THE REJECTION LEASES REFLECTS THE DEBTORS' SOUND BUSINESS JUDGMENT

14.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Republic Airways Holdings Inc.,* 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *In re Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.,* 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization."); *N.L.R.B. v. Bildisco and Bildisco* (*In re Bildisco*), 465 U.S. 513, 528 (1984) ("[t]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").  Pursuant to Bankruptcy Rule 6006(f), a trustee or debtor in possession may file a motion for the authority to reject multiple leases. Fed. R. Bankr. P. 6006(f).

DOCS_DE:244659.1

15.     The standard applied by courts to determine whether the assumption or rejection of an unexpired nonresidential lease should be authorized is the "business judgment" test, which requires a debtor to have determined that the requested assumption or rejection would be beneficial to its estate.  *See Grp. Of Institutional Inv'rs v. Chi., Milwaukee St. Paul & Pac. R.R.,* 318 U.S. 523, 550 (1943) (noting that "the question whether a lease should be rejected…is one of business judgment"); *In re Bildisco,* 682 F.2d 72, 79 (3d Cir. 1982), *aff'd,* 465 U.S. 513 ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *accord In re HQ Glob. Holdings, Inc.,* 290 B.R. 507, 511 (Bankr. D. Del. 2003).

16.     In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject leases.  *See, e.g., Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.,* 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Trans World Airlines, Inc.,* 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim, or caprice.").

17.     Rejection of the Rejection Leases is well within the Debtors' business judgment and is in the best interest of their estates.  As set forth above, the Debtors commenced these chapter 11 cases to effectuate an orderly wind-down of their business operations and undertake one or more sale processes for some or all of their assets.  As an integral component of their efforts to preserve and maximize the value of their estates and reduce their potential administrative costs in these chapter 11 cases by, among other things, eliminating unnecessary costs, the Debtors have determined, in their business judgment, that the Rejection Leases are burdensome and will provide

6

no economic value to their estates.  The Rejection Leases will be unnecessary to the Debtors' go-forward chapter 11 objectives and, if not rejected, could potentially be a drain on the Debtors' estates and a hindrance to their chapter 11 efforts.  Any continued expense in maintaining the Rejection Leases after the effective date of rejection would likely outweigh, if not eclipse, any benefit in attempting to identify a potential acquirer of the Rejection Leases and unnecessarily deplete assets of the Debtors' estates, to the detriment of creditors.  In contrast, rejection of the Leases will represent a monthly cost savings to the Debtors' estates moving forward.

## IV.    REJECTION OF THE REJECTION LEASES EFFECTIVE AS OF THE APPLICABLE DATE IS APPROPRIATE

18.    To the extent that this Motion may not be heard before the proposed effective date of the Rejection Leases, Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at

7

least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.* (*In re Bethlehem Steel Corp.*), No. 03-6419, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004)  (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease"); *see also TW, Inc. v. Angelastro* (*In re TW, Inc.*), No. 03-10785, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases *nunc pro tunc* to the petition date when the debtor had not surrendered possession prior to the petition date).

19.    In this instance, the balance of equities favors rejection of the Rejection Leases effective as of the dates specified in Schedule 1 to Exhibit A.  Without such relief, the Debtors will incur unnecessary administrative expenses related to the Rejection Leases —as they do not provide a net benefit to the Debtors' estates.  The landlords of the Rejection Leases will not be unduly prejudiced if the rejection is deemed effective as of the applicable date.  Possession of the Premises will be delivered to each respective landlord, along with an unequivocal and irrevocable statement of surrender and abandonment of the Premises.  Further, by this motion, the landlords and, where applicable, their respective counsel are receiving notice of the Debtors' intention to reject the Rejection Leases.  Indeed, the Debtors have sought the relief requested as soon as reasonably practicable in these chapter 11 cases.  Accordingly, failure to approve rejection effective as of the dates specified in Schedule 1 to Exhibit A would result in the Debtors incurring unnecessary administrative costs associated with the Rejection Leases.  In light of the foregoing, the balance of equities favors approving rejection effective as of the dates specified in Schedule 1 to Exhibit A.

DOCS_DE:244659.1

20.    Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D Del. July 19, 2023) (authorizing rejection of unexpired leases effective as of the petition date); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same).

**V.    THIS ABANDONMENT OF PERSONAL PROPERTY IS APPROPRIATE**

21.    The Debtors have satisfied the standard set forth in section 554(a) of the Bankruptcy Code, granting them authority to abandon the Personal Property.  Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Courts generally give a debtor in possession great deference to its decision to abandon property.  *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment.  *Id*.

22.    Before deciding to abandon the Personal Property, if any, the Debtors will (i) provide an opportunity to Ally to collect its collateral (vehicles), and (ii) determine whether the costs of moving and storing any remaining Personal Property outweigh any benefit to the Debtors' estates.  Further, any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Premises and the rejection of the Rejection Leases. Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to abandon Personal Property located on the Premises.  The Debtors request that the abandonment of the Personal Property be effective as of the dates specified in Schedule 1 to Exhibit A, as applicable.

DOCS_DE:244659.1

23.     Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g., In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing, but not directing, the debtors to abandon personal property that may be located at the debtors' leased premises that are subject to a rejected lease); *In re Highpoint Resources Corp.*, No. 21-10565 (CSS) (Bankr. D. Del. March 31, 2021) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del. Apr. 15, 2020) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (same).

24.     In light of the foregoing facts and circumstances, rejection of the Rejection Leases under section 365(a) of the Bankruptcy Code is a sound exercise of the Debtors' business judgment and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors. The balance of equities supports granting rejection of the Rejection Leases effective as of the dates specified in Schedule 1 to Exhibit A.  Finally, the Debtors' abandonment of certain Personal Property may and should be authorized because any Personal Property that the Debtors do not remove in advance of surrender and choose to abandon will be burdensome or of inconsequential value to the Debtors' estates.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

25.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements pursuant to Bankruptcy Rule 6004(a) and the fourteen (14)-day stay of an order authorizing the use, sale, or lease of property pursuant to Bankruptcy Rule 6004(h) to the extent applicable.

## RESERVATION OF RIGHTS

26.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the order is intended or should be construed as: (a) an admission as to the validity

of any particular claim against the Debtors; (b) a waiver of any party's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of any party's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by any party that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and all parties' rights to contest the extent, validity, or perfection or seek avoidance of all such liens are hereby reserved.

### NOTICE

27.     The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Securities and Exchange Commission; (d) the United States Department of Justice; (e) the office of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) Cerberus Off Lease Only LLC; (i) Spirit Realty, L.P.; (j) Ally Bank; (k) the counterparties to the Rejection Leases (via overnight mail), and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

28.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

11

DOCS_DE:244659.1

## **CONCLUSION**

**WHEREFORE** the Debtors respectfully request that the Court enter an order, substantially

in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief

as the Court deems appropriate under the circumstances.

Dated:  September 7, 2023                          Respectfully submitted,
Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones, Esq.  (DE Bar No. 2436)
James E. O'Neill, Esq. (DE Bar No. 4042)
Colin R. Robinson, Esq. (DE Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
email:  ljones@pszjlaw.com
        joneill@pszjlaw.com
        crobinson@pszjlaw.com

*Proposed Co-Counsel for the Debtors and Debtors in
Possession*

-and-

Brian S. Rosen, Esq. (*pro hac vice* pending)
Megan R. Volin, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile:  (212) 969-2900
Email:  brosen@proskauer.com
         mvolin@proskauer.com

-and-

12

Ashley M. Weringa, Esq. (*pro hac vice* pending)
Christian J. Palacios, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email:  aweringa@proskauer.com
            cpalacios@proskauer.com

13

# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) | Case No. 23-11388 (CTG) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING (A) REJECTION OF
CERTAIN UNEXPIRED LEASES AND (B) GRANTING RELATED RELIEF**

Upon the *Debtors' First (1st) Omnibus Motion for Entry of an Order (A) Authorizing Rejection of Certain Unexpired Leases Effective as of the Petition Date and (B) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to reject the Leases set forth on **Schedule 1** to **Exhibit A** attached hereto, effective as of the dates specified in Schedule 1, (b) authorizing the Debtors to abandon any Personal Property that may be located at the Premises, effective as of the dates specified in Schedule 1, and (c) granting related relief; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a basis as set forth in this Order.

2.      Each of the Rejection Leases identified on **Schedule 1** to **Exhibit A** is rejected pursuant to sections 105(a) and 365 of the Bankruptcy Code effective as of the date specified therein; *provided*, *however*, that, in the event necessary and appropriate, the Debtors reserve the right to negotiate with the applicable landlords to continue use and occupancy of the premises.

3.      The Debtors shall not be liable for any additional administrative expenses arising after applicable effective date of rejection with respect to the Rejection Leases.

4.      The Debtors do not waive any claims that they may have against any counterparty to the Rejection Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejection Leases.

5.      The Debtors are authorized, but not directed, to abandon any Personal Property located at the Premises identified on **Schedule 1** to **Exhibit A** and all such property is deemed abandoned as of the date specified in Schedule 1 free and clear of all liens, claims, encumbrances,

interests, and rights of the Debtors and third parties.  The applicable counterparty to each Rejection Lease may utilize or dispose of such Personal Property without liability to any third parties, and without further notice to any party claiming an interest in such abandoned Personal Property.  The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

6.       Nothing herein shall prejudice the rights of the Debtors to argue that any of the Rejection Leases were terminated prior to the applicable effective date of rejection, or that any claim for damages arising from the rejection of the Rejection Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

7.       Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

3

8.      Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

9.      Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), to the extent applicable, and the Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DOCS_DE:244659.1

## Schedule 1

| Landlord/ Counterparty | Landlord/ Counterparty Address | Title/Description of Lease | Effective Date of Rejection & Abandonment of Personal Property |
|---|---|---|---|
| Colonnade Centrepark East LLC | 521 Fifth Avenue Suite 1810 New York, NY 10175 | Office Lease dated as of July 26, 2021<br><br>Corporate Headquarter Lease | 9/30/2023 |
| Spirit Realty, L.P. | 2727 N. Harwood Street, Suite 300 Dallas, Texas 75201 | Amended and Restated Master Lease Agreement dated as of June 24, 2021<br><br>Master lease for used car dealerships and additional properties which the Debtors leased to third parties | Bradenton, Broward, Houston – 9/30/2023<br><br>Orlando, Palm Beach – 10/31/2023 |
| SmithCo Grand Parkway, LP | 1400 Post Oak Boulevard, Suite 900, Houston, Texas 77056 | Ground Lease dated as of October 5, 2021<br><br>Ground lease for used car dealership | 9/30/2023 |
| Jim R. Smith | 1400 Post Oak Boulevard, Suite 900, Houston, Texas 77056 | Lease Agreement dated as of May 12, 2022<br><br>Office Lease | At the Petition Date |
| Left Gate Property Holding, LLC | 3600 W Sam Houston Pkwy S, Floor 4 Houston, Texas 77042 | Sublease Agreement dated as of March 30, 2023<br><br>Sublease for used car dealership | 9/30/2023 |
| Nona Business Center, LLC | 10783 Narcoossee Rd., Suite #117, Orlando, FL 32832 | Lease Agreement dated as of April 28, 2017<br><br>Parking lot lease | 9/30/2023 |
| Nona Business Center, LLC | 2701 Michigan Avenue, Suite J, Kissimmee, FL 34744 | Lease Agreement dated as of October 9, 2014<br><br>Warehouse lease | 9/30/2023 |
| Ave Building B2, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of May 6, 2014<br><br>Sublease for used car dealership | 9/30/2023 |

| | | | |
|---|---|---|---|
| Ave Building B3, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of October 18, 2016<br><br>Sublease for used car dealership | 9/30/2023 |
| Ave Building I, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of October 12, 2015<br><br>Sublease for used car dealership | 9/30/2023 |
| Ave Building J, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of July 31, 2019<br><br>Sublease for used car dealership | 9/30/2023 |
| Ave Building O, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of June 6, 2012<br><br>Sublease for used car dealership | 9/30/2023 |
| Strata Realty, Inc. | P.O. Box 19358 West Palm Beach, Florida 33416 | Lease Agreement dated as of August 3, 2016<br><br>Lease for used car dealership | 9/30/2023 |
| Stratemeyer, LLC | P.O. Box 19358 West Palm Beach, Florida 33416 | Lease Agreement dated as of August 3, 2016<br><br>Lease for used car dealership | 9/30/2023 |
| Boatmart, Inc. | P.O. Box 19358 West Palm Beach, Florida 33416 | Lease Agreement dated as of August 3, 2016<br><br>Lease for used car dealership | 9/30/2023 |

2

DOCS_DE:244659.1