# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OFF LEASE ONLY LLC,[1] | ) | Case No. 23- 11388 (CTG) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) |  |

## MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Off Lease Only LLC, Off Lease Only Parent LLC, and Colo Real Estate Holdings LLC, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order" and, together with the Interim Order, the "Proposed Orders"), respectively, pursuant to sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing, but not directing, the Debtors, in their sole discretion, to pay certain Taxes and Fees (as defined herein) without regard to whether such obligations accrued or arose before or after the Petition Date (as defined herein) and (ii) granting related relief. In support of this motion (the "Motion"), the Debtors rely upon and incorporate by reference the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

*Declaration of Leland Wilson in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested in this Motion are sections 105(a), 363(b), 507(a)(8), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m).

## BACKGROUND

5.     On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6.     The Debtors continue to manage and operate their business as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

7.      As of the date hereof, no trustee, examiner, or official committee has been appointed in the Chapter 11 Cases.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the filing of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and are incorporated by reference herein.

## THE TAXES AND FEES

9.      In the ordinary course of business prior to the Petition Date, the Debtors collected, withheld, and incurred sales, use, income, franchise, and property taxes, as well as other licensing fees.  The Debtors have determined that payment of certain taxes and fees consisting of sales tax, personal property tax, vehicle inventory tax collected from customers in the State of Texas, an (collectively, the "Taxes and Fees") is critical to the success of these Chapter 11 Cases and Debtors' ability to wind-down their business, as set forth below.  The Debtors remit the Taxes and Fees to various federal, state, and local governments, including taxing and licensing authorities, identified in a schedule attached hereto as **Exhibit C** (collectively, the "Taxing Authorities").[3] The Debtors pay the Taxes and Fees to the Taxing Authorities on a periodic basis, remitting them monthly, semi-monthly, quarterly, semi-annually, or annually depending on the nature and incurrence of a particular Tax or Fee. The Debtors estimate that approximately $571,000 in Taxes and Fees are outstanding as of the Petition Date.  The Debtors request the authority to pay Taxes and Fees, including any prepetition amounts that are currently payable or may become due and

---

[3]   Although Exhibit C is intended to be comprehensive, the Debtors may have inadvertently omitted Taxing Authorities from Exhibit C. By this Motion, the Debtors request relief with respect to Taxes and Fees payable to all Taxing Authorities, regardless of whether such Taxing Authority is specifically identified on Exhibit C.

3

owing to the Taxing Authorities in the first twenty-one (21) days after the Petition Date up to a cap of $575,000 on an interim basis.

10.     The Debtors seek the relief requested in this Motion in the event and to the extent that: (a) the various Taxes and Fees and related obligations that accrued or were assessed prior to the Petition Date: (i) were not paid prepetition; (ii) were not processed prepetition; or (iii) were paid in an amount that was less than is actually owed, including amounts subsequently determined upon any audit or otherwise to be due and owing for periods prior to the Petition Date; (b) any payments made prepetition were rejected, lost, not collected, or otherwise not received in full by any Taxing  Authority; or (c) any Taxes and Fees and related obligations that accrued or were assessed prepetition, or will accrue or be assessed postpetition with respect to any prepetition period, will become due during the pendency of these Chapter 11 Cases in the ordinary course of business.

11.     Further, the Debtors request that the Court authorize the Debtors' banks to receive, process, honor, and pay all checks, drafts, or other forms of payment drawn or issued on the Debtors' bank accounts prior to the Petition Date with respect to such Taxes and Fees (or to re-issue checks and electronic transfers, as may be necessary), *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments.

12.     In addition, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Taxing Authorities, and these funds may not constitute property of the Debtors' estates.  Certain of the Debtors' cash on hand may be earmarked for payment of the Taxes and Fees, as such funds are collected from third parties and held in trust for payment to various Taxing Authorities, and, therefore, may not be property of the Debtors' estates.  The United States and the states in which the Debtors operate have laws providing that the Debtors' officers,

4

directors, or other responsible employees could, in certain circumstances, be held personally liable for the nonpayment of certain Taxes and Fees. To the extent that any Taxes and Fees remain unpaid as of the Petition Date and thereafter in these jurisdictions, the Debtors' officers and directors could be subject to lawsuits or other collection efforts during the pendency of these Chapter 11 Cases. In addition, nonpayment of such Taxes and Fees may give rise to priority claims pursuant to section 507(a)(8) of the Bankruptcy Code. In such events, collection efforts by the Taxing Authorities would be extremely distracting for the Debtors, their directors, and their independent contractors who were formerly officers, and their efforts to bring these Chapter 11 Cases to an expeditious, successful conclusion. Accordingly, the Debtors submit that the requested relief is in the best interests of the Debtors' estates.

13. As set forth below, the Debtors submit that payment of the Taxes and Fees is appropriate to the extent that they are priority or secured claims that are payable in full pursuant to a chapter 11 plan or, are held in trust, pursuant to the "doctrine of necessity" described below, and/or on the basis of administrative convenience.

## I. Sales Taxes

14. The Debtors incur, collect, and remit sales and use taxes to the Taxing Authorities in connection with the prepetition sale of goods and services (collectively, the "Sales and Use Taxes"). Prior to the Petition Date, in the ordinary course of business, the Debtors paid approximately $2,209,756 in Sales and Use Tax, including an offset of $1,812,766 in a Sales and Use Tax deposit with the State of Florida. The Debtors estimate that, as of the Petition Date, approximately $383,000 in Sales and Use Taxes are accrued and unpaid. The Debtors seek authority, but not direction, to pay any Sales and Use Taxes that come due during these Chapter 11 Cases, whether or not attributable to the prepetition period.

5

## II.    Vehicle Inventory Taxes

15.    In the State of Texas, the Debtors collected vehicle inventory taxes (the "Vehicle Inventory Taxes") from their customers when they sold vehicles to customers prepetition.  The Debtors held the Vehicle Inventory Taxes in trust, and paid such Vehicle Inventory Taxes to the applicable Taxing Authority once the amount of Vehicle Inventory Taxes was assessed.  The Debtors estimate that, as of the Petition Date, approximately $125,000 in Vehicle Inventory Taxes are accrued and unpaid.  The Debtors seek authority, but not direction, to pay any Vehicle Inventory Taxes that come due during these Chapter 11 Cases, all of which will be attributable to the prepetition period.

## III.    Personal Property Taxes

16.    State and local laws in the jurisdictions where the Debtors operate generally grant Taxing Authorities the power to levy property taxes against the Debtors' personal property (collectively, the "Personal Property Taxes"). To avoid the imposition of statutory liens on their personal property, the Debtors typically paid Personal Property Taxes on personal property that they own in the ordinary course of business on an annual or semi-annual basis, depending on the Taxing Authority.  The Debtors estimate that, as of the Petition Date, approximately $65,000 in Personal Property Taxes are accrued and unpaid to the applicable Taxing Authorities, due and payable in 2024.  The Debtors seek authority, but not direction, to pay any Personal Property Taxes that come due during these Chapter 11 Cases, whether or not attributable to the prepetition period.

### IV.    Regulatory and Other Taxes and Fees

17.    Prior to the Petition Date, the Debtors incurred a variety of Taxes and Fees related to licenses and other governmental laws and regulations such as (i) motor vehicle dealer licensing fees, motor vehicle retail installment seller licensing fees, resale tax certificate fees, and motor vehicle repair shop registration fees, (ii) annual reporting fees to state governments to remain in good standing for purposes of conducting business within the state, (iii) other fees for various business licenses, permits, and certificates required by the Debtors to operate, and (iv) other taxes and fees, such as certain filing fees, on an annual basis in the ordinary course of business (the "Regulatory and Other Taxes and Fees"). The Debtors typically remitted Regulatory and Other Taxes and Fees to the relevant Taxing Authorities on a monthly, quarterly, or annual basis depending on the type of tax or fee.  The Debtors believe that they are current on all Regulatory and Other Taxes and Fees necessary to wind-down their business operations as of the Petition Date. However, to the extent that any Regulatory and Other Taxes and Fees were accrued but not paid prior to the Petition Date, the Debtors seek authority, but not direction, to pay any Regulatory and Other Taxes and Fees that come due during these Chapter 11 Cases, whether or not attributable to the prepetition period.

### **RELIEF REQUESTED**

18.    By this Motion, the Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (i) authorizing, but not directing, the Debtors to remit and pay Taxes and Fees without regard to whether such Taxes and Fees accrued or arose before or after the Petition Date, up to a cap of $575,000 on an interim basis and $2.7 million on a final basis; and (ii) granting related relief.  For the reasons set forth herein, the Debtors

7

submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest, and therefore, should be granted.

## BASIS FOR RELIEF

**I.      Payment of Certain Taxes Is Authorized Pursuant to Section 541 of the Bankruptcy Code as Such Funds Are Not Property of the Debtors' Estates**

19.      Certain of the Taxes and Fees may constitute so-called "trust-fund" obligations that are required to be collected from third parties and held in trust for payment to taxing and regulatory authorities.  *See, e.g., Off. Comm. of Unsecured Creditors of Columbia Gas Transmission Corp. v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1051 (3d Cir. 1993) (determining that refunds required to be collected by federal law-created trust fund were not property of debtors' estates).

20.      Consequently, the funds that would be used to pay the trust-fund Taxes and Fees are not property of the Debtors' estates.  *See* 11 U.S.C. § 541(d); *Begier v. I.R.S.*, 496 U.S. 53, 55–67 (1990) (finding that taxes such as excise taxes, FICA taxes, and withholding taxes are property held by debtor in trust for another and, as such, do not constitute property of estate); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 96 (3d Cir. 1994) (determining that withheld taxes were subject to a trust); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (stating that funds held in trust for federal excise and withholding taxes are not property of debtor's estate and, therefore, not available for distribution to creditors).  Because these funds are not property of the Debtors' estates and are not available for distribution to creditors, timely payment of the trust-fund Taxes and Fees would not prejudice the Debtor' estates and their creditors.

II.     **Payment of Certain of the Taxes Is Appropriate Pursuant to Section 507(a)(8) of the Bankruptcy Code**

21.     Many of the Taxes and Fees are priority claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code.[4]  Thus, they must be paid in full pursuant to any chapter 11 plan before any distribution is made to general unsecured creditors.   As such, authorizing the payment of the Taxes and Fees at this time impacts the timing and not the amount of the Taxes and Fees, and, therefore, the timely payment of such Taxes and Fees will not prejudice other parties in interest.   Moreover, by paying legitimate priority claims for the Taxes and Fees now, the Debtors will avoid any unnecessary fees, interest, or penalties that might otherwise accrue.

III.    **Payment of the Prepetition Taxes and Fees Is Appropriate in the Debtors' Business Judgment and Pursuant to the Doctrine of Necessity**

22.     The Debtors submit that timely payment of the Taxes and Fees is appropriate because it is necessary for the success of the Debtors' Chapter 11 Cases and the wind-down of their business operations.  Pursuant to section 363(b) of the Bankruptcy Code, a bankruptcy court may authorize a chapter 11 debtor to use property of the estate other than in the ordinary course of business where the debtor has articulated a valid business justification for the requested use of estate assets.  *See Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) ("In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions."); *In re Filene's Basement, LLC*, No. 11-13511, 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) ("Where the debtor articulates

---

[4]    Priority status is afforded to unsecured claims of governmental units for a tax on or measured by income or gross receipts for a taxable year ending on or before the Petition Date, property taxes incurred before the Petition Date and last payable without penalty after one year before the Petition Date, and taxes required to be collected or withheld and for which the Debtors are liable in whatever capacity. 11 U.S.C. § 507(a)(8)(A-C).

a reasonable basis for its business decisions . . . courts will generally not entertain objections to the debtor's conduct.") (quoting *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986)); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (noting that section 363(b) gives the court "broad flexibility" for the debtor to pay prepetition wages as long as the debtor articulates a business justification).

23.     Once a debtor articulates such a valid business justification, a presumption exists in favor of the debtor's business decisions. *See Stanziale v. Nachtomi (In re Tower Air, Inc.)*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near- Herculean task.").

24.     Moreover, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Accordingly, pursuant to section 105(a) of the Bankruptcy Code, the Debtors submit that the Court is empowered to grant the relief requested in this Motion.  Pursuant to the "necessity of payment doctrine" and section 105(a) of the Bankruptcy Code, courts have consistently permitted immediate payment of prepetition obligations where necessary to preserve or enhance the value of a debtors' estate for the benefit of all creditors. *See, e.g.*, *Miltenberger v. Logansport, C. & Sw. Ry. Co.*, 106 U.S. 286, 309 (1882). The modern application of the doctrine of necessity is largely unchanged from the Supreme Court's reasoning in *Miltenberger*. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581-82 (3d Cir. 1981) ("[I]n order to justify payment under the 'necessity of payment' rule, a real and immediate threat must exist that failure to pay will place the continued operation of the [debtor] in serious jeopardy."); *see also In re Just For Feet, Inc.*, 242 B.R. 821, 825 (Bankr. D. Del. 1999) ("The Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition

10

claims when such payment is necessary for the debtor's survival during chapter 11."); *In re Montgomery Ward Holding Corp.*, 242 B.R. at 153 (holding that a court may authorize a debtor to pay certain prepetition claims so long as a sound business purpose exists and stating that "courts consider a variety of factors, which essentially represent a 'business judgment test'"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994).

25.     Satisfaction of the prepetition Taxes and Fees is necessary to preserve the Debtors' resources, thereby better positioning the Debtors to successfully wind-down their operations and distribute value to creditors.  Delayed payment of the Taxes and Fees may cause the Taxing Authorities to take disruptive actions, including audits, lien filings, moving for relief from the automatic stay, and other administrative procedures, all of which would consume valuable time and resources and divert the Debtors' attention from their wind-down efforts.  Prompt and regular payment of the Taxes and Fees will avoid these distractions.  Further, any seizure of the Debtors' property by the Taxing Authorities would jeopardize creditor recoveries from the Debtors' assets and proceeds thereof.  Thus, even if the Debtors could avoid payment of certain Taxes and Fees, the Debtors believe that the collateral consequences to the Debtors' wind-down process would vastly exceed whatever modest short-run cost savings the Debtors might achieve.

26.     Therefore, for the reasons outlined here and in the First Day Declaration, the Debtors submit that payment of the Taxes and Fees is appropriate in the Debtors' business judgment and should be authorized pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

## IV.     Financial Institutions Should Be Authorized to Honor and Process Related Checks and Transfers

27.     The Debtors also request that all applicable banks and other financial institutions (the "Banks") be authorized to (a) receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtors related to the claims that

the Debtors request authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments and (b) rely on the Debtors' designation of any particular check as approved by the Court's order.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

28.     Certain aspects of the relief requested herein are subject to Bankruptcy Rule 6003. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions. In that context, the court has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation. *See, e.g.*, *Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 F. App'x 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated. *See, e.g.*, *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653-55 (3d Cir. 1994). The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and, accordingly, should be granted.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

29.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements pursuant to Bankruptcy Rule 6004(a) and the fourteen (14)-day stay of an order authorizing the use, sale, or lease of property pursuant to Bankruptcy Rule 6004(h).

## **RESERVATION OF RIGHTS**

30.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the Proposed Orders is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of any party's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of any party's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by any party that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and all parties' rights to contest the extent, validity, or perfection or seek avoidance of all such liens are hereby reserved.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of any party's rights to subsequently dispute such claim.

## **NOTICE**

31.     The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Department of Justice; (d) the office of the attorneys general for the states in which the Debtors operate; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the Taxing Authorities; (h) the Brokers; (i) Cerberus Off Lease Only LLC; (j) Spirit Realty, L.P.; (k) Ally Bank; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as

required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>NO PRIOR REQUEST</u>

32.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

14

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 7, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ Laura Davis Jones*
Laura Davis Jones, Esq.  (DE Bar No. 2436)
James E. O'Neill, Esq. (DE Bar No. 4042)
Colin R. Robinson, Esq. (DE Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  ljones@pszjlaw.com
            joneill@pszjlaw.com
            crobinson@pszjlaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

Brian S. Rosen, Esq. (*pro hac vice* pending)
Megan R. Volin, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile:  (212) 969-2900
Email:  brosen@proskauer.com
            mvolin@proskauer.com

-and-

15

Ashley M. Weringa, Esq. (*pro hac vice* pending)
Christian J. Palacios, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email:  aweringa@proskauer.com
       cpalacios@proskauer.com

*Proposed Counsel for the Debtors and Debtors in Possession*

**EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | Case No. 23-11388 (CTG) |
| Debtors. | (Joint Administration Requested) |
| | Re: Docket No. ___ |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN
PREPETITION AND POSTPETITION TAXES AND FEES AND
(II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) authorizing, but not directing, the Debtors to remit and pay Taxes and Fees on an interim basis; (ii) granting related relief; and (iii) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief

granted herein; and upon all of the proceedings had before this Court; and after due deliberation

and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.       The Motion is GRANTED on an interim basis as set forth herein.

2.       The final hearing (the "Final Hearing") on the Motion shall be held on _____,

2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order

on the Motion shall be filed with the Court, and served so as to be **received** by the following parties,

**by no later than 4:00 p.m., prevailing Eastern Time, on _____, 2023:** (i) proposed counsel

to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S.

Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-

counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones, 919 North Market Street, 17th Floor,

Wilmington, Delaware 19801 (Attn: Laura Davis Jones); (iii) Office of the United States Trustee,

J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE

19801; and (iv) if any statutory committee has been appointed in the Chapter 11 Cases, counsel to

such committee.

3.      The Debtors are authorized, but not directed, to pay prepetition Taxes and Fees to the Taxing Authorities, subject to an aggregate maximum of $575,000.

4.      Nothing in this Interim Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes or to prepay any Taxes and Fees, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

5.      This Interim Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Taxes and Fees or audit amounts on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

6.      The Banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks and fund transfers on account of the Taxes and Fees that had not been honored and paid as of the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments.   The Banks are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this Interim Order.

7.      Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Interim Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights any party in interest may have to subsequently dispute any obligation on any ground that applicable law permits.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

DOCS_DE:244649.1

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

DOCS_DE:244649.1

**EXHIBIT B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) | Case No. 23-11388 (CTG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN**
**PREPETITION AND POSTPETITION TAXES AND FEES AND**
**(II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (i) authorizing, but not directing, the Debtors to remit and pay Taxes and Fees on an interim basis; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis to the extent set forth herein.

2.      Any objections to the Motion not resolved or otherwise withdrawn are OVERRULED.

3.      The Debtors are authorized, but not directed, to pay prepetition Taxes and Fees to the Taxing Authorities, subject to an aggregate maximum of $575,000.

4.      Nothing in this Final Order shall be construed as authorizing the Debtors to pay any amounts on account of past-due taxes or to prepay any Taxes and Fees, except with respect to trust fund taxes that do not constitute property of the Debtors' estates.

5.      This Final Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Taxes and Fees or audit amounts on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

6.      The Banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks and fund transfers on account of the Taxes and Fees that had not been

2

honored and paid as of the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments.  The Banks are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this Interim Order.

7.      Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights any party in interest may have to subsequently dispute any obligation on any ground that applicable law permits.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**EXHIBIT C**

**Taxing Authorities**

| Tax Type | Taxing Authority | Address |
|---|---|---|
| Sales Tax | Florida Department of Revenue | 5050 West Tennessee Street, Tallahassee, FL 32399 |
| Sales Tax | Comptroller of Public Accounts | P.O. Box 149355, Austin, TX 78714 |
| Personal Property Tax | Tax Collector, Palm Beach County | PO Box 3353, West Palm Beach, FL 33402 |
| Personal Property Tax | Orange County Taxing Authority | 200 S. Orange Ave, Suite 1700, Orlando, FL 32801 |
| Personal Property Tax | Miami-Dade Property Appraiser | 10710 SW 211 Street, Suite 207, Cutler Bay, FL 33189 |
| Personal Property Tax | Manatee County, Florida Taxing Authority | PO Box 25300, Bradenton, FL 34206 |
| Personal Property Tax | Broward County Taxing Authorities | 115 South Andrews Avenue, Fort Lauderdale, FL 33301 |
| Texas Vehicle Inventory Tax | Texas Comptroller of Public Accounts | P.O. Box 149348, Austin TX 78714 |