**Exhibit E**

# GUARANTY

To induce Ally Bank (Ally Capital in Hawaii, Mississippi, Montana and New Jersey), a Utah chartered state bank and Ally Financial Inc. (collectively with Ally Bank, the "Ally Parties"), a Delaware corporation, each with a local business address at 1735 N Brown Road, Suite 500, Lawrenceville, Georgia 30043 to extend or continue credit and other financial accommodations to Off Lease Only LLC, a Florida entity ("Dealership"), Off Lease Only Parent LLC ("Guarantor") does hereby unconditionally guarantee the payment of all obligations of Dealership to the Ally Parties now existing or hereafter arising under the Dealership's Wholesale Security Agreement with Ally Financial Inc., f/k/a GMAC dated January 7, 2008 and its Wholesale Security Agreement with Ally Bank, f/k/a GMAC Bank as created by the GMAC Bank Master Wholesale Agreement dated October 11, 2010 (as such agreements may have been or in the future may be amended, restated, or substituted), together with all costs, expenses, and attorneys' fees incurred by the Ally Parties in connection with any default of Dealership and all costs, expenses, and attorneys' fees incurred by the Ally Parties in connection with the enforcement of this guaranty (collectively, the "Obligations"), effective as of September 6, 2022.

Any liability of Guarantor hereunder will not be affected by, nor will it be necessary to procure the consent of Guarantor or give any notice in reference to, any settlement, or variation of terms of any obligation of Dealership or of a guarantor or any other interested person, by operation of law or otherwise; nor by failure to file, record, or register any security document. Guarantor recognizes that the Ally Parties may utilize various means of attempting to verify Dealership's compliance with its credit terms, including periodic collateral checks and examination of books and records, and hereby expressly agrees that such steps are for the sole benefit of the Ally Parties and the adequacy of such checks and examinations will not be considered as a defense to or mitigation of liability hereunder. Guarantor acknowledges and agrees that this guaranty is for a commercial obligation and not a consumer obligation that is primarily for personal, family, or household purposes. Guarantor authorizes the Ally Parties, from time to time, to investigate any financial information provided and to examine or review Guarantor's credit history (including obtaining a credit report) and agrees to provide the Ally Parties with financial statements in a form satisfactory to the Ally Parties upon request by either of the Ally Parties.

Guarantor does hereby expressly waive and dispense with notice of acceptance of this guaranty, notices of non-payment or nonperformance, notice of amount of the Obligations outstanding at any time, protests, demands and prosecution of collection, foreclosure, and possessory remedies. Guarantor hereby waives any right to require either of the Ally Parties to: (i) institute suit or otherwise proceed against other persons or Dealership, (ii) advise Guarantor of the results of any collateral checks or examinations, (iii) require Dealership to comply with its agreements with either or both of the Ally Parties, or (iv) proceed against or exhaust any security. Guarantor acknowledges: (i) it is Guarantor's responsibility to review the documents governing the guaranteed Obligations before signing this guaranty and to obtain and review any future documentation that may affect Dealership's aggregate obligation to either or both of the Ally Parties, (ii) Guarantor has knowledge of and adequate means to obtain Dealership's financial information, and (iii) that the nature and amount of the guaranteed Obligations may increase without notice to Guarantor. Guarantor expressly waives any duty of either of the Ally Parties to disclose to Guarantor: (i) any information related to Dealership's or anyone else's ability to repay the guaranteed Obligations, including, without limitation, the state of Dealership's business, its condition (financial, operating, or otherwise), or (ii) any facts or circumstances that may affect Guarantor's risks under or related to this guaranty.

No act or thing need occur to establish the liability of Guarantor hereunder, and no act or thing, except full payment and discharge of all Obligations, will in any way exonerate Guarantor or modify, reduce, limit, or release the liability of Guarantor.

The Ally Parties may in their discretion apply to the Obligations or any other obligations of Dealership any sums received by, or available to, them on account of the Obligations or any other obligations of Dealership, out of the collateral security, or any other source of payment. Such application will not impair the liability of Guarantor or relieve the Guarantor from liability under this Guaranty.

Guarantor waives any and all defenses, claims, and discharges of any other party pertaining to the Obligations or any other obligations of Dealership except the defense of discharge of the Obligations by payment in full. Guarantor will not assert, plead or enforce against the Ally Parties any defense of waiver, release, statute of limitations, res judicata, statutes of frauds, fraud, incapacity, minority, usury, illegality, or unenforceability which may be available to any other party in respect of the Obligations or any other obligations, or any setoff available against either of the Ally Parties by Guarantor, whether or not on account of a related transaction.

Guarantor expressly agrees that it will be and will remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage or security interest securing the Obligations, whether or not the liability of any other obligor for such deficiency is discharged pursuant to statute or judicial decision. Further, Guarantor expressly waives any condition precedent that may be required of the Ally Parties under applicable law prior to proceeding with any action to recover any deficiency remaining after foreclosure.

This is an absolute, continuing payment guaranty and will remain in full force and effect until forty-eight (48) hours after receipt by the Ally Parties of written notice by Guarantor terminating this guaranty; provided, however, that such notice will not operate to release Guarantor from liability hereunder with respect to any Obligations incurred prior to the effective date of such notice. In order to be effective, notice of termination must be sent to the Ally Parties at the address listed above and also to: Ally Bank and Ally Financial Inc., 500 Woodward Avenue, MC: MI-01-16-RISK, Detroit, Michigan 48226, Attn: Senior Vice President, Commercial Credit Operations. All notices must be mailed by prepaid certified, registered or first class mail or delivered by a nationally recognized overnight courier or delivery service.

Except as noted herein, neither of the Ally Parties has made any promises to Dealership or Guarantor to induce execution of this guaranty and there are no written or unwritten agreements or understandings among either or both of the Ally Parties and Guarantor affecting this guaranty. The obligation of all Guarantors signing this guaranty, where more than one, will be joint and several. This Guaranty may not be changed orally and will bind and inure to the benefit of the heirs, administrators, successors, and assigns of Guarantor and each of the Ally Parties, respectively. If any part of this guaranty is not valid or enforceable according to applicable law, all other parts will remain enforceable.

This Guaranty and the performance hereunder will be construed and determined according to the law of the state where Dealership maintains its principal executive office without regard to that state's conflict of laws rules.

Transmission by telecopier, facsimile or email of a signature to this guaranty will be deemed to constitute due and sufficient delivery of the guaranty.

Witness: _____
(Signature)

Print Name: SOPHIE REINER

Date: 9/2/22

Address: 4489 LUXEMBURG CT

LAKE WORTH

State of FLORIDA

Off Lease Only Parent LLC

Guarantor: _____
(Signature)

Print Name: Jonathan Rosman

Date: 9/2/22

Address: 1200 S. Congress Ave

Palm Springs, FL 33406

County of PALM BEACH

On this 2 day of SEPTEMBER, 2022, before me personally came and appeared JON ROSMAN who is personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who executed this instrument and acknowledged that they executed the same as, or on behalf of, guarantor(s).

SOPHIE REINER
Commission # HH 211228
Expires December 27, 2025

SOPHIE REINER
Notary Public in and for

PALM BEACH
County

Accepted:

| Ally Bank | Ally Financial Inc. |
|---|---|
| Signature: _Kenneth D. Geyer_ | Signature: _Kenneth D. Geyer_ |
| Print Name: Kenneth D. Geyer | Print Name: Kenneth D. Geyer |
| Title: Authorized Representative | Title: Authorized Representative |
| Date: | Date: |