# EXHIBIT D

## ORDER APPROVING TRANSITION STIPULATION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OFF LEASE ONLY LLC,[1] | ) | Case No. 23-11388 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. ____** |

### ORDER APPROVING STIPULATION (A) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY, (B) PROVIDING FOR THE RETURN AND SALE OF ALLY COLLATERAL, AND (C) SCHEDULING A HEARING TO DETERMINE THE VALUATION OF THE ALLY COLLATERAL

Upon the *Stipulation and Order (A) Granting Limited Relief from the Automatic Stay, (B) Providing For the Return and Sale of Ally Collateral, and (C) Scheduling a Hearing to Determine the Valuation of the Ally Collateral*[2] (the "Stipulation") by and between the above captioned debtors and debtors-in-possession (the "Debtors"), and Ally Bank and Ally Financial Inc. (collectively, "Ally", together, the "Parties") attached hereto as **Exhibit 1**; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

1

Case 23-11388-CTG    Doc 73-4    Filed 09/14/23    Page 3 of 12

2

2. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and perform under the Stipulation.

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

DOCS_DE:244816.2 62901/001

# **EXHIBIT 1**

## **Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| OFF LEASE ONLY LLC,[1] | ) ) | Case No. 23-11388 (CTG) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**STIPULATION AND ORDER (A) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY, (B) PROVIDING FOR THE RETURN AND SALE OF ALLY COLLATERAL, AND (C) SCHEDULING A HEARING TO DETERMINE THE VALUATION OF THE ALLY COLLATERAL**

Off Lease Only Parent LLC, Off Lease Only LLC, and Colo Real Estate Holdings LLC, as debtors and debtors-in-possession (the "Debtors"), and Ally Bank and Ally Financial Inc. (collectively, "Ally") hereby stipulate and agree (the "Stipulation") as follows:

**RECITALS**

A.    On September 7, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), jointly administered under Case No. 23-11388 (CTG) (the "Chapter 11 Cases").

B.    The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed in the Chapter 11 Cases.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

1

C.  Pursuant to the Floorplan Agreements[2], the Ally Parties provided the Debtors with a floorplan line of credit, of which no less than $57,691,584.50[3] in principal amounts was outstanding as of the Petition Date (together with all insurance, interest, costs, expenses and attorney's fees payable by the Debtors under the terms of the Floorplan Agreements, the "Ally Obligations")

D.  Pursuant to the Floorplan Agreements, the Ally Parties assert liens on (i) all of the vehicles in which the Debtors had, have or in the future acquire an interest in, including but not limited to, vehicles for which either of the Ally Parties provides financing, and regardless of whether such vehicles are inventory or equipment (collectively, the "Vehicles"), (ii) all funds provided to or held by Ally, regardless of whether such funds are considered accounts, general intangibles, or otherwise, and (iii) any and all proceeds thereof, including insurance proceeds (collectively, the "Ally Collateral").

E.  On September 7, 2023, the Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief* [ECF No. 7] (the "Cash Collateral Motion"), seeking entry of interim and final orders approving the Debtors' use of cash collateral (the "Cash Collateral Order").

F.  On September 11, 2023, the Ally Parties filed the *Objection of Ally Financial Inc. and Ally Bank to Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties,*

---

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the Agreed Cash Collateral Order (as defined herein).

[3] The Ally Parties contend that they applied $10 million during the two-day period prior to the Petition Date to reduce outstanding indebtedness from $67,691,584.50. The Debtors reserve their rights with respect to such actions.

*(III) Scheduling a Final Hearing, and (IV) Granting Related Relief and Reservation of Rights With Respect to Other First Day Motions* [ECF No. 41] (the "Cash Collateral Objection").

G. In connection with, and as an integral part of, the resolution of the Cash Collateral Objection, the Debtor and Ally are agreeing to the terms set forth in this Stipulation and an agreed Cash Collateral Order (the "Agreed Cash Collateral Order").

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Debtors and Ally, through their respective counsel, each of whom represent and warrant they possess the requisite authority to bind the respective parties hereto, as follows:

1. This Stipulation shall become effective upon (i) the approval thereof by the Court and entry of an order consistent therewith and (ii) the entry of the Agreed Cash Collateral Order (the "Effective Date").

2. On the Effective Date, the automatic stay, extant pursuant to section 362 of the Bankruptcy Code, shall be deemed modified solely to the limited extent necessary to allow Ally to repossess and sell the Vehicles in accordance with the procedures attached hereto as Annex A (the "Transition Procedures"). The Ally Parties shall retain the proceeds received by the Ally Parties from any such sales pending further order of the Bankruptcy Court or agreement of the parties. The Debtors and Ally agree that parties shall work cooperatively in connection with the Transition Procedures to maximize the speed with which the Vehicles shall be made available to Ally and minimize the costs of the Transition Procedures.

3. A hearing to determine the value of the Vehicles (the "Valuation Hearing") is scheduled for **October 25, 2023, at 3:00 p.m. (Eastern Time)** before the Honorable United States Bankruptcy Judge Craig T. Goldblatt, at the United States Bankruptcy Court for the District of Delaware. On or before **October 2, 2023**, the Debtors shall serve, by United States mail, first-

class postage prepaid, notice of the Valuation Hearing on: (a) the parties having been given notice of the Agreed Cash Collateral Order; (b) any party which has filed prior to such date a request for notices with this Court; and (c) counsel for a Creditors' Committee (if appointed).  The Debtors shall file their valuation motion and supporting documents (the "<u>Valuation Motion</u>") with the Court by ECF on or before **October 2, 2023**.  Any opposition papers to the Valuation Motion shall be filed with the Court by ECF on or before **October 17, 2023**.  Any reply in further support of the Valuation Motion shall be filed by the Debtors with the Court by ECF on or before **October 24, 2023 at 12:00 p.m. (Eastern Time)**.

4. This Stipulation may not be amended or modified without the written consent of the parties hereto.

5. Each of the parties hereto consents to the jurisdiction of the Court to adjudicate any and all disputes arising under or relating to this Stipulation.

6. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

Dated: September 14, 2023

| | |
|---|---|
| */s/ Laura Davis Jones* <br> Laura Davis Jones, Esq.  (DE Bar No. 2436) <br> James E. O'Neill, Esq. (DE Bar No. 4042) <br> Colin R. Robinson, Esq. (DE Bar No. 5524) <br> **PACHULSKI STANG ZIEHL & JONES LLP** <br> 919 North Market Street, 17th Floor <br> P.O. Box 8705 <br> Wilmington, Delaware 19899-8705 (Courier 19801) <br> Telephone:  302-652-4100 <br> Facsimile:  302-652-4400 <br> Email:  ljones@pszjlaw.com <br>            joneill@pszjlaw.com <br>            crobinson@pszjlaw.com <br><br> *Proposed Co-Counsel for the Debtors and Debtors in Possession* <br><br> -and- <br><br> Brian S. Rosen, Esq. (*pro hac vice* pending) <br> Megan R. Volin, Esq. (*pro hac vice* pending) <br> **PROSKAUER ROSE LLP** <br> Eleven Times Square <br> New York, New York 10036 <br> Telephone: (212) 969-3000 <br> Facsimile:  (212) 969-2900 <br> Email:  brosen@proskauer.com <br>            mvolin@proskauer.com <br><br> *Proposed Counsel for the Debtors and Debtors in Possession* | */s/Matthew A. Clemente* <br> Matthew A. Clemente (admitted *pro hac vice*) <br> Allison Ross Stromberg (admitted *pro hac vice*) <br> Ian C. Ferrell (admitted *pro hac vice*) <br> **SIDLEY AUSTIN LLP** <br> One South Dearborn <br> Chicago, Illinois 60603 <br> Telephone: (312) 853-7000 <br> Facsimile: (312) 853-7036 <br> Email: mclemente@sidley.com <br> Email: astromberg@sidley.com <br> Email: iferrell@sidley.com <br><br> -and- <br><br> John J. Kuster (admitted *pro hac vice*) <br> Martin B. Jackson (admitted *pro hac vice*) <br> **SIDLEY AUSTIN LLP** <br> 787 Seventh Avenue <br> New York, New York 10019 <br> Telephone: (212) 839-5300 <br> Facsimile: (212) 839-5599 <br> Email: jkuster@sidley.com <br> Email: mjackson@sidley.com <br><br> -and- <br><br> Eric J. Monzo (No. 5214) <br> Brya M. Keilson (No. 4643) <br> **MORRIS JAMES LLP** <br> 500 Delaware Avenue, Suite 1500 <br> Wilmington, Delaware 19801 <br> Telephone: (302) 888-6800 <br> Facsimile: (302) 571-1750 <br> Email: emonzo@morrisjames.com <br> Email: bkeilson@morrisjames.com <br><br> *Co-Counsel to Ally Financial Inc. and Ally Bank* |

5

# **ANNEX A**

Transition Procedures

# Ally Collateral Recovery and Sale Guide

1) Ally designates core team responsible for each location.

2) Ally team introduces themselves to key Off Lease staff at each location and determines facility lay-out.

3) Ally team secures Off Lease inventory run for each location and reconciles to Ally records .

4) Ally conducts inspection of collateral (i.e., audit of collateral).

5) Ally secures all vehicle keys (i.e., Off Lease surrender all keys and assists Ally in locating any missing keys).

6) Off Lease and Ally employees jointly match keys to specific vehicles.

7) Ally employees mark the windshield of each vehicle with following:
   a) Last 6 VIN
   b) Runs: Y/N (if inoperable determine plan for recovery)
   c) Key: Y/N
   d) Gas (> 1/8 of tank): Y/N

8) Security coordination with Off Lease security and personnel.
   a) Ally coordinates after-hours transport activity with Off Lease security.
   b) Core transport hours (e.g., hours during which Ally may require Off Lease personnel to be present): 7am – 7pm Mon. – Sat.
   c) Off Lease gate security to scan outgoing vehicles during core transport hours in order to facilitate transportation and will provide Ally a copy of the gate release; during non-core transport hours, Ally is able to transport vehicles without scanning.
   d) Off Lease maintains all existing security infrastructure (e.g. padlock, chains, gate functionality) and procedures including armed security 24/7 through the earlier of the month end September and the time all Vehicles are removed.
   e) By 5:00 p.m. each day, Ally shall provide Off Lease with a report of all vehicles that were removed from each location during the prior day.

9) Off Lease provides a Jump box if needed.

10) Ally facilitates transport, including scheduling, staging, and matching keys.

    a) Ally records which vehicles are loaded on each truck.

11) Ally and Off Lease agree to work cooperatively to efficiently remove all of Ally's collateral as quickly possible.  Off Lease to assist in locating all vehicles, keys, titles, and other related documentation.

12) Surrender of titles:

    a) Off Lease works cooperatively to surrender all titles and associated documentation (i.e., reassignments, POA's, etc.) to all motor vehicle constituting Ally's collateral.

# Ally Collateral Recovery and Sale Guide

    b) Off Lease agrees to provide a limited power of attorney to facilitate the sale of the vehicles at auction

    c) Off Lease agrees to forward any in-transit titles to Ally within 24 hours of receipt to the following address:  Ally Financial, Attn: Ken Geyer, 1735 North Brown Road, Suite 500, Lawrenceville, GA 30043

13) Transfer of title into Ally's name in accordance with Ally's customary practices.

14) Disposition of vehicles in accordance with Ally's customary practices in the physical and/or online auction process or any other sale process to be agreed between Ally and the Off Lease.

    a) Within three (3) business days of the sale of a Vehicle, Ally shall provide Off Lease with documentation evidencing the sale including the gross sale price and the net sale price.  Ally shall retain the net proceeds pending further order of the Bankruptcy Court or agreement of the parties.

15) Upon delivery of keys and full title documentation matched to a particular vehicle as contemplated by the procedures set forth herein, Ally shall assume all responsibility for loss to any such vehicle and Off Lease shall be released from any and all responsibility for loss to such vehicle; provided that Ally personnel shall be allowed to be on premises 24 hours a day, 7 days a week and Ally shall be allowed to place security personnel on the premises 24 hours a day, 7 days a week until all vehicles have been removed by Ally.