# EXHIBIT B

# REDLINE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | Case No. 23-11388 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. 6** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM AND (B) MAINTAIN EXISTING BUSINESS FORMS, AND (II) GRANTING RELATED RELIEF

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate their Cash Management System and (B) Maintain Existing Business Forms, and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) authorizing the Debtors to (a) continue to operate their Cash Management System (as defined below), (b) honor certain prepetition obligations related thereto, and (c) maintain existing business forms; (ii) authorizing the Debtors' banks to honor all related payment requests; (iii) granting related relief; and (iv) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on **September 26**, **2023, at 9:30 a.m.**, prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on September 21, 2023:** (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com); (iii) Office of the United States Trustee, J.

Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov).

3.    The Debtors are authorized, but not directed, to (a) maintain and continue using in the ordinary course the Cash Management System described in the Motion, including the Bank Accounts listed on Exhibit D to the Motion in the names and account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds from such Bank Accounts by all usual means, including through checks, wire transfers, ACH transfers, and other debits; and (c) open and close Bank Accounts without further order of this Court.

4.    Notwithstanding anything herein to the contrary, (a) those certain existing deposit agreements between the Debtors and Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (b) the Debtors and the Banks may, without further order of this Court, agree to and implement non-material changes to the Cash Management System and procedures.

5.    The Banks are authorized to continue to service and administer the Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof (to the extent of available funds), as the case may be, including with respect to checks or other items issued prior to the Petition Date to the extent authorized by this Interim Order or a further order of this Court.  The Banks are authorized to waive any applicable requirement to establish separate accounts for any cash collateral and/or tax payments.

6.      The Debtors are authorized to continue to pay the Bank Fees and other ordinary course fees, costs, charges, and expenses to which the Banks may be entitled.

7.      Except for those checks, drafts, wires, or ACH transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Interim Order or as authorized by other or further order of this Court and as represented by the Debtors to such Banks, no checks, drafts, wires, or ACH Transfers issued on the existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

8.      The Banks shall not be liable to any party or otherwise deemed in violation of this Interim Order on account of: (a) following the Debtors' instructions or Debtors' representations as to any order of this Court; (b) honoring any prepetition check or item in the good faith belief that this Court has authorized such prepetition check or item to be honored despite implementation of reasonable item-handling procedures; or (c) an innocent mistake made despite implementation of customary item-handling procedures.

9.      The Banks are authorized to debit the Bank Accounts without further order of this Court on account of all checks drawn on the Debtors' accounts which were negotiated at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

10.     The Debtors are authorized to continue to use their existing checks and other Business Forms without the designation of "Debtor in Possession" or the lead case number. However, if new checks and business forms are ordered or printed, such checks and business forms shall be required to include the legend "Debtor in Possession" and the lead case number.

11.      With regard to the Banks that are party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall as soon as possible (a) contact the Banks, (b) provide the Banks with each of the Debtors' employer identification numbers, and (c) instruct them to rename the Bank Accounts as "Debtor in Possession" accounts with the Petition Date and the lead case number included on the account title.

12.      The Debtors are authorized to open new Bank Accounts or close existing Bank Accounts as they may deem necessary and appropriate; *provided*, *however*, that the Debtors shall give notice to the Office of the United States Trustee for the District of Delaware and counsel to any statutorily appointed committee (if any) prior to opening any new Bank Account; *provided*, *further*, *however*, that the Debtors shall only open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

13.      Notwithstanding anything in this Interim Order to the contrary, the Debtors shall use reasonable efforts to establish a segregated account, or shall use an existing Bank Account that does not hold any other funds, for any vehicle sale proceeds received by the Debtors on or after the Petition Date (the "Post-Petition Proceeds Account"), and all sale receipts received by the Debtors on or after the Petition Date from any vehicle sales or dispositions, including prepetition vehicle sales, shall be deposited and held in the Post-Petition Proceeds Account. The Post-Petition Proceeds Account and the funds held therein shall not be used by the Debtors for any purposes so long as the Debtors have sufficient cash in the other Bank Accounts, subject in each case and in all respects to the terms of the Cash Collateral Order and the Budget.

14.     Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order). To the extent there is any inconsistency between the terms of such Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Order and the Budget shall control.

15.     ~~13.~~ Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

16. ~~14.~~ With regard to the Banks that are not a party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall as soon as possible use their good-faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

17. ~~15.~~ Notwithstanding the Debtors' authorized use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each particular Debtor, regardless of which Debtor remits payment for those disbursements.

18. ~~16.~~ The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

19. ~~17.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. ~~18.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

21. ~~19.~~ The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

22.        20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

23.

Document comparison by Workshare Compare on Thursday, September 14, 2023 11:28:27 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/244714/1 |
| Description | DOCS_DE-#244714-v1-OLO-Original-_Interim_Cash_Management_Order |
| Document 2 ID | PowerDocs://DOCS_DE/244850/1 |
| Description | DOCS_DE-#244850-v1-OLO-Final_Filed-Interim_Cash_Management |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 19 |
| Deletions | 14 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 33 |