# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) Case No. 23-11388 (CTG) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
|  | ) Re: Docket No. 8 |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS
## TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (II)
## GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), (i) authorizing, but not directing, the Debtors to pay Critical Vendor Claims on an interim basis; (ii) granting related relief; and (iii) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL, 33406.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **September 26, 2023, at 9:30 a.m.**, prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on September 21, 2023:** (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com) and Proskauer Rose LLP, 70 W. Madison, Suite 3800, Chicago, IL, 60602 (Attn: Ashley Weringa (aweringa@proskauer.com) and Christian Palacios (cpalacios@proskauer.com), (ii) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com); (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov); and (v) if

any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee.

3. The Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy, in their discretion, prepetition amounts on account of Critical Vendor Claims, in an amount not to exceed $215,000 on an interim basis, absent further order of the Court; *provided*, *however*, that any Critical Vendor that accepts payment pursuant to the authority granted in this Interim Order agrees to services to the Debtors postpetition on Customary Trade Terms[3] or on such other favorable terms as are acceptable to the Debtors; *provided further*, that the Debtors' and any such Critical Vendor's inability to agree on Customary Trade Terms shall not preclude the Debtors from paying a Critical Vendor Claim of such Critical Vendor if the Debtors determine, in the reasonable exercise of their business judgment that such payment is necessary for the successful wind-down of the Debtors' business.

4. The Debtors may further condition payment to the Critical Vendors on agreement by the applicable Critical Vendor to remove any existing liens at such Critical Vendor's sole cost and expense and waive any right to assert a trade lien on account of the paid Critical Vendor Claim.

5. The form of Vendor Agreement, substantially in the form attached to the Motion as **Exhibit C**, is approved in its entirety. The Debtors are authorized to enter into Vendor Agreements with Critical Vendors if the Debtors determine that such an agreement is necessary for their limited postpetition operations and wind-down process.

6. Notwithstanding the provisions of paragraph 5 of this Interim Order, the Debtors may, in their reasonable business judgment, negotiate, amend, or modify the form of Vendor Agreement and decline to condition payment of Critical Vendor Claims upon the execution of

---

[3] As used herein, "Customary Trade Terms" means, with respect to a Critical Vendor, (a) the normal and customary trade terms, practices, and programs that were most favorable to the Debtors and in effect between such creditor and the Debtors in the 12-month period prior to the Petition Date or (b) such other trade terms as agreed by the Debtors and such creditor.

Vendor Agreement if such payments are necessary for the Debtors' limited postpetition operations and wind-down process.

7. If the Debtors determine that a Critical Vendor has not complied with the terms and provisions of a Vendor Agreement or has failed to continue to provide Customary Trade Terms following the date of the Vendor Agreement, or on such terms as were individually agreed to between the Debtors and such creditor, the Debtors may terminate such a Vendor Agreement or other arrangement, together with other benefits to the creditor as contained in this Interim Order; *provided*, *however*, that the Vendor Agreement may be reinstated if (a) such determination is subsequently reversed by the Court for good cause after it is shown that the determination was materially incorrect after notice and a hearing following a motion from the creditor, (b) the underlying default under the Vendor Agreement is fully cured by the creditor not later than five business days after the date the initial default occurred, or (c) the Debtors reach a subsequent agreement with the creditor.

8. If a Vendor Agreement or other arrangement is terminated as set forth above, or if a Critical Vendor that has received payment of a Critical Vendor Claim later refuses to continue to services for the applicable period in compliance with the Vendor Agreement, other arrangement, or this Order, then the Debtors may assert, and request that the Court order, that (a) the payment of such Critical Vendor Claim is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover in cash from such creditor, (b) the Debtors may then take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of its Critical Vendor Claim to the extent such payments exceed the postpetition amounts then owing to such Critical Vendor without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever, and (c) upon recovery of such

DOCS_DE:244848.1 62901/001

payment by the Debtors, such creditor's Critical Vendor Claim shall be reinstated in such an amount so as to restore the Debtors and the applicable Critical Vendor to their original positions as if the Vendor Agreement or other arrangement had never been entered into and no payment of the creditor's claim had been made.

9. All Vendor Agreements shall be deemed to have terminated, together with the other benefits to Critical Vendors as contained in this Interim Order, upon entry of an order converting the Debtors' Chapter 11 Cases to cases pursuant to chapter 7 of the Bankruptcy Code.

10. Payments of Critical Vendor Claims may include a communication of the following statement:

> By accepting this payment, the payee agrees to the terms of the Order of the U.S. Bankruptcy Court for the District of Delaware, dated September [ ], 2023, in the chapter 11 cases of Off Lease Only LLC, *et al.* (jointly administered under Case No. 23-11388 (CTG), entitled "*Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief*" and submits to the jurisdiction of that Court for enforcement thereof.

11. Any Critical Vendor that accepts payment from the Debtors on account of all or a portion of a Critical Vendor Claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority against the Debtors, their assets, and properties.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

5

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims.

14. Payments made pursuant to this Interim Order shall be applied, in the first instance, against claims which arise under section 503(b)(9) of the Bankruptcy Code, in whole or in part, if applicable.

15. Notwithstanding anything to the contrary in this Order, the Motion or its attachments, the priority status of a creditor's claim, including that of claims arising under section 503(b)(9) of the Bankruptcy Code, shall not be affected by whether such creditor executes a Vendor Agreement, or provides services or goods to the Debtors under Customary Trade Terms, or otherwise.

16. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order). To the extent there is any inconsistency between the terms of such Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Order and the Budget shall control.

17. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an implication or admission as to the validity or

priority of any claim or lien against the Debtors, a waiver of the Debtors', or any party in interest's, rights to subsequently dispute such claim or lien, a promise or requirement to pay any prepetition claim, an implication or admission that any particular claim is of a type specified or defined in the Motion or any proposed order, a waiver of the Debtors', or any other party in interest's, rights pursuant to the Bankruptcy Code or any other applicable law, or the assumption or adoption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.

18. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: September 15th, 2023**
**Wilmington, Delaware**

                CRAIG T. GOLDBLATT
                UNITED STATES BANKRUPTCY JUDGE