# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) | Case No. 23-11388 (CTG) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I)
APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF
PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY
UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM
ALTERING, REFUSING OR DISCONTINUING SERVICE,
AND (IV) GRANTING RELATED RELIEF**

Off Lease Only LLC, Off Lease Only Parent LLC, and Colo Real Estate Holdings LLC,

the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seek entry of

interim and final orders, substantially in the forms attached hereto as **Exhibit A** (the "Interim

Order") and **Exhibit B** (the "Final Order" and, together with the Interim Order, the "Proposed

Orders"), respectively, pursuant to sections 105(a) and 366 of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), (i) authorizing the Debtors' proposed form of adequate assurance of

postpetition payment to the Debtors' utilities, as that term is used in section 366 of the Bankruptcy

Code (the "Utility Companies"); (ii) establishing procedures for resolving any objections by the

Utility Companies relating to the Proposed Adequate Assurance (as defined herein); (iii)

prohibiting the Utility Companies from altering, refusing or discontinuing service to or

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate
Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress
Ave., Palm Springs, FL 33406.

discriminating against the Debtors solely on the basis of the commencement of these Chapter 11

Cases (as defined herein), a debt that is owed by the Debtors for services rendered prior to the

Petition Date (as defined herein) or on account of any perceived inadequacy of the Debtors'

Proposed Adequate Assurance; and (iv) granting related relief.  In support of this motion (the

"<u>Motion</u>"), the Debtors rely upon and incorporate by reference the *Declaration of Leland Wilson*

*in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>"),[2] filed

contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as

follows:

## <u>JURISDICTION AND VENUE</u>

1.     The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"),

the Debtors consent to the entry of a final order by the Court in connection with this Motion to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day
Declaration.

4.      The statutory bases for the relief requested in this Motion are sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

5.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

6.      The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      As of the date hereof, no trustee, examiner, or official committee has been appointed in the Chapter 11 Cases.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the filing of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and are incorporated by reference herein.

## FACTS RELEVANT TO THIS MOTION

9.      In connection with the normal operations of their business prior to the Petition Date, and the management of their property, the Debtors utilize electric and natural gas, internet and telephone, water and sewage, and other similar services (collectively, the "Utility Services") to facilitate their business operations.  The Utility Services are provided by the Utility Companies listed on Schedule 1 to the proposed Interim Order and Final Order (the "Utility Company List").[3]

---

[3]     The Debtors have endeavored to identify all of the Utility Companies and list them on Schedule 1 hereto. However, inadvertent omissions may have occurred, and the omission from Schedule 1 of any entity providing Utility Services to the Debtors shall not be construed as an admission, waiver, acknowledgement, or consent that section 366 of the Bankruptcy Code does not apply to such entity.

Section 366 of the Bankruptcy Code applies to entities that are traditionally viewed as utilities, such as those that provide electricity, telephone service, or water, and to any entity that supplies services that cannot be readily

The Utility Services are utilized at the Debtors' various facilities throughout Florida and Texas. The relief requested herein applies to all Utility Companies providing Utility Services to the Debtors and is not limited to those listed on the Utility Company List, although the Debtors will endeavor to add any unintentionally omitted Utility Companies to the Utility Company List as soon as possible after discovery. While the Debtors have ceased the retail operation of their businesses, in the absence of continuous Utility Services, there would be risk attendant to the Debtors' assets and undermine the wind-down of the Debtors' operations.

10.    In general, the Debtors have established a good payment history with the Utility Companies, making payments on a regular and timely basis. Historically, the Debtors have paid, on average, approximately One Hundred Thirty-Eight Thousand One Hundred Forty-Five Dollars ($138,145.00) per month on account of Utility Services to the Utility Companies on the Utilities Company List.

## I.    The Proposed Adequate Assurance

11.    The Debtors fully intend to pay all undisputed post-petition obligations owed to the Utility Companies in a timely manner. The Debtors project that cash on hand as of the Petition Date and additional post-petition receipts will be sufficient to pay any such obligations owed to the Utility Companies. Nevertheless, to provide additional assurance of payment for future

---

obtained or replaced elsewhere, or which constitutes a monopoly with respect to the services that it provides to the debtor. *See, e.g., One Stop Realtour Place, Inc. v. Allegiance Telecom, Inc. (In re One Stop Realtour Place, Inc.)*, 268 B.R. 430, 436-37 (Bankr. E.D. Pa. 2001) (provider of telephone service is a utility regardless of whether telephone service may be available from another provider); *In re Coastal Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986) (landlord of the Brooklyn Navy Yard "occupies 'a special position with respect to the debtor' in its role as [the debtor's] utility supplier"). Despite the wide latitude afforded in determining those entities that constitute utilities pursuant to section 366 of the Bankruptcy Code, some of the companies listed on Schedule 1 to the proposed Interim Order and Final Order may also provide goods or services to the Debtors in a capacity other than that of a utility. With respect to any such goods or services, such companies are not entitled to adequate assurance pursuant to section 366 of the Bankruptcy Code. In addition, the Debtors reserve the right to assert that any of the entities now and hereafter included on the Utility Company List are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code.

services to the Utility Companies following the Petition Date, the Debtors propose that, on or before the date that is twenty (20) days after the Petition Date, the Debtors will (i) establish a newly-created, interest-bearing, segregated account (the "Utility Deposit Account") and (ii) place a deposit equal to the Debtors' estimated aggregate cost for two (2) weeks of Utility Services, calculated based on the historical average paid over the past seven (7) months to the Utility Companies (the "Utility Deposit") into such Utility Deposit Account.

12.     The Debtors estimate, based on the average two (2) week cost of the Utility Services, that the aggregate Utility Deposit will be approximately Sixty-Four Thousand One Hundred Sixty-Two Dollars ($64,162.00). The Debtors submit that the Utility Deposit, in conjunction with the Debtors' ability to pay for future Utility Services throughout the wind-down of their operations (together, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of payment as contemplated by section 366 of the Bankruptcy Code.

13.     Accordingly, upon entry of the Interim Order, any Utility Company that fails to request additional adequate assurance (an "Additional Assurance Request") or file an Objection (as defined below) to this Motion, as described below, should be deemed to have been provided with adequate assurance of payment as required by section 366 of the Bankruptcy Code and should be prohibited from altering, refusing or discontinuing Utility Services, including as a result of unpaid charges for prepetition Utility Services. If, however, a Utility Company believes adequate assurance beyond that proposed herein is necessary, the Debtors propose that the Utility Company must make an Additional Assurance Request pursuant to the procedures described below (the "Adequate Assurance Procedures").

## II.     Adequate Assurance Procedures

14.     In light of the adverse consequences to the Debtors of any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the

Proposed Adequate Assurance on a case-by-case basis, the Debtors propose the following Adequate Assurance Procedures to resolve Additional Assurance Requests in an orderly and fair manner:

(a)     Within forty-eight (48) hours after the date of entry of the Interim Order, the Debtors will mail a copy of the Interim Order and notice of the Final Hearing to the Utility Companies on the Utility Company List.

(b)     If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones); and (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (collectively, the "Adequate Assurance Notice Parties").

(c)     Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; and (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(d)     Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have twenty (20) days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the requesting Utility Provider (the "Resolution Period"), to negotiate regarding such Utility Provider's request for additional assurance of payment.

(e)     The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the respective Utility Company without further order of the Court, and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

(f)     If the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the

adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(g)     Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(h)     All Utility Companies shall be deemed to have adequate assurance of payment pursuant to section 366 of the Bankruptcy Code unless and until (i) the Debtors agree in writing to (A) an Additional Assurance Request, or (B) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

(i)     If any utility account with a Utility company is closed during the Chapter 11 Cases (a "Closed Account"), the Debtors may, in their discretion, and without further order of the Court, reduce the Utility Deposit by an amount not exceeding, for each Closed Account, the amount deposited with respect to such Closed Account; provided that the Debtors shall have paid such Utility Company in full for any outstanding post-petition Utility Services with respect to the Closed Account before reducing the Utility Deposit.

## III.        Objection Deadline and Final Hearing Date

15.     Section 366 of the Bankruptcy Code arguably places the burden on the Debtors to provide, within thirty (30) days after the Petition Date, adequate assurance that is satisfactory to the Utility Companies.  Similarly, if a Utility Company does not accept any proposed adequate assurance, section 366 of the Bankruptcy Code arguably places the burden on the Debtors to seek court review of the adequacy of the proposed adequate assurance.

16.     Such an interpretation of section 366 of the Bankruptcy Code is subject to potential abuse by a Utility Company.  For example, on the twenty-ninth (29th) day following the Petition Date, a Utility Company could announce that the Debtors' Proposed Adequate Assurance is not acceptable, demand an unreasonably large deposit alleging payment risk from the Debtors, and threaten to terminate Utility Service the next day unless the Debtors comply with its demand.  This would effectively leave the Debtors confronted with two (2) equally oppressive and potentially

costly choices: succumb to a Utility Company's last-minute demands for an unreasonably large deposit or face the cessation of essential services at the risk of irreparable disruption to its business during the wind-down of operations.

17.     To avoid this untenable outcome, the Debtors propose that any Utility Company that objects to this Motion, including the Adequate Assurance Procedures, must file a written objection (an "Objection") and serve such Objection on the Adequate Assurance Notice Parties so that it is actually received by 4:00 p.m. (prevailing Eastern time) on the day that is seven (7) days prior to the date of the Final Hearing.

## IV.     Subsequent Modifications of Utility Company List and Procedures for Subsequently Identified Utility Companies

18.     Although the Debtors have made a good-faith effort to identify all of the Debtors' providers of Utility Services and include them on the Utility Company List, certain Utility Companies that currently provide Utility Services to the Debtors may have been inadvertently omitted.  To the extent that the Debtors identify additional Utility Companies, the Debtors seek authority to amend or supplement the Utility Company List.  The Debtors will file any such amendments and serve copies of the Motion, the Interim Order or the Final Order (if and when entered), and the amended Utility Company List, on such newly-identified Utility Companies.

19.     The Debtors request that any entered orders relating to this Motion be binding on all Utility Companies, regardless of when such Utility Company was added to the Utility Company List; provided, however, that if a Utility Company is added to the Utility Company List, the Debtors will, within twenty (20) days of adding the Utility Company to the Utility Company List, increase the amount of the Utility Deposit by an amount equal to the cost of two (2) weeks of Utility Services provided by such Utility Company, calculated as a historical average during the seven (7) month period prior to the Petition Date.

20.     Any Utility Company added to the Utility Company List shall have the right to make an Additional Assurance Request pursuant to the Adequate Assurance Procedures.

21.     The Debtors also request authority to remove a Utility Company from the Utility Company List by filing with the Court a notice or an amended Utility Company List identifying the Utility Company to be removed and serving a copy of such notice or amended Utility Company List on the Utility Company to be removed.  The Utility Company will have twenty-one (21) days after service of the notice or amended Utility Company List upon such Utility Company to object to its removal from the Utility Company List.  If the Utility Company does not timely object to its removal from the Utility Company List, the Utility Company's removal from the Utility Company List will be immediately and automatically effective.  If a Utility Company timely objects to its removal from the Utility Company List, the Debtors will request a hearing before this Court at the next omnibus hearing date in these Chapter 11 Cases or on such other date that the Debtors and the Utility Company may agree, and the Utility Company's removal from the Utility Company List will not be effective until such objection has been resolved either consensually or by order of this Court.

22.     The Debtors maintain that the relief requested herein strikes a fair balance between (i) protecting the rights of the Utility Companies and the rights of the Debtors pursuant to the Bankruptcy Code and (ii) the need for the Debtors to continue to receive, for the benefit of their estate, the Utility Services upon which it depends throughout the wind down of their operations. The Debtors do not believe that the Utility Companies will be prejudiced by the Proposed Adequate Assurance, the requirement to provide the Debtors with uninterrupted access to Utility Services, or the procedures for resolving Objections to the Proposed Adequate Assurance.

23.     In the event that any Utility Company files and/or serves an Additional Assurance Request, the Debtors request that such Additional Assurance Request be treated as a request pursuant to section 366(c)(3) of the Bankruptcy Code and shall be granted, if at all, only after the Court adjudicates any disputes between the parties following a Utility Company making such request and scheduling such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code, including section 366(c)(3), and the Bankruptcy Rules.

**V.       Prohibition on Altering, Refusing or Discontinuing Service**

24.     Pending the entry of the Interim Order and Final Order with respect to this Motion and pending resolution of any Additional Assurance Request, Objection or Determination Hearing, the Debtors request that the Utility Companies, regardless of when they were added to the Utility Company List, shall be prohibited from (i) discriminating against the Debtors, (ii) altering, refusing or discontinuing service to the Debtors, or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Utility Deposit, as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices, subject to any further order(s) of the Court.

## **RELIEF REQUESTED**

25.     The Debtors seek entry of the Interim and Final Orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, (a) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies; (b) approving procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; (c) prohibiting the Utility Companies from altering, refusing or discontinuing service to or discriminating against the Debtors solely on the basis of the commencement of the Chapter 11 Cases, a debt that is owed by the Debtors for services rendered prior to the Petition Date, or on account of any perceived inadequacy of the Debtors' Proposed

Adequate Assurance pending entry of the Final Order; and (d) granting related relief.  In addition,

the Debtors request that the Court schedule a final hearing approximately twenty-one (21) days

from the Petition Date (the "<u>Final Hearing</u>").  For the reasons set forth herein, the Debtors submit

that the relief requested herein is in the best interest of the Debtors, their estate, creditors and other

parties-in-interest, and therefore, should be granted.

## **<u>BASIS FOR RELIEF</u>**

I.      **The Proposed Adequate Assurance Provides Utility Companies With Adequate Assurance of Payment**

26.     Section 366(a) of the Bankruptcy Code provides:

> Except as provided in Subsections (b) and (c) of this Section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).  Section 366(b) of the Bankruptcy Code goes on to provide, however, that:

> Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

*Id.* § 366(b).

27.     The policy underlying section 366 of the Bankruptcy Code is to protect the debtor

from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing

utility companies with adequate assurance that the debtor will pay for postpetition services.  *See*

H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also Jones*

*v. Bos. Gas Co. (In re Jones)*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is

'to prevent the threat of termination from being used to collect pre-petition debts while not forcing

the utility to provide services for which it may never be paid.'") (quoting *Begley v. Phila. Elec.*

11

*Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985)).  As set forth herein, the relief requested in this

Motion is consistent with the Bankruptcy Code's policy goals.

28.      Specifically, pursuant to section 366(b) of the Bankruptcy Code, a debtor must

furnish what it considers to be adequate assurance of payment within twenty (20) days after the

entry of the order for relief in the form of a deposit or other security for postpetition service.

Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to include, among

other things, "a cash deposit." 11 U.S.C. § 366(c)(1)(A)(i).  Here, the Debtors propose to place a

deposit equal to two (2) weeks of Utility Services into the Utility Deposit Account for the benefit

of the Utility Companies on the Utility Company List.  Accordingly, the Proposed Adequate

Assurance provides the Utility Companies with adequate assurance of payment consistent with the

requirements of section 366(c)(1)(A)(i) of the Bankruptcy Code.

## II.      The Debtors' Proposed Adequate Assurance Procedures Properly Balance the Interests of the Utility Companies and Those of the Debtors and Their Estate

29.      The Court should also approve the Debtors' proposed Adequate Assurance

Procedures because they provide the Utility Companies with a fair and orderly process for seeking

modification of the Proposed Adequate Assurance while protecting the Debtors from being

required to address additional assurance requests in a disorganized manner and at a time when the

Debtors' efforts could be more productively focused on the seamless continuation of the wind

down of the Debtors' operations in chapter 11.

30.      In fact, the Adequate Assurance Procedures are merely a practical manifestation

of the policy goal embodied in section 366 of the Bankruptcy Code.  Congress enacted section 366

to protect a debtor from utility service cutoffs upon a bankruptcy filing while, at the same time,

providing utility companies with adequate assurance that the debtor will pay for postpetition

services.  *See* H.R. Rep. No. 95-595, at 350 (1978).  Thus, section 366 protects a debtor in

possession by enjoining utilities from altering, refusing or discontinuing services solely on account of unpaid prepetition amounts for a period of thirty (30) days after the bankruptcy filing.  Section 366 also protects utility companies by permitting them to alter, refuse or discontinue service after thirty (30) days if the debtor in possession has not furnished "adequate assurance" of payment.

31.     Here, notwithstanding a determination that the Debtors' Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Companies believe they have pursuant to sections 366(b) and (c)(2) are wholly preserved pursuant to the Adequate Assurance Procedures.  The Utility Companies still may choose, in accordance with the established Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance.

32.     In short, the Adequate Assurance Procedures ensure all parties act in good faith when exercising their rights pursuant to section 366 of the Bankruptcy Code.  Therefore, because the Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366, this Court should grant the relief requested here.

33.     Courts in this jurisdiction have authorized similar relief in other chapter 11 cases. *See, e.g.*, *In re Medly Health Inc.*, No. 22-11257 (KBO) (Bankr. D. Del. Jan. 6, 2023) (approving adequate assurance deposit equal to one-half of debtor's average monthly utility expenses); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Sept. 22, 2022) (same); *In re TECT Aerospace Grp. Holdings, Inc.*, No. 21-10670 (KBO) (Bankr. D. Del. May 5, 2021) (same); *In re Mallinckrodt plc*, No. 20-12522 (JTD) (Bankr. D. Del. Nov. 10, 2020) (same); *In re CraftWorks Parent, LLC*, No. 20-10475 (BLS) (Bankr. D. Del. Mar. 4, 2020) (same).

34.     For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estate, creditors and other parties-in-interest and, therefore, should be granted.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

35.     Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  The Third Circuit has interpreted the language "immediate and irreparable harm" in the context of preliminary injunctions.  In that context, the court has instructed that irreparable harm is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.  *See, e.g.*, *Norfolk S. Ry. Co. v. City of Pittsburgh*, 235 F. App'x 907, 910 (3d Cir. 2007) (citing *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)).  Furthermore, the harm must be shown to be actual and imminent, not speculative or unsubstantiated.  *See, e.g.*, *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653-55 (3d Cir. 1994).  The Debtors submit that for the reasons already set forth herein, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors and, accordingly, should be granted.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

36.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements pursuant to Bankruptcy Rule 6004(a) and the fourteen (14)-day stay of an order authorizing the use, sale, or lease of property pursuant to Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

37.     Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the interim or final orders is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of any party's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to

section 365 of the Bankruptcy Code; (f) a waiver or limitation of any party's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by any party that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and all parties' rights to contest the extent, validity, or perfection or seek avoidance of all such liens are hereby reserved.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of any party's rights to subsequently dispute such claim.

## NOTICE

38.      The Debtors have provided notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Department of Justice; (d) the office of the attorneys general for the states in which the Debtors operate; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the Utility Companies; (h) Cerberus Off Lease Only LLC; (i) Spirit Realty, L.P.; (j) Ally Bank; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

39.      No prior request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

**WHEREFORE** the Debtors respectfully request that the Court enter interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 7, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ Laura Davis Jones*
Laura Davis Jones, Esq.  (DE Bar No. 2436)
James E. O'Neill, Esq. (DE Bar No. 4042)
Colin R. Robinson, Esq. (DE Bar No. 5524)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  ljones@pszjlaw.com
         joneill@pszjlaw.com
         crobinson@pszjlaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

Brian S. Rosen, Esq. (*pro hac vice* pending)
Megan R. Volin, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email:  brosen@proskauer.com
         mvolin@proskauer.com

-and-

Ashley M. Weringa, Esq. (*pro hac vice* pending)
Christian J. Palacios, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email:  aweringa@proskauer.com
          cpalacios@proskauer.com

*Proposed Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) Case No. 23-11388 (CTG) |
|  | ) |
| Debtors. | ) (Joint Administration Requested) |
|  | ) |
|  | ) **Re: Docket No. __** |

## INTERIM ORDER (I) APPROVING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Approving the Debtor's Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service, and (IV) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies; (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; (iii) prohibiting the Utility Companies from altering, refusing or discontinuing service to, or discriminating against, the Debtors solely on the basis of (a) the commencement of these Chapter 11 Cases, (b) a debt that is owed by the Debtors for services rendered prior to the Petition Date or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(c) on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance; (iv) granting related relief; and (v) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be **received** by the following parties, **by no later than 4:00 p.m., prevailing Eastern Time, on _____, 2023:** (i) proposed

counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones); and (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801.

3.      Subject to the Adequate Assurance Procedures set forth below, the Proposed Adequate Assurance constitutes "adequate assurance of payment" for purposes of section 366 of the Bankruptcy Code on an interim basis.

4.      Within twenty (20) days after the Petition Date, the Debtors shall (i) establish a newly-created, interest-bearing, segregated account (the "'Utility Deposit Account") and (ii) place a deposit in the amount of Sixty-Four Thousand One Hundred Sixty-Two Dollars ($64,162.00) (the "Utility Deposit") into such Utility Deposit Account.

5.      The Utility Deposit shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

6.      The following Adequate Assurance Procedures for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on an interim basis:

(a)   Within forty-eight (48) hours after the date of entry of this Interim Order, the Debtors will mail a copy of this Interim Order and notice of the Final Hearing to the Utility Companies on the Utility Company List.

(b)   If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones, 919 North Market Street, 17th Floor,

Wilmington, Delaware 19801 (Attn: Laura Davis Jones); and (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (collectively, the "Adequate Assurance Notice Parties").

(c) An Additional Assurance Request may be made at any time.

(d) Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; and (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(e) Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have twenty (20) days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the requesting Utility Provider (the "Resolution Period"), to negotiate regarding with such Utility Provider's request for additional assurance of payment.

(f) The Debtors may resolve any Additional Assurance Request by mutual agreement with the respective Utility Company without further order of the Court, and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

(g) If the Debtors determine that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(h) Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(i) All Utility Companies shall be deemed to have adequate assurance of payment pursuant to section 366 of the Bankruptcy Code unless and until (i) the Debtors agree in writing to (a) an Additional Assurance Request, or (b) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

7.      The Debtors may, subject to the terms of this Interim Order, amend or supplement Schedule 1 attached hereto (the "Utility Company List") to add any Utility Company.  The Debtors shall file any such amended or supplemental Utility Company List with the Court, and serve a copy of the Motion, this Interim Order, and the amended Utility Company List on any Utility Company that is added to the Utility Company List.  Within twenty (20) days from the time a Utility Company is added to the Utility Company List, the Debtors shall increase the Utility Deposit in an amount equal to the cost of two (2) weeks of Utility Services provided by such Utility Company added to the Utility Company List, calculated as a historical average during the seven (7) month period prior to the Petition Date.  A Utility Company added to the Utility Company List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

8.      The Debtors may remove a Utility Company from the Utility Company List by filing with the Court a notice or an amended Utility Company List identifying the Utility Company to be removed, and serving a copy of such notice or amended Utility Company List on the Utility Company to be removed.  The Utility Company shall have twenty-one (21) days after service of the notice or amended Utility Company List upon such Utility Company to object to its removal from the Utility Company List.  If the Utility Company does not timely object to its removal from the Utility Company List, the Utility Company's removal from the Utility Company List shall be immediately and automatically effective.  If a Utility Company timely objects to its removal from the Utility Company List, the Debtors shall request a hearing before this Court at the next omnibus

hearing date in these Chapter 11 Cases or on such other date that the Debtors and the Utility Company may agree, and the Utility Company's removal from the Utility Company List shall not be effective until such objection has been resolved either consensually or by order of this Court.

9.      In the event a Utility Provider is removed from the Utility Company List pursuant to the terms of this Interim Order, (i) the Debtors are authorized to reduce the amount of the Utility Deposit by the amount that was attributable to the removed Utility Company and such amount will be promptly returned to the Debtors without further order of the Court, and (ii) if the removed Utility Company received any additional amount of adequate assurance from the Debtors, the removed Utility Company shall promptly return such amounts to the Debtors (but in no event later than five (5) business days after the Utility Provider is removed from the Utility Company List).

10.     Pending both entry of the Final Order and resolution of any Additional Assurance Request, Objection, or Determination Hearing, the Utility Companies, regardless of when they were added to the Utility Company List, shall be prohibited from (i) discriminating against the Debtors (ii) altering, refusing or discontinuing service to the Debtors, or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices, subject to any further order(s) of the Court.

11.     This Interim Order shall be binding on all Utility Companies, regardless of when such Utility Company was added to the Utility Company List, subject to any further order of the Court.

12.     This Interim Order is without prejudice to any party's rights to contest any amount owed to a Utility Company. Nothing in this Interim Order or the Motion shall be deemed to

constitute postpetition assumption of any agreement pursuant to section 365 of the Bankruptcy Code.

13. In accordance with this Interim Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Interim Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this Interim Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Schedule 1

### Utility Company List

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| ABC Paging City Beeper | 9337 S.W. 40th St., Miami, FL 33165 | Telephone | $109 |
| AT&T | 208 S. Akard St., Dallas, TX 75202 | Internet | $1,538 |
| Bradenton Utilities Commission | 101 12th St., West Bradenton, FL 34205 | Waste | $556 |
| CarWars | 6060 N. Central Expressway, Suite #101, Dallas, TX 75206 | Telephone | $5,208 |
| City of North Lauderdale Water and Sewer | PO Box 152546, Cape Coral, FL 33915-2546 | Water | $3,006 |
| Coastal Waste | 4220 15th St. E., Bradenton FL 34208 | Waste | $851 |
| Consolidated Communications | 2116 S. 17th St., Mattoon, IL 61938 | Internet | $441 |

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| Comcast Corporation | 1701 JFK Boulevard, Philadelphia, PA 19103 | Internet | $4,479 |
| Crown Castle | 1220 Augusta Dr., Suite #600, Houston, TX 77057 | Internet | $5,279 |
| Florida Public Utilities | PO Box 610, Marianna, FL 32447-0610 | Natural Gas | $158 |
| Florida Power and Light Company | General Mail Facility Miami, FL 33188-0001 | Electricity | $39,673 |
| Harris County MUD #63 | 9826 Whithorn Dr., Houston, TX 77095 | Water | $1,616 |
| Lumen | 3340 Peachtree Road N.E., Suite #200, Atlanta, GA 30326 | Telephone | $10,868 |
| Manatee County Utilities Department | PO Box 25010, Bradenton, FL 34206-5010 | Water | $1,355 |
| Miami Dade Water and Sewer | PO Box 026055, Miami, FL 33102-6055 | Water | $5,935 |
| Orange County Utilities | 9150 Curry Ford Road, Orlando, FL 32825-7600 | Water | $1,275 |
| Orlando Utilities Commission | PO Box 31329, Tampa, FL 33631-3329 | Electric/Waste | $16,846 |

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| Palm Beach County Water Utilities Department | 9045 Jog Road, Boynton Beach, FL 33472 | Water | $1,966 |
| Sprint | 6391 Sprint Parkway, Overland Park, KS 66251 | Internet | $851 |
| Starlink | 1 Rocket Road, Hawthorne, CA 90250 | Internet | $232 |
| Summitt Broadband | 1443 Rail Head Boulevard, Naples, FL 34110 | Internet | $859 |
| TECO | PO Box 31318, Tampa, FL 33631-3318 | Natural Gas | $225 |
| TXU Energy | PO Box 650638, Dallas, TX 75265-0638 | Electricity | $5,699 |
| USA Scrap Metal & Recycling | 3147 N.W. N. River Dr., Miami FL 33142 | Waste | $1,597 |
| Waste Connections | 1751 S.W. 43rd Terrance, Deerfield Beach, FL 33442 | Waste | $183 |
| Waste Management | 3831 N.W. 21st Ave., Pompano Beach FL 33073 | Waste | $2,103 |
| Waste Pro | 411 Tall Pines Rd., West Palm Beach FL 33413 | Waste | $2,239 |

**<u>EXHIBIT B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) | Case No. 23-11388 (CTG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**FINAL ORDER (I) APPROVING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Approving the Debtor's Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service, and (IV) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies; (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; (iii) prohibiting the Utility Companies from altering, refusing or discontinuing service to, or discriminating against, the Debtors solely on the basis of (a) the commencement of the Chapter 11 Cases, (b) a debt that is owed by the Debtors for services rendered prior to the Petition Date or (c) on account of any

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to in the Motion.

perceived inadequacy of the Debtors' Proposed Adequate Assurance; and (iv) granting related relief; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

     **IT IS HEREBY ORDERED THAT**:

1.     The Motion is GRANTED on a final basis as set forth herein.

2.     Any objections to the Motion not resolved or otherwise withdrawn are OVERRULED.

3.     The Proposed Adequate Assurance is hereby approved on a final basis and is deemed "adequate assurance of payment" for purposes of section 366 of the Bankruptcy Code.

4.      The Adequate Assurance Procedures set forth in the Motion are approved on a final basis.

5.      To the extent not already deposited pursuant to the Interim Order, the Debtors shall (i) establish a newly-created, interest-bearing, segregated account (the "'Utility Deposit Account") and (ii) place a deposit in the amount of Sixty-Four Thousand One Hundred Sixty-Two Dollars ($64,162.00) (the "Utility Deposit") into such Utility Deposit Account.

6.      The Utility Deposit shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

7.      The following procedures (the "Adequate Assurance Procedures") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on a final basis:

(a)     Within forty-eight (48) hours after the date of entry of this Final Order, the Debtors will mail a copy of this Final Order to the Utility Companies on the Utility Company List.

(b)     If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones); and (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (collectively, the "Adequate Assurance Notice Parties").

(c)     An Additional Assurance Request may be made at any time.

(d)     Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; and (v) set forth why the Utility Company believes

3

that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(e) Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have twenty (20) days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the requesting Utility Provider (the "Resolution Period"), to negotiate regarding with such Utility Provider's request for additional assurance of payment.

(f) The Debtors may resolve any Additional Assurance Request by mutual agreement with the respective Utility Company without further order of the Court, and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

(g) If the Debtors determine that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(h) Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(i) All Utility Companies shall be deemed to have adequate assurance of payment pursuant to section 366 of the Bankruptcy Code unless and until (i) the Debtors agree in writing to (a) an Additional Assurance Request, or (b) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

8.      The Debtors may, subject to the terms of this Final Order, amend or supplement the

Utility Company List to add any Utility Company.  The Debtors shall file any such amended or

supplemental Utility Company List with the Court, and serve a copy of the Motion, this Final

Order and the amended Utility Company List on any Utility Company that is added to the Utility

Company List.  Within twenty (20) days from the time a Utility Company is added to the Utility

Company List, the Debtors shall increase the Utility Deposit in an amount equal to the cost of two

(2) weeks of Utility Services provided by such Utility Company added to the Utility Company

List, calculated as a historical average over the seven (7) month period prior to the Petition Date.

A Utility Company added to the Utility Company List shall be permitted to make an Additional

Assurance Request according to the Adequate Assurance Procedures.

9.     The Debtors may remove a Utility Company from the Utility Company List by

filing with the Court a notice or an amended Utility Company List identifying the Utility Company

to be removed, and serving a copy of such notice or amended Utility Company List on the Utility

Company to be removed.  The Utility Company shall have twenty-one (21) days after service of

the notice or amended Utility Company List upon such Utility Company to object to its removal

from the Utility Company List.  If the Utility Company does not timely object to its removal from

the Utility Company List, the Utility Company's removal from the Utility Company List shall be

immediately and automatically effective.  If a Utility Company timely objects to its removal from

the Utility Company List, the Debtors shall request a hearing before this Court at the next omnibus

hearing date in these Chapter 11 Cases, or such other date that the Debtors and the Utility Company

may agree, and the Utility Company's removal from the Utility Company List shall not be effective

until such objection has been resolved either consensually or by order of this Court.

10.     In the event a Utility Provider is removed from the Utility Company List pursuant

to the terms of this Final Order, (i) the Debtors are authorized to reduce the amount of the Utility

Deposit by the amount that was attributable to the removed Utility Company and such amount will

be promptly returned to the Debtors without further order of the Court, and (ii) if the removed

Utility Company received any adequate assurance amounts from the Debtors, the removed Utility

Company shall promptly return such amounts to the Debtors (but in no event later than five (5) business days after the Utility Provider is removed from the Utility Company List).

11.    Pending the resolution of any Additional Assurance Request, Objection or Determination Hearing, the Utility Companies, regardless of when they were added to the Utility Company List, shall be prohibited from (i) discriminating against the Debtors, (ii) altering, refusing or discontinuing service to the Debtors, or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices, subject to any further order(s) of the Court.

12.    This Final Order shall be binding on all Utility Companies, regardless of when a Utility Company was added to the Utility Company List, subject to any further order of the Court.

13.    This Final Order is without prejudice to any party's rights to contest any amount owed to a Utility Company.  Nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption of any agreement pursuant to section 365 of the Bankruptcy Code.

14.    In accordance with this Final Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Final Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this Final Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Schedule 1

**Utility Company List**

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| ABC Paging City Beeper | 9337 S.W. 40th St., Miami, FL 33165 | Telephone | $109 |
| AT&T | 208 S. Akard St., Dallas, TX 75202 | Internet | $1,538 |
| Bradenton Utilities Commission | 101 12th St., West Bradenton, FL 34205 | Waste | $556 |
| CarWars | 6060 N. Central Expressway, Suite #101, Dallas, TX 75206 | Telephone | $5,208 |
| City of North Lauderdale Water and Sewer | PO Box 152546, Cape Coral, FL 33915-2546 | Water | $3,006 |
| Coastal Waste | 4220 15th St. E., Bradenton FL 34208 | Waste | $851 |
| Consolidated Communications | 2116 S. 17th St., Mattoon, IL 61938 | Internet | $441 |

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| Comcast Corporation | 1701 JFK Boulevard, Philadelphia, PA 19103 | Internet | $4,479 |
| Crown Castle | 1220 Augusta Dr., Suite #600, Houston, TX 77057 | Internet | $5,279 |
| Florida Public Utilities | PO Box 610, Marianna, FL 32447-0610 | Natural Gas | $158 |
| Florida Power and Light Company | General Mail Facility Miami, FL 33188-0001 | Electricity | $39,673 |
| Harris County MUD #63 | 9826 Whithorn Dr., Houston, TX 77095 | Water | $1,616 |
| Lumen | 3340 Peachtree Road N.E., Suite #200, Atlanta, GA 30326 | Telephone | $10,868 |
| Manatee County Utilities Department | PO Box 25010, Bradenton, FL 34206-5010 | Water | $1,355 |
| Miami Dade Water and Sewer | PO Box 026055, Miami, FL 33102-6055 | Water | $5,935 |
| Orange County Utilities | 9150 Curry Ford Road, Orlando, FL 32825-7600 | Water | $1,275 |
| Orlando Utilities Commission | PO Box 31329, Tampa, FL 33631-3329 | Electric/Waste | $16,846 |

DOCS_DE:244646.1

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| Palm Beach County Water Utilities Department | 9045 Jog Road, Boynton Beach, FL 33472 | Water | $1,966 |
| Sprint | 6391 Sprint Parkway, Overland Park, KS 66251 | Internet | $851 |
| Starlink | 1 Rocket Road, Hawthorne, CA 90250 | Internet | $232 |
| Summitt Broadband | 1443 Rail Head Boulevard, Naples, FL 34110 | Internet | $859 |
| TECO | PO Box 31318, Tampa, FL 33631-3318 | Natural Gas | $225 |
| TXU Energy | PO Box 650638, Dallas, TX 75265-0638 | Electricity | $5,699 |
| USA Scrap Metal & Recycling | 3147 N.W. N. River Dr., Miami FL 33142 | Waste | $1,597 |
| Waste Connections | 1751 S.W. 43rd Terrance, Deerfield Beach, FL 33442 | Waste | $183 |
| Waste Management | 3831 N.W. 21st Ave., Pompano Beach FL 33073 | Waste | $2,103 |
| Waste Pro | 411 Tall Pines Rd., West Palm Beach FL 33413 | Waste | $2,239 |