IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) ) ) | Case No. 23-11388 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: D.I. 12** |

## INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX, (B) FILE A CONSOLIDATED TOP 20 CREDITORS LIST, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS; AND (II) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Entry of an Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated Top 20 Creditors List, and (C) Redact Certain Personally Identifiable Information for Individual Creditors; and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing, but not directing, the Debtors to (a) file the Consolidated Creditor Matrix, (b) file the Consolidated Top 20 Creditors List, and (c) redact certain personally identifiable information, including home addresses for the Debtors' individual creditors; and (ii) granting related relief, all as more fully set forth in the Motion, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL, 33406.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on September 26, 2023, at 9:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be received by the following parties, by no later than 4:00 p.m., prevailing Eastern Time, on September 21, 2023: (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones (ljones@pszjlaw.com); (iii) Office of the United States Trustee, J. Caleb Boggs

Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard Schepacarter (Richard.Schepacarter@usdoj.gov); and (iv) if any statutory committee has been appointed in the Chapter 11 Cases, counsel to such committee.

3. The Debtors are authorized to submit the Consolidated Creditor Matrix. The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor is permanently waived; *provided* that if any of these Chapter 11 Cases converts to a case pursuant to chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

4. The Debtors are authorized to file the Consolidated Top 20 Creditors List in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors.

5. The Debtors are authorized to redact the email addresses and home addresses, but not the names, of the Debtors' individual interest holders as well as individuals listed on the Consolidated Creditor Matrix and any other paper filed or to be filed with the Court in these Chapter 11 Cases; *provided, however*, that the Debtors shall provide an unredacted version of the Consolidated Creditor Matrix upon request to the U.S. Trustee, any official committee of unsecured creditors subsequently appointed in these Chapter 11 Cases, the Court, and any party in interest upon reasonable request. Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document. Each party receiving an unredacted copy of the Consolidated Creditor Matrix or any other applicable document shall keep such personally identifiable information confidential unless otherwise required to be disclosed by law or court order.

6. When serving any notice in these Chapter 11 Cases on the Debtors' employees, the Claims and Noticing Agent, and, where applicable, the Clerk of the Court, shall use the Debtors' employees' home address.

7. The Claims and Noticing Agent is authorized to post a version of the Consolidated Creditor Matrix on the case website, https://stretto.com/OffLeaseOnly, which does not specify address information for individual creditors.

8. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service. The Debtors shall provide the personally identifiable information to any party in interest upon the execution of an appropriate confidentiality agreement reasonably acceptable to the Debtors, or alternatively entry of an order granting a written motion to the Court that indicates the reason such information is needed (e.g., to serve the employees with notice). Alternatively, the Debtors are authorized to facilitate service of process through the Debtors' claims and noticing agent for any party in interest required to serve a creditor whose information has been redacted pursuant to this Order and arrange for reimbursement of expenses on account of such service with said party in interest.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 15th, 2023
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE