# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) Case No. 23-11388 (CTG) |
| Debtors. | ) (Joint Administration Requested) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX, (B) FILE A CONSOLIDATED TOP 20 CREDITORS LIST, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS; AND (II) GRANTING RELATED RELIEF**

Off Lease Only LLC, Off Lease Only Parent LLC, and Colo Real Estate Holdings LLC, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1, 1007-2, and 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of creditors (the "Consolidated Creditor Matrix") in lieu of submitting a separate mailing matrix for each Debtor, (b) file a consolidated list of the Debtors' twenty (20) largest unsecured creditors (the "Consolidated Top 20 Creditors List") in lieu of submitting a separate list for each Debtor, and (c) redact certain personally identifiable information—including home addresses—for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL, 33406.

DOCS_DE:244644.1

Debtors' individual creditors; and (ii) granting related relief.  In support of this motion (the "Motion"), the Debtors rely upon and incorporate by reference the *Declaration of Leland Wilson in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors, respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Motion are sections 105(a) and 366 of the Bankruptcy Code and Rule 6003 and 6004 of the Bankruptcy Rules.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## BACKGROUND

5. On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Chapter 11 Cases").

6. The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. As of the date hereof, no trustee, examiner, or official committee has been appointed in these Chapter 11 Cases.

8. A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of these Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and incorporated herein.

## RELIEF REQUESTED

9. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing, but not directing, the Debtors to (a) file a Consolidated Creditor Matrix in lieu of submitting a separate mailing matrix for each Debtor, (b) file a Consolidated Top 20 Creditors List in lieu of submitting a separate list for each Debtor, and (c) redact certain personally identifiable information—including home addresses—for the Debtors' individual creditors; and (ii) granting related relief.

## BASIS FOR RELIEF

I. **The Consolidated Creditor Matrix Is Appropriate and Should Be Approved**

10. Section 521(a) of the Bankruptcy Code requires a debtor to file a list of creditors. 11 U.S.C. § 521(a)(1)(A). Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F,

3

G, and H." Fed. R. Bankr. P. 1007(a)(1). Likewise, Local Rule 1007-2(a) requires a debtor to file, together with its voluntary petition, a list containing the name and complete address of each creditor. Local Rule 2002-1(f)(v) further requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix.

11. However, Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice." Del. Bankr. L.R. 1001-1(c). Additionally, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. The Debtors submit that permitting them to maintain a single Consolidated Creditor Matrix, in lieu of filing a separate list of creditors for each Debtor, is warranted. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings. For this reason, the Court has granted relief similar to the relief requested herein. *See, e.g.*, *In re Taronis Fuels, Inc.,* No. 22-11121 (BLS) (Bankr. D. Del. Nov. 15, 2022) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) (same); *In Alex and Ani, LLC.*, No. 21-10917 (CTG) (Bankr. D. Del. June 11, 2021) (same); *In AH Liquidation, Inc.*, No. 18-10122 (CTG) (Bankr. D. Del. June 2, 2021) (same).[3]

---

[3] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

4

II. **The Consolidated Top 20 Creditor List is Appropriate and Should Be Approved**

13. Pursuant to Bankruptcy Rule 1007(d), a debtor must file, together with its voluntary petition, a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, who hold the twenty (20) largest unsecured claims in the debtor's case. *See* Fed. R. Bankr. P. 1007(d).

14. To provide the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") with a clearer picture of the Debtors' creditor constituency, the Debtors have prepared the Consolidated Top 20 Creditors List as opposed to a list of the twenty (20) largest unsecured creditors for each Debtor. One of the primary purposes of filing a list of a debtor's largest unsecured creditors is to facilitate the U.S. Trustee's evaluation of the types and amounts of unsecured claims asserted against a debtor so that the U.S. Trustee can make an informed decision when identifying potential candidates to serve on an official committee of unsecured creditors. Because the Debtors' significant unsecured creditors are captured on the Consolidated Top 20 Creditors List, it will provide the U.S. Trustee with a sufficiently clear picture of the Debtors' unsecured creditor constituency. In addition, the Consolidated Top 20 Creditors List will help alleviate administrative burdens, costs, and the possibility of duplicative service. For this reason, the Court has granted relief similar to the relief requested herein. *See, e.g.*, *In re Taronis Fuels, Inc.,* No. 22-11121 (BLS) (Bankr. D. Del. Nov. 15, 2022) (authorizing filing of consolidated list of debtors' largest creditors); *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) (same); *In Alex and Ani, LLC.*, No. 21-10917 (CTG) (Bankr. D. Del. June 11, 2021) (same); *In AH Liquidation, Inc.*, No. 18-10122 (CTG) (Bankr. D. Del. June 2, 2021) (same).

## III. Redaction of Personally Identifiable Information Should Be Approved

15. Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (internal citations and quotations omitted); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (internal citations and quotations omitted).

16. Specifically, section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b)(1); *see also* Fed. R. Bankr. P. 9018 (same).

17. Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

18. The Debtors respectfully submit that it is appropriate to authorize them to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases the email addresses and home addresses of any of the Debtors' individual equity security holders and creditors—including the Debtors' customers and current and former employees—to the extent applicable, because disclosing such information could be used by third parties, among other things, to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking who have otherwise taken steps to conceal their whereabouts. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[4]

19. The disclosure of the unredacted email addresses and home addresses of individual creditors is not necessary for the purpose of the relevant parties reviewing the amounts owed to those individuals as part of the chapter 11 process, and redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted email addresses and home addresses disclosed would also override the legitimate interest of disclosing them to assist with the Chapter 11 Cases. The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to this Court, the U.S. Trustee, counsel to any statutory committee appointed in the Chapter 11 Cases, and other

---

[4] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

7

parties in interest upon reasonable request (email being sufficient) to the Debtors or this Court that is reasonably related to these Chapter 11 Cases or as otherwise ordered by the Court.

20. Courts in this district have stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which is being requested herein, the Court noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, Case No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82].[5] The Court found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13-16. Similarly, in *Clover Technologies*, the Court overruled the U.S. Trustee's objection, noting that:

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146]. And, in *Forever 21*, in overruling the U.S. Trustee's

---

[5] Similarly, the Court previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, Case No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112].

Notably, the Court acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *Id.* at 45:25-46:2, 47:22–24. The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

8

objection, the Court found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605].

21. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including the Consolidated Creditor Matrix, the email addresses and home addresses of the Debtors' interest holders and individual creditors—including the Debtors' current and former employees, contract workers, debtholders, and other creditors—because such information can be used to, among other things, perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking.

22. Courts in this jurisdiction have granted relief similar to the relief requested herein in comparable cases. *See, e.g.*, *In re Boxed, Inc.*, Case No. 23-10397 (BLS) (Bankr. D. Del. Apr. 6, 2023) (authorizing debtors to redact certain individual addresses and other personal information); *In re Taronis Fuels, Inc.*, Case No. 22-11121 (BLS) (Bankr. D. Del. Nov. 15, 2022) (same); *In re Enjoy Tech., Inc.*, Case No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re Gold Standard Baking, LLC*, Case No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (same); *In re MD Helicopters, Inc.*, Case No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) (same); *In re Alex and Ani, LLC*, Case No. 21-10918 (CTG) (Bankr. D. Del. June 11, 2021) (same).[6]

---

[6] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to Debtors' proposed counsel.

9

**NOTICE**

23.     The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Securities and Exchange Commission; (d) the United States Department of Justice; (f) the office of the attorneys general for the states in which the Debtors operate; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) Cerberus Off Lease Only LLC; (j) Spirit Realty, L.P.; (k) Ally Bank; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

24.     No prior request for the relief sought herein has been made by the Debtors to this or any other court.

10

## CONCLUSION

**WHEREFORE** the Debtors respectfully request that the Court enter the Proposed Order attached hereto as **Exhibit A** granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 7, 2023  
       Wilmington, Delaware

Respectfully submitted,

*/s/ Laura Davis Jones*  
Laura Davis Jones, Esq. (DE Bar No. 2436)  
James E. O'Neill, Esq. (DE Bar No. 4042)  
Colin R. Robinson, Esq. (DE Bar No. 5524)  
**PACHULSKI STANG ZIEHL & JONES LLP**  
919 North Market Street, 17th Floor  
P.O. Box 8705  
Wilmington, Delaware 19899-8705 (Courier 19801)  
Telephone: 302-652-4100  
Facsimile: 302-652-4400  
email: ljones@pszjlaw.com  
       joneill@pszjlaw.com  
       crobinson@pszjlaw.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

-and-

Brian S. Rosen, Esq. (*pro hac vice* pending)  
Megan R. Volin, Esq. (*pro hac vice* pending)  
**PROSKAUER ROSE LLP**  
Eleven Times Square  
New York, New York 10036  
Telephone: (212) 969-3000  
Facsimile: (212) 969-2900  
Email: brosen@proskauer.com  
      mvolin@proskauer.com

-and-

Case 23-11388-CTG    Doc 104-1    Filed 09/07/23    Page 12 of 18

Ashley M. Weringa, Esq. (*pro hac vice* pending)
Christian J. Palacios, Esq. (*pro hac vice* pending)
**PROSKAUER ROSE LLP**
70 W. Madison, Suite 3800
Chicago, Illinois 60602
Telephone: (312) 962-3550
Facsimile: (312) 962-3551
Email:  aweringa@proskauer.com
              cpalacios@proskauer.com

*Proposed Counsel for the Debtors and Debtors in Possession*

12

**Exhibit A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|                                          |   |                                |
|------------------------------------------|---|--------------------------------|
| In re:                                   | ) | Chapter 11                     |
|                                          | ) |                                |
| OFF LEASE ONLY LLC, *et al.*,[1]         | ) | Case No. 23-11388 (CTG)        |
|                                          | ) |                                |
| Debtors.                                 | ) | (Joint Administration Requested) |
|                                          | ) |                                |

### ORDER (I) AUTHORIZING
### DEBTORS TO (A) FILE A CONSOLIDATED CREDITOR MATRIX,
### (B) FILE A CONSOLIDATED TOP 20 CREDITORS LIST, AND (C) REDACT
### CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL
### CREDITORS; AND (II) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Entry of an Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated Top 20 Creditors List, and (C) Redact Certain Personally Identifiable Information for Individual Creditors; and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing, but not directing, the Debtors to (a) file the Consolidated Creditor Matrix, (b) file the Consolidated Top 20 Creditors List, and (c) redact certain personally identifiable information, including home addresses for the Debtors' individual creditors; and (ii) granting related relief, all as more fully set forth in the Motion, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL, 33406.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to submit the Consolidated Creditor Matrix. The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor is permanently waived; *provided* that if any of these Chapter 11 Cases converts to a case pursuant to chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

3. The Debtors are authorized to file the Consolidated Top 20 Creditors List in lieu of each Debtor filing a list of its twenty (20) largest unsecured creditors.

4. The Debtors are authorized to redact the email addresses and home addresses, but not the names, of the Debtors' individual interest holders as well as individuals listed on the

Consolidated Creditor Matrix and any other paper filed or to be filed with the Court in these Chapter 11 Cases; *provided, however*, that the Debtors shall provide an unredacted version of the Consolidated Creditor Matrix upon request to the U.S. Trustee, any official committee of unsecured creditors subsequently appointed in these Chapter 11 Cases, the Court, and any party in interest upon reasonable request.  Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document.  Each party receiving an unredacted copy of the Consolidated Creditor Matrix or any other applicable document shall keep such personally identifiable information confidential unless otherwise required to be disclosed by law or court order.

5. When serving any notice in these Chapter 11 Cases on the Debtors' employees, the Claims and Noticing Agent, and, where applicable, the Clerk of the Court, shall use the Debtors' employees' home address.

6. The Claims and Noticing Agent is authorized to post a version of the Consolidated Creditor Matrix on the case website, https://stretto.com/OffLeaseOnly, which does not specify address information for individual creditors.

7. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.  The Debtors shall provide the personally identifiable information to any party in interest upon the execution of an appropriate confidentiality agreement reasonably acceptable to the Debtors, or alternatively entry of an order granting a written motion to the Court that indicates the reason such information is

DOCS_DE:244644.1

needed (e.g., to serve the employees with notice). Alternatively, the Debtors are authorized to facilitate service of process through the Debtors' claims and noticing agent for any party in interest required to serve a creditor whose information has been redacted pursuant to this Order and arrange for reimbursement of expenses on account of such service with said party in interest.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.