**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re:

Chapter 11

**Off Lease Only LLC, et al.,**

Case No.: **23-11388-CTG**

(Jointly Administered)

Debtors.

_____/

## CREDITOR BROWARD COUNTY'S LIMITED OBJECTION TO DEBTORS' FIRST (1ST) OMNIBUS MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES AND (B) GRANTING RELATED RELIEF

Creditor Broward County hereby files this Limited Objection to the *Debtors' First (1st) Omnibus Motion for Entry of an Order (A) Authorizing Rejection of Certain Unexpired Leases and (B) Granting Related Relief* [the "Motion," ECF 13].

In summary, the Debtors seek to abandon and/or remove tangible property on which Broward County (the "County") has a first lien. The County respectfully requests that any order granting lease rejection and abandonment, or removal of the County's collateral be conditioned upon adequate protection to the County in the form of payment of estimated 2023 taxes.

In support, the County says the following:

1.      The County is a political subdivision of the State of Florida.

2.      In its capacity as tax collector, the County is a creditor of the Debtors.

3.      The Debtors filed for Chapter 11 bankruptcy protection on September 7, 2023 (the "Petition Date").

4.      On the Petition Date, the Debtors had an office with operations located at 827 South State Road 7, North Lauderdale, FL 33068, within the geographic boundaries of the County.

5.      On July 18, 2023, the County filed Proof of Claim No. 9, in Case No. 23-11388-CTG, *In re Off Lease Only LLC,* for estimated 2023 tangible personal property ("TPP") tax in the amount of $11,457.

6.      A first lien, "superior to all other liens," arose in favor of the County by operation of law on January 1, 2023, on the Debtors' taxed TPP located in Broward County. *See* § 197.122, Fla. Stat.

7.      Taxes will become due and payable on November 1, 2023. § 197.333, Fla. Stat.

8.      The Debtors are charged with constructive notice of their tax obligations. § 197.122, Fla. Stat.

9.      In Florida, removal of liened property without the consent of the lienholder is unlawful. *See* § 818.03, Fla. Stat.

10.      Schedule 1 of the Motion mentions a lease or leases with Spirit Realty, L.P., for locations including "Broward" as being among those being rejected. Spirit Realty, L.P., is the record owner of the property at 827 South State Road 7, North Lauderdale, Florida 33068, which is also the record situs of the Debtors' TPP located in Broward County.[1]

11.      The Motion proposes to reject the leases and abandon and/or remove TPP. *See, e.g.,* Motion ¶ 24 ("Finally, the Debtors' abandonment of certain Personal Property may and should be authorized because any *Personal Property that the Debtors do not remove in advance of surrender* and choose to abandon will be burdensome or of inconsequential value to the Debtors' estates.") (emphasis added).

---

[1] Because the Motion and attachments do not identify the rejected properties with specificity, the County objects to the sufficiency of notice. It appears from Schedule 1 that other Florida tax collectors, while not represented by the undersigned, may be affected by the motion but may be unaware due to the vagueness of Schedule 1.

12.     Moreover, the Motion proposes to abandon the property to junior lienholders, the

landlords, free and clear of all liens. The Proposed Order attached to the Motion would provide:

> The Debtors are authorized, but not directed, to abandon any Personal Property located at the Premises identified on Schedule 1 to Exhibit A and all such property is deemed abandoned as of the date specified in Schedule 1 *free and clear of all liens*, claims, encumbrances, interests, and rights of the Debtors and third parties. *The applicable counterparty to each Rejection Lease may utilize or dispose of such Personal Property without liability to any third parties, and without further notice* to any party claiming an interest in such abandoned Personal Property.

Proposed Order, ¶ 5 (emphasis added).

13.     The County was unable to find any authority cited in the Motion for the proposition

that an estate may abandon property free and clear of liens. The County knows of no such authority.

14.     The County does not consent to this disposition of its collateral absent the relief

requested herein.

15.     But for the automatic stay, the County would have the right to seize the collateral

per section 197.412, Florida Statutes.

16.     Based upon the Debtors' statements in the Motion and previous *ad valorem*

assessments, the County is informed and believed that its collateral is not of "inconsequential

value." It appears that Debtors intend to either surrender the County's collateral to a junior

lienholder (assuming the landlords have liens at all) or move it to parts unknown, or both. The

County's security interest in the collateral would therefore be impaired or lost if the Court were to

grant the motion without adequate protection.

17.     Moreover, the Debtors' statements indicate that the relocation of the County's

collateral was done pursuant to the company's reorganization efforts and therefore was outside the

ordinary course of business. Motion ¶ 24.

18.     When a debtor wishes to use property outside the ordinary course of business, a party with an interest of the property is entitled to adequate protection. 11 U.S.C. § 363(e).

19.     Therefore, the County is entitled to adequate protection.

20.     The Bankruptcy Code expressly states that cash payments are one permitted form of adequate protection. 11 U.S.C. § 361.

21.     The County is informed and believes that Debtors have requested an extension for filing a final TPP tax return with the nonparty Broward County Property Appraiser.[2] As tax collector, the County has a ministerial duty to issue a refund if the property appraiser changes the assessment.

22.     The County has written to and telephoned Debtors' counsel in hopes of resolving this Limited Objection, but so far has not received a response, and the objection deadline is imminent.

WHEREFORE if the court grants the Motion, the County respectfully asks that the order include language requiring the Debtors to pay estimated taxes within 10 days. Payment shall be without prejudice to Debtors' ability to seek a reduction in assessment and refund in the manner prescribed by Florida law.

Respectfully submitted this 21st day of September 2023,

> Andrew J. Meyers
> Broward County Attorney
> Governmental Center, Suite 423
> 115 South Andrews Avenue
> Fort Lauderdale, Florida 33301
> Telephone:    (954) 357-7600
> Telecopier:    (954) 357-7641

By    /s/ Scott Andron

---

[2] The Property Appraiser is an independent officer under Article VIII, section 1, of the Florida Constitution and is not represented by undersigned counsel.

Scott Andron
Assistant County Attorney
Florida Bar No.112355
sandron@broward.org