**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>OFF LEASE ONLY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11388 (CTG)<br><br>Re: Docket Nos. 13, 101<br><br>Hearing Date: Sept. 26, 2023 at 9:30 a.m. (ET) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CDK GLOBAL, LLC
WITH RESPECT TO DEBTORS' FIRST (1ST) OMNIBUS MOTION FOR ENTRY OF
AN ORDER (A) AUTHORIZING REJECTION OF CERTAIN UNEXPIRED LEASES
AND (B) GRANTING RELATED RELIEF**

CDK Global, LLC ("CDK") files this limited objection and reservation of rights (this "Objection") to *Debtors First (1st) Omnibus Motion for Entry of an Order (A) Authorizing Rejection of Certain Unexpired Leases and (B) Granting Related Relief* [D.I. 13] (the "Rejection Motion"). In support of this Objection, CDK respectfully states as follows:

**PRELIMINARY STATEMENT**

1. CDK does not oppose Debtors' rejection of the leases. However, the Debtors do not have the authority to abandon CDK's property because it is not property of the Debtors' estates. Moreover, the Debtors have an obligation under the parties' Agreement to return CDK's property upon termination of the Agreement or any particular Schedule thereto. CDK should be given sufficient time and notice such that it can work with the Debtors to arrange for the de-installation and return of its property at the Leased Premises. CDK therefore objects to the Rejection Motion unless appropriate safeguards are put in place to protect its rights and interests in the CDK Property

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Off Lease Only LLC (7345); Off Lease Only Parent LLC (2753); and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

and under the Agreement. CDK will endeavor to work cooperatively with the Debtors to ensure that the CDK Property is removed from the Leased Premises as expeditiously as possible.

## BACKGROUND

2. On September 7, 2023 (the "Petition Date"), each of the Debtors commenced a chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

3. As set forth in the *Declaration of Leland Wilson in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), the Debtors ceased operations on or about September 6, 2023 and filed these Chapter 11 Cases to wind down their businesses.

4. On the Petition Date, the Debtors filed the Rejection Motion, which seeks authority to reject certain unexpired leases of real property (the "Leased Premises") effective as of the dates set forth in Schedule 1 to the proposed order on the Motion (the "Rejection Dates"), in most cases at the end of this month. The Debtors also request authority to abandon any "Personal Property"[2] located at the Leased Premises, as of the Rejection Dates, "free and clear" of the rights and interests of third parties. *See* Rejection Motion at Ex. A ("Proposed Order") at ¶5. The Proposed Order on the Rejection Motion purports to permit lease counterparties to "utilize or dispose" of the Personal Property without liability to third parties. *Id.* Pursuant to the Notice of Hearing on the Rejection Motion [D.I. 101], objections to the Rejection Motion are due by September 21, 2023 at 4:00 p.m. (ET) and a hearing on the Rejection Motion is scheduled for September 26, 2023 at 9:30 a.m. (ET).

5. Prior to the Petition Date, CDK and the Debtors entered into that certain Master Services Agreement (together with all Addenda and Schedules thereto, the "Agreement"), pursuant

---

[2] "Personal Property" is defined in the Motion to include "certain personal property (including, without limitation, vehicles)...located at the [Leased] Premises." Motion at p. 1. CDK is unable to determine from the definition of Personal Property whether its property is included within this definition.

to which CDK provided, and continues to provide, various "Products and Services" (as such terms are defined in the Agreement) to the Debtors, including software and software licenses and related support services and leased Equipment (as defined in the Agreement) and related maintenance services. Certain of the Equipment and other property that have been leased or otherwise provided by CDK to the Debtors pursuant to the Agreement, primarily consisting of printers and routers, are owned by CDK (collectively, the "CDK Property"). A detailed listing of the CDK Property, which has previously been provided to counsel for the Debtors, is attached hereto as **Exhibit A**.

6. The Agreement provides that the Debtors will use the CDK Property only for their internal business purposes and will not sell or otherwise provide any of the CDK Property to any third party. Agreement at ¶4(B). At the termination of the Agreement or any Schedule thereto, the Debtors are obligated to return the CDK Property to CDK. *See id.* at ¶4(D).

## **LIMITED OBJECTION**

7. CDK objects to the Rejection Motion to the extent that it seeks authority to abandon the CDK Property located at the Leased Premises. The Debtors do not have authority to abandon the CDK Property. Section 554(a) of the Bankruptcy Code only permits debtors to abandon "property of the estate." 11 U.S.C. § 554(a); *In re Brockelbank*, 2022 Bankr. LEXIS 661 *1 (Bankr. W.D. Mich. March 14, 2022) (court unwilling to approve abandonment of property that was not property of the debtor's estate). In this case, the Debtors do not own the CDK Property and accordingly lack authority to abandon it under Section 554 upon rejection of the leases.

8. In addition, the relief requested in the Rejection Motion should be conditioned upon the Debtors' complying with their obligations under the Agreement to return the CDK Property to CDK. Removal of the CDK Property from the Leased Premises will require de-installation of the Equipment and will necessitate arrangements for a third party logistics company to remove it from

the site. This process can take several weeks to coordinate. CDK understands that the Debtors will want to verify that the property is in fact owned by CDK. While CDK has already provided a detailed listing of the CDK Property to the Debtors, the Debtors have not yet confirmed that CDK may pick up its property. CDK also understands that the Leased Premises addresses contained within Schedule 1 are mailing addresses, and not necessarily indicative of the physical addresses of the locations that are being closed. This has led to further confusion as to what physical locations are indeed closing as a result of the Rejection Motion. Further, CDK understands that the Debtors may need certain of the CDK Property to wind down their businesses, and the parties will need to work together to identify the non-essential property that may currently be removed. Accordingly, the relief requested in the Rejection Motion should be conditioned upon the Debtors providing sufficient time and notice to CDK to allow for the above process to be completed prior to removal of the CDK Property.

9. CDK has been and will continue to work cooperatively with the Debtors to remove the CDK Property as expeditiously as possible.

## RESERVATION OF RIGHTS

10. CDK reserves the right to update, supplement or modify this Objection as may be necessary or appropriate, and to submit additional documents or evidence in support hereof.

11. CDK reserves all rights, claims and defenses with respect to the CDK Property under the Bankruptcy Code, applicable state law, the Agreement and any other applicable authority as against the Debtors and non-debtor third parties, including any landlord of the Leased Premises.

WHEREFORE, CDK objects to the Rejection Motion to the limited extent set forth herein and respectfully requests that (I) any order approving the Rejection Motion provide that (A) CDK shall have a reasonable amount of time to arrange for removal of the CDK Property from the Leased Premises, (B) the Debtors are not authorized to abandon or otherwise dispose of the CDK Property, (C) CDK's rights and claims under the Agreement are reserved and preserved, and (II) CDK be afforded such other and further relief as is just and proper.

Dated: September 21, 2023
      Wilmington, Delaware

BARNES & THORNBURG LLP

*/s/ Kevin G. Collins*
Kevin G. Collins (DE No. 5149)
222 Delaware Ave., Suite 1200
Wilmington, DE 19801
(302) 300-3455
kcollins@btlaw.com

*Counsel to CDK Global, LLC*