**Exhibit A**

**Ally Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) Case No. 23-11388 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 13** |

**ORDER (I) AUTHORIZING (A) REJECTION OF
CERTAIN UNEXPIRED LEASES AND (B) GRANTING RELATED RELIEF**

Upon the *Debtors' First (1st) Omnibus Motion for Entry of an Order (A) Authorizing Rejection of Certain Unexpired Leases Effective as of the Petition Date and (B) Granting Related Relief* [Docket No. 13] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to reject the Leases set forth on **Schedule 1** to **Exhibit A** attached hereto, effective as of the dates specified in Schedule 1, (b) authorizing the Debtors to abandon any Personal Property that may be located at the Premises, effective as of the dates specified in Schedule 1, and (c) granting related relief; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 334063.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and any objections filed thereto and having heard the statements regarding the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth in this Order.

2. Each of the Rejection Leases identified on **Schedule 1** to **Exhibit A** is rejected pursuant to sections 105(a) and 365 of the Bankruptcy Code effective as of the date specified therein; *provided*, *however*, that, in the event necessary and appropriate, the Debtors reserve the right to negotiate with the applicable landlords to continue use and occupancy of the premises.

3. The Debtors shall not be liable for any additional administrative expenses arising after applicable effective date of rejection with respect to the Rejection Leases.

4. The Debtors do not waive any claims that they may have against any counterparty to the Rejection Leases, whether or not such claims arise under, are related to the rejection of, or are independent of the Rejection Leases.

5. The Debtors are authorized, but not directed, to abandon any Personal Property located at the Premises identified on **Schedule 1** to **Exhibit A** and all such property and any proceeds thereof is deemed abandoned as of the date specified in Schedule 1 free and clear of all

liens, claims, encumbrances, interests, and rights of the Debtors. Subject to any agreements between the applicable counterparty to each Rejection Lease and third parties and subject to any liens, claims, encumbrances, interests, or other rights of third parties in such Personal Property or the proceeds thereof, the applicable counterparty to each Rejection Lease may utilize or dispose of such Personal Property. The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

6. Notwithstanding any other provision of this Order, neither this Order nor the Debtors' abandonment of any Personal Property pursuant to this Order shall affect any liens, claims, encumbrances, interests, or rights of Ally Financial Inc. or Ally Bank in any Personal Property located at the Premises or the proceeds thereof, including, for the avoidance of doubt, the liens, claims, encumbrances, interests, or rights of Ally Financial Inc. or Ally Bank in the motor vehicles located at the Premises or the proceeds thereof, and any such liens, claims, encumbrances, interests, or rights are preserved.

7. Notwithstanding any other provision of this Order, neither this Order nor the Debtors' abandonment of any Personal Property pursuant to this Order shall affect any agreements between Ally Financial Inc. and/or Ally Bank and the applicable counterparty to each Rejection Lease, and the rights of Ally Financial Inc. and/or Ally Bank to access the Premises and remove or repossess the Personal Property in accordance with any such agreements is preserved. The automatic stay, to the extent applicable, is modified to allow Ally Financial Inc. and/or Ally Bank to exercise its rights under such agreements, coordinate directly with the applicable counterparty to each Rejection Lease regarding access to the Premises and the abandoned Personal Property, and to sell any abandoned Personal Property that is subject to the Ally Parties' liens and security

interests. The Ally Parties are authorized to retain and apply the proceeds of any such sales to the Ally Parties' claims against the Debtors without any further order of the Court.

8. Neither this Order nor the Debtors' abandonment of any Personal Property shall affect the relief granted in (i) the *Order Approving Stipulation (A) Granting Limited Relief From the Automatic Stay, (B) Providing for the Return and Sale of the Ally Collateral, and (C) Scheduling a Hearing to Determine the Valuation of the Ally Collateral* and the Stipulation approved thereunder [Docket No. 80], (ii) the *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 94] (the "Interim Cash Collateral Order"), or (iii) any other order granting the relief set forth in the Interim Cash Collateral Order on a final basis.

9. Nothing herein shall prejudice the rights of the Debtors to argue that any of the Rejection Leases were terminated prior to the applicable effective date of rejection, or that any claim for damages arising from the rejection of the Rejection Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates; provided that rights of any such third party to challenge, object to or otherwise disclaim any such obligation or liability or any responsibility therefore shall not be prejudiced and are hereby preserved.

10. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to

pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) an authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

12. Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), to the extent applicable, and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

| Landlord/ Counterparty | Landlord/ Counterparty Address | Title/Description of Lease | Effective Date of Rejection & Abandonment of Personal Property |
|---|---|---|---|
| Colonnade Centrepark East LLC | 521 Fifth Avenue Suite 1810 New York, NY 10175 | Office Lease dated as of July 26, 2021<br><br>Corporate Headquarter Lease | 9/30/2023 |
| Spirit Realty, L.P. | 2727 N. Harwood Street, Suite 300 Dallas, Texas 75201 | Amended and Restated Master Lease Agreement dated as of June 24, 2021<br><br>Master lease for used car dealerships and additional properties which the Debtors leased to third parties | Bradenton, Broward, Houston – 9/30/2023<br><br>Orlando, Palm Beach – 10/31/2023 |
| SmithCo Grand Parkway, LP | 1400 Post Oak Boulevard, Suite 900, Houston, Texas 77056 | Ground Lease dated as of October 5, 2021<br><br>Ground lease for used car dealership | 9/30/2023 |
| Jim R. Smith | 1400 Post Oak Boulevard, Suite 900, Houston, Texas 77056 | Lease Agreement dated as of May 12, 2022<br><br>Office Lease | At the Petition Date |
| Left Gate Property Holding, LLC | 3600 W Sam Houston Pkwy S, Floor 4 Houston, Texas 77042 | Sublease Agreement dated as of March 30, 2023<br><br>Sublease for used car dealership | 9/30/2023 |
| Nona Business Center, LLC | 10783 Narcoossee Rd., Suite #117, Orlando, FL 32832 | Lease Agreement dated as of April 28, 2017<br><br>Parking lot lease | 9/30/2023 |
| Nona Business Center, LLC | 2701 Michigan Avenue, Suite J, Kissimmee, FL 34744 | Lease Agreement dated as of October 9, 2014<br><br>Warehouse lease | 9/30/2023 |
| Ave Building B2, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of May 6, 2014<br><br>Sublease for used car dealership | 9/30/2023 |

| | | | |
|---|---|---|---|
| Ave Building B3, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of October 18, 2016<br><br>Sublease for used car dealership | 9/30/2023 |
| Ave Building I, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of October 12, 2015<br><br>Sublease for used car dealership | 9/30/2023 |
| Ave Building J, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of July 31, 2019<br><br>Sublease for used car dealership | 9/30/2023 |
| Ave Building O, LLC | 14350 NW 56 Court, Suite 118 Miami, Florida 33054 | Sublease Agreement dated as of June 6, 2012<br><br>Sublease for used car dealership | 9/30/2023 |
| Strata Realty, Inc. | P.O. Box 19358 West Palm Beach, Florida 33416 | Lease Agreement dated as of August 3, 2016<br><br>Lease for used car dealership | 9/30/2023 |
| Stratemeyer, LLC | P.O. Box 19358 West Palm Beach, Florida 33416 | Lease Agreement dated as of August 3, 2016<br><br>Lease for used car dealership | 9/30/2023 |
| Boatmart, Inc. | P.O. Box 19358 West Palm Beach, Florida 33416 | Lease Agreement dated as of August 3, 2016<br><br>Lease for used car dealership | 9/30/2023 |