**Exhibit B**

**Declaration of Michael Buenzow**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) ) ) | Case No. 23-11388 (CTG) |
| Debtors. | ) ) ) ) ) ) ) | (Jointly Administered) |

**DECLARATION OF MICHAEL BUENZOW IN SUPPORT OF THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, Bankruptcy Rule 2014(a), and Local Rule 2014-1 Michael Buenzow declares as follows:

1. I am a Senior Managing Director with FTI Consulting, Inc. (together with its wholly-owned subsidiaries, "FTI"), an international consulting firm. I am duly authorized to make and submit this declaration (the "Declaration") on behalf of FTI in connection with the proposed employment of FTI as financial advisor to the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned Chapter 11 Cases to perform services as set forth in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Debtors Effective as of the Petition Date* (the "Application").[2] I submit this Declaration in accordance with Bankruptcy Code sections 327(a), 328(a), and 1107(b),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1. Except as otherwise noted, I have personal knowledge of the matters set forth herein or have been informed of the matters set forth herein by other professionals as FTI.[3]

## Disinterestedness and Eligibility

2. In connection with the preparation of this Declaration, FTI conducted a review of its contacts with the Debtors, their affiliates and certain entities holding large claims against or interests in the Debtors that were made reasonably known to FTI. A listing of the parties reviewed is reflected on **Schedule 1** to this Declaration. FTI's review, completed under my supervision, consisted of a query of the **Schedule 1** parties within an internal computer database[4] containing names of individuals and entities that are present or recent former clients of FTI. A summary of such relationships that FTI identified during this process is set forth on **Schedule 2** to this Declaration.

3. Based on the results of its review, FTI does not have a relationship with any of the parties on **Schedule 1** in matters related to the Debtors or these proceedings. FTI has provided, and could reasonably be expected to continue to provide, services unrelated to the Debtors' cases for the various entities shown on **Schedule 2**. FTI's assistance to these parties has been related to providing various financial restructuring, litigation support, technology, strategic communications and economic consulting services. To the best of my knowledge and except as otherwise disclosed herein, no services have been provided to these parties in interest that involve their rights in the Chapter 11 Cases, nor does FTI's involvement in the Chapter 11 Cases compromise its ability to

---

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

[4] For the avoidance of doubt, FTI's computer database covers FTI Consulting, Inc. and its wholly-owned subsidiaries globally.

continue such consulting services.

4.    In addition to the relationships disclosed on Schedule 2, FTI discloses the following:

- It is my understanding that American Express Company is a creditor of the Debtors. Laureen E. Seeger, a member of the board of directors of FTI Consulting, Inc. is currently chief legal officer of American Express Company. To the best of my knowledge, Ms. Seeger does not have any professional involvement in this matter in any capacity.

5.    As part of its diverse practice, FTI appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Chapter 11 Cases. Also, FTI has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, FTI has in the past, may currently, and will likely in the future be working with or against other professionals involved in the Chapter 11 Cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests adverse to the Debtors in matters upon which FTI is to be employed and none are in connection with the Chapter 11 Cases.

6.    FTI is not a "creditor" of any of the Debtors within the meaning of Bankruptcy Code section 101(10). Further, neither I nor any other member of the FTI engagement team serving the Debtors, to the best of my knowledge: (i) is a creditor, equity security holder, or insider of any of the Debtors; (ii) is or has been within the two (2) year period prior to the Petition Date, a director, officer, or employee of any of the Debtors; or (iii) has any interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or

indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. As such, to the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, FTI (i) is a "disinterested person" as defined in Bankruptcy Code section 101(14) and (ii) neither holds nor represents an interest adverse to the Debtors or their estates. Therefore, FTI believes it is eligible to represent the Debtors pursuant to Bankruptcy Code section 327(a).

7. It is FTI's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, FTI will file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

## Professional Compensation

8. Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, orders of this Court and applicable U.S. Trustee guidelines, FTI will seek payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by FTI, up to an aggregate amount of ten percent (10%) of the amount of total fees incurred in connection with its retention as financial advisor during the engagement, including legal fees related to the Application (if any), as approved by the Court. FTI's customary hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application. These hourly rates are adjusted periodically, typically on an annual basis. I believe that the fee structure as set forth in the Application is reasonable and comparable to those generally charged by financial advisors and consultants of similar stature to FTI for comparable engagements, both in and out of chapter 11.

9.	To the extent FTI utilizes independent or third-party contractors or subcontractors (the "Contractors") in the provision of services to the Debtors, FTI will (i) pass through the fees of such Contractors at the same rate that FTI pays the Contractors and (ii) seek reimbursement for actual costs of the Contractors only. In addition, FTI will ensure that each Contractor files a separate declaration evidencing its disinterestedness in the Chapter 11 Cases as required by the Bankruptcy Code and Bankruptcy Rules.

**Compensation Received by FTI from the Debtors**

10.	During the ninety (90) days immediately preceding the Petition Date, FTI received payments and advances in the aggregate amount of One Million One Hundred Eighty-Nine Thousand One Hundred Six Dollars and Sixty-Six Cents ($1,189,106.66), comprised of (i) Two Hundred Fifty Thousand Dollars ($250,000.00) in "Cash on Account" as an advance retainer payment pursuant to the terms of the Engagement Letter and (ii) Nine Hundred Thirty-Nine Thousand One Hundred Six Dollars and Sixty-Six Cents ($939,106.66) in additional payments for services rendered and expenses incurred pursuant to the terms of the Engagement Letter. Of this amount, FTI currently holds a balance of Two Hundred Fifty Thousand Dollars ($250,000.00) pursuant to the terms of the Engagement Letter.

11.	FTI is not owed any amounts with respect to its prepetition fees and expenses. However, in the event that FTI holds a prepetition fee or expense claim, FTI will waive such claim upon entry of a final order approving its engagement in these cases.

12.	To the best of my knowledge, (i) no commitments have been made or received by FTI with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (ii) FTI has no agreement with any

other entity to share with such entity any compensation received by FTI in connection with the Chapter 11 Cases.

### No Duplication of Services

13. The Debtors and FTI intend that FTI's services will be appropriately directed by the Debtors so as to avoid duplication of efforts among the other professionals retained in the Chapter 11 Cases and performed in accordance with applicable standards of the profession. FTI will work collaboratively with the Debtors' other professionals to avoid duplication of services among professionals. I believe that the services to be provided by FTI will complement and will not be duplicative of any services of the Debtors' other professionals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 27, 2023

                                                  */s/ Michael Buenzow*
                                                  Michael Buenzow

## Schedule 1

### Schedule of Searched Parties

| | |
|---|---|
| 700Credit | Google |
| Acrumen LLP | Guardian Insurance |
| Allied Benefits Systems | Gunster Corporate Law |
| Ally Financial | IBM Corp |
| American Express | Ignite Consulting Partners LLC |
| Arch Insurance | iHeart Media |
| Autotrader.com Inc. | Ironshore |
| Autozone Inc. | Kloppe v. Off Lease Only |
| Axiom Product Administration | KPMG LLP |
| Bank of America Merrill Lynch | Liberty Mutual |
| Billy Donnell Allen v. Bjorn Sean Wayne Nunes, and Off Lease Only LLC | M&E Holdings |
| | M&E Holdings, Inc. |
| Business Talent Group, LLC | M&E OLO Holdings, Inc. |
| C-4 Analytics, LLC | Manheim Transportation |
| Carfax Inc. | Microsoft Corporation |
| Cargurus | Microsoft Online, Inc. |
| Cars.com | NWAN Inc. |
| CDK Global | Ocean Detailing USA Management |
| CenturyLink | Off Lease Only LLC |
| Cerberus Capital Management | Off Lease Only Management LLC |
| Cerberus Off Lease Only LLC | Off Lease Only Parent LLC |
| Cerberus Operations an Advisory Company | Outfront Media |
| Cerberus Technology Solutions | Ownershield |
| Classic Norman & Company, Inc. | Pachulski Stang Ziehl & Jones LLP |
| Colo Real Estate Holdings LLC | Paragon Insurance Holdings |
| Corporate Forensics | Proskauer Rose LLP |
| Criteo Corp | Ranger Guard & Investigations |
| Crowe LLP | Seyfarth Shaw LLP |
| Davis-Agustin Demand Letter | Shift Operations LLC |
| De Lage Financial Services, Inc. | Smith & Hopen P. A. |
| Debevoise & Plimpton LLP | Spirit Realty Capital |
| Dent Wizard | Starr Insurance Companies |
| Direct Results Marketing LLC | Travelers Casualty and Surety Company of America |
| ECook Consulting | |
| Falls Lake Insurance Companies | Trueframe |
| Fee & Jeffries LLP | Unum Insurance |
| Florida Blue Cross Blue Shield | Veritext |
| Florida Engineering & Development Corp. | Vroom Automotive |
| | W.R. Berkley |
| | Warranty Solutions |
| | Wiggs-Stayner v. Boats Direct LLC d/b/a Boats Direct USA, Boats Direct LLC d/b/a Boats Direct USA Brokerage, New Boats Direct LLC d/b/a Deep Impact Custom Boats, Mark Fischer, Off Lease Only LLC f/k/a Off Lease Only, Inc |

**Schedule 2**

**Schedule of Interested Parties that Currently Employ or Have Formerly Employed FTI**

Ally Financial
American Express
Arch Insurance
Bank of America Merrill Lynch
CDK Global
CenturyLink
Cerberus Capital Management
Crowe LLP
Debevoise & Plimpton LLP
Florida Blue Cross Blue Shield
Google
IBM Corp
Ironshore
Liberty Mutual
Microsoft Corporation
Off Lease Only LLC
Pachulski Stang Ziehl & Jones LLP
Paragon Insurance Holdings
Proskauer Rose LLP
Seyfarth Shaw LLP
Starr Insurance Companies
Travelers Casualty and Surety Company of America
Cerberus Operations an Advisory Company
KPMG LLP