# EXHIBIT B

| | |
|---|---|
| IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE<br>In re:<br><br>OFF LEASE ONLY LLC, ~~et al.,~~[1]<br><br>Debtors. | )<br>)<br>)  Chapter 11<br>)<br>)  Case No. 23~~-----~~-11388 (~~----~~)CTG<br>)<br>)  ~~(Joint Administration Requested)~~(Jointly Administered)<br>)<br>)<br>)  Re: Docket No. ~~--~~9 |

**FINAL ORDER (I) AUTHORIZING MAINTENANCE, ADMINISTRATION, AND CONTINUATION OF THE DEBTORS' CUSTOMER PROGRAMS AND SALE PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of Debtors for ~~an~~ Entry of Interim and Final Orders (i) Authorizing Maintenance, Administration, and Continuation of the Debtors' Customer Programs and Sale Programs~~,~~ and (ii) Granting Related Relief* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), all as described in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, their estates, property of their estates and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL~~,~~ 33406.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court~~, as applicable~~; and ~~this Court having entered an interim order approving the Motion; and this Court~~ having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

   1. The Motion is GRANTED on a final basis, as set forth herein.

   2. The Debtors are authorized, but not directed, to maintain and administer the Customer Programs and Sale Programs, and to honor the obligations thereunder as set forth in the Motion.

   3. The Debtors are authorized, ~~but not required, to honor~~<ins>but not directed, to honor, pay, or otherwise satisfy</ins>, in their sole discretion, the Prepetition Customer Obligations and Sale Obligations that were due and payable as of the Petition Date and to return the ~~Customer Deposits.~~

   ~~4. The Debtors are authorized,~~ <ins>but not directed, to honor, pay, or otherwise satisfy</ins>~~, in their discretion, prepetition amounts on account of the Sale Obligations and~~ Customer Deposits, in an amount not to exceed $2,310,000 on a final basis, <ins>consisting of (i) $600,000 on</ins>

account of lien payoffs, (ii) $670,000 in expenses related to processing title and registration, (iii) $690,000 on account of F&I Products; and (iv) $350,000 on account of Customer Deposits, absent further order of the Court.

4. ~~5.~~ The Banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks, drafts, wires, ACH transfers, and fund transfers on account of the Prepetition Customer Obligations, Prepetition Sale Obligations, and Customer Deposits that had not been honored and paid as of the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments. The Banks are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this Final Order.

5. ~~6.~~ This Final Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Prepetition Customer Obligations on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

6. Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* and any final order in connection therewith (collectively, the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order). To the extent there is any inconsistency between the terms of such Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Order

and the Budget shall control.

7.  Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order or any payment made pursuant to this Final Order shall constitute, nor ~~it~~ is it intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

8.  Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

9.  ~~8.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.  ~~9.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and ~~provisions~~ conditions of this Final Order ~~shall be~~ are immediately effective and enforceable upon its entry.

11.  ~~10.~~ The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12. ~~11.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____ September [_], 2023
Wilmington, Delaware