# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) Case No. 23-11388 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No. 11 |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) MAINTAIN EXISTING INSURANCE POLICIES AND THE SURETY BOND PROGRAM AND PAY ALL OBLIGATIONS ARISING THEREUNDER AND (B) CONTINUE THEIR INSURANCE PREMIUM FINANCING PROGRAM; AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Existing Insurance Policies and the Surety Bond Program and Pay All Obligations Arising Thereunder, (B) Continue Their Insurance Premium Financing Program, and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an final order (this "Final Order"), (i) authorizing, but not directing, the Debtors to (a) maintain their existing insurance policies and the surety bond program and pay all obligations arising thereunder or in connection therewith and (b) continue their insurance premium financing program; (ii) authorizing the Banks to honor and process all checks and electronic transfer requests related to the foregoing; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to continue to maintain and perform under their Insurance Program and the Surety Bond Program during the duration of the wind-down, consistent with the Debtors' past practice.

3. The Debtors are authorized, but not directed, (i) to continue honoring, during the duration of the wind-down, consistent with the Debtors' past practice, the Financing Agreements and (ii) to pay their regular installment payments under the Financing Agreements as the same become due during the duration of the wind-down, consistent with the Debtors' past practice.

4. Notwithstanding anything to the contrary in the Financing Agreements, the Debtors' filing of these Chapter 11 Cases shall not constitute a default pursuant to the Financing Agreements.

5. The Debtors are authorized, but not directed, in their discretion, to pay, honor, or otherwise satisfy premiums, claims, deductibles, administrative fees, and any other prepetition or postpetition obligations on account of the Insurance Program and the Surety Bond Program, to the extent that the Debtors determine, in their sole discretion, that such actions are in the best interests of their estates.

6. All Banks are authorized, but not directed, when requested by the Debtors, in the Debtors' discretion, to process and honor all checks and fund transfer requests for prepetition obligations related to the Insurance Program and the Surety Bond Program that the Debtors are authorized to pay pursuant to this Final Order, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, provided, that funds are available in the Debtors' accounts to cover the checks and fund transfers. The Banks are authorized, but not directed, to rely on the Debtors' designation of any particular check or fund transfer request to be honored, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order. The Debtors are authorized to issue new postpetition checks to replace any checks, drafts and other forms of payment, or effect new postpetition electronic transfers, which may be inadvertently dishonored or rejected, and to reimburse any expenses that may be incurred as a result of any bank's failure to honor a prepetition check.

7. Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the

3

Court's *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* and any final order in connection therewith (collectively, the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order). To the extent there is any inconsistency between the terms of such Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Order and the Budget shall control.

8. Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights any party in interest may have to subsequently dispute any obligation on any ground that applicable law permits.

9. Nothing in this Final Order or the Motion shall be deemed to constitute assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code. Notwithstanding the relief granted herein and any actions taken hereunder, nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of any claim held by, any person.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

# SCHEDULE 1

## Insurance Policies

| Schedule of Insurance Policies | | | |
|---|---|---|---|
| **Type of Policy Coverage** | **Insurance Carrier(s)** | **Policy Number** | **Policy Term** |
| Property | Starr Surplus Lines Insurance Company | SLSTPTY11776523 | 04/1/2023 – 04/1/2024 |
| D&O | Travelers Casualty and Surety Company of America | 107181358 | 11/15/2022– 11/15/2023 |
| Excess D&O | Liberty Mutual Insurance | DO6NACEPOO002 | 11/15/2022– 11/15/2023 |
| Side A D&O | Berkley Insurance Company | BPRO8086764 | 11/15/2022– 11/15/2023 |
| Commericial Liability Umbrella | Falls Lake Insurance Companies | AXS000024203 | 04/1/2023 – 04/1/2024 |
| Cyber | Ironshore Indemnity | EO5NACEDAK002 | 11/6/2022– 11/6/2023 |
| Site Pollution | Allied World Insurance Company (U.S.) Inc. | 0312 - 1168 | 11/15/2022 – 11/15/2025 |