# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) |
|  | ) Case No. 23-11388 (CTG) |
| Debtors. | ) |
|  | ) (Jointly Administered) |
|  | ) |
|  | ) **Re:  Docket No. 14** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN
PREPETITION AND POSTPETITION TAXES AND FEES AND
(II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing, but not directing, the Debtors to remit and pay Taxes and Fees on a final basis, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found

that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after

due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to pay prepetition Taxes and Fees to

the Taxing Authorities, subject to an aggregate maximum of Five Hundred Seventy Five Thousand

Dollars ($576,600.00) consisting of (i) Three Hundred Eighty-Three Thousand Dollars

($383,000.00) in Sales and Use Taxes, (ii) One Hundred Twenty-Five Thousand Dollars

($125,000.00) in Vehicle Inventory Taxes, (iii) Three Thousand Six Hundred Dollars ($3,600.00)

in Regulatory and Other Taxes and Fees, and (iv) Sixty-Five Thousand Dollars ($65,000.00) in

Personal Property Taxes. The Debtors' rights to seek authority to pay any additional prepetition

Taxes and Fees in the event such additional Taxes and Fees are determined to be due and owing,

upon an audit or otherwise, are reserved.

3.      Nothing in this Final Order shall be construed as authorizing the Debtors to pay any

amounts on account of past-due taxes or to prepay any Taxes and Fees, except with respect to trust

fund taxes that do not constitute property of the Debtors' estates.

4.      This Final Order is without prejudice to the rights of the Debtors and their estates to contest the validity, priority or amounts of any Taxes and Fees or audit amounts on any grounds they deem appropriate, and any rights of the Debtors and their estates with respect to such matters shall be reserved.

5.      The Banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks and fund transfers on account of the Taxes and Fees that had not been honored and paid as of the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments.    The Banks are authorized to rely on the representations of the Debtors as to which checks and fund transfers are authorized to be honored and paid pursuant to this Final Order.

6.      Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* and any final order in connection therewith (collectively, the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order). To the extent there is any inconsistency between the terms of such Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Order and the Budget shall control.

7.      Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Final Order, shall be deemed an admission as to the validity of the underlying obligation or a waiver of any rights any party in interest may have to subsequently dispute any obligation on any ground that applicable law permits.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.