# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) ) | Case No. 23~~——~~-11388 (~~——~~CTG) |
| Debtors. | ) ) | ~~(Joint Administration Requested)~~(Jointly Administered) |
|   | ) ) | Re: Docket No. ~~—~~15 |

**FINAL ORDER (I) APPROVING THE DEBTOR'S PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Approving the Debtor's Proposed Form of Adequate Assurance of Payment, (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service, and (IV) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors -in -possession (collectively, the "Debtors") for entry of ~~a~~an final order (this "Final Order"), (i) approving the Debtors' proposed form of adequate assurance of postpetition payment to the Utility Companies; (ii) establishing procedures for resolving any objections by the Utility Companies relating to the Proposed Adequate Assurance; (iii) prohibiting the Utility Companies from altering, refusing or discontinuing service to, or discriminating against, the Debtors solely on the basis of (a) the commencement of ~~the~~these

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2̶2

Chapter 11 Cases, (b) a debt that is owed by the Debtors for services rendered prior to the Petition Date or (c) on account of any perceived inadequacy of the Debtors' Proposed Adequate Assurance; and (iv) granting related relief; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

    1.    The Motion is GRANTED on a final basis as set forth herein.

    2.    Any objections to the Motion not resolved or otherwise withdrawn are OVERRULED.

3. The Proposed Adequate Assurance is hereby approved on a final basis and is deemed "adequate assurance of payment" for purposes of section 366 of the Bankruptcy Code.

4. The Adequate Assurance Procedures (as defined below) set forth in the Motion are approved on a final basis.

5. To the extent not already deposited pursuant to the Interim Order, the Debtors shall (i) establish a newly-created, interest-bearing, segregated account (the "'Utility Deposit Account") and (ii) place a deposit in the amount of Sixty-Four Thousand One Hundred Sixty-Two Dollars ($64,162.00) (the "Utility Deposit") into such Utility Deposit Account.

6. The Utility Deposit shall be held for the purpose of providing adequate assurance of payment to each Utility Company for its postpetition Utility Services to the Debtors.

7. The following procedures (the "Adequate Assurance Procedures") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "Additional Assurance Request") are approved on a final basis:

(a) Within forty-eight (48) hours after the date of entry of this Final Order, the Debtors will mail a copy of this Final Order to the Utility Companies on the Utility Company List.

(b) If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional adequate assurance of payment, it must serve an Additional Assurance Request upon (i) proposed counsel to the Debtors, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036 (Attn: Brian S. Rosen (brosen@proskauer.com) and Megan R. Volin (mvolin@proskauer.com); (ii) proposed co-counsel to the Debtors, Pachulski, Stang, Ziehl, & Jones, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Laura Davis Jones); and (iii) Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Richard L. Schepacarter (richard.schepacarter@usdoj.gov); and (iv) proposed counsel to the Official Committee of Unsecured Creditors, Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington Delaware, 19801-6108 (Attn: Aaron H. Stulman (astulman@potteranderson.com)) (collectively, the "Adequate Assurance Notice Parties").

(c) An Additional Assurance Request may be made at any time.

(d) Each Additional Assurance Request must (i) be made in writing; (ii) set forth the amount and form of additional assurance of payment requested; (iii) set forth the type of Utility Services, any account numbers, and the location for which Utility Services are provided; (iv) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtors; and (v) set forth why the Utility Company believes that the Proposed Adequate Assurance is not sufficient adequate assurance of payment.

(e) Upon the Debtors' timely receipt of an Additional Assurance Request at the addresses set forth above, the Debtors will have twenty (20) days from the receipt of such Additional Assurance Request, or such longer period agreed to among the Debtors and the requesting Utility Provider (the "Resolution Period"), to negotiate regarding with such Utility Provider's request for additional assurance of payment.

(f) The Debtors may resolve any Additional Assurance Request by mutual agreement with the respective Utility Company without further order of the Court, and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtors believe such additional assurance is reasonable.

(g) If the Debtors determine that the Additional Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, then the Debtors, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(h) Pending resolution of a dispute scheduled for a Determination Hearing, the Utility Company filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(i) All Utility Companies shall be deemed to have adequate assurance of payment pursuant to section 366 of the Bankruptcy Code unless and until (i) the Debtors agree in writing to (a) an Additional Assurance Request, or (b) a form of alternative adequate assurance with the Utility Company during the Resolution Period; or (ii) the Court enters an order at any Determination Hearing requiring that additional adequate assurance of payment be provided.

8. The Debtors may, subject to the terms of this Final Order, amend or supplement Schedule 1 attached hereto (the "Utility Company List") to add any Utility Company. The Debtors shall file any such amended or supplemental Utility Company List with the Court, and serve a copy of the Motion, this Final Order, and the amended Utility Company List on any Utility Company that is added to the Utility Company List. Within twenty (20) days from the time a Utility Company is added to the Utility Company List, the Debtors shall increase the Utility Deposit in an amount equal to the cost of two (2) weeks of Utility Services provided by such Utility Company added to the Utility Company List, calculated as a historical average ~~over~~during the seven (7) month period prior to the Petition Date. A Utility Company added to the Utility Company List shall be permitted to make an Additional Assurance Request according to the Adequate Assurance Procedures.

9. The Debtors may remove a Utility Company from the Utility Company List by filing with the Court a notice or an amended Utility Company List identifying the Utility Company to be removed, and serving a copy of such notice or amended Utility Company List on the Utility Company to be removed. The Utility Company shall have twenty-one (21) days after service of the notice or amended Utility Company List upon such Utility Company to object to its removal from the Utility Company List. If the Utility Company does not timely object to its removal from the Utility Company List, the Utility Company's removal from the Utility Company List shall be immediately and automatically effective. If a Utility Company timely objects to its removal from the Utility Company List, the Debtors shall request a hearing before this Court at the next omnibus hearing date in these Chapter 11 Cases~~,~~ or on such other date that the Debtors and the Utility Company may agree, and the Utility Company's removal from the

Utility Company List shall not be effective until such objection has been resolved either consensually or by order of this Court.

10. In the event a Utility Provider is removed from the Utility Company List pursuant to the terms of this Final Order, (i) the Debtors are authorized to reduce the amount of the Utility Deposit by the amount that was attributable to the removed Utility Company and such amount will be promptly returned to the Debtors without further order of the Court, and (ii) if the removed Utility Company received any additional amount of adequate assurance ~~amounts~~ from the Debtors, the removed Utility Company shall promptly return such amounts to the Debtors (but in no event later than five (5) business days after the Utility Provider is removed from the Utility Company List).

11. Pending the resolution of any Additional Assurance Request, Objection, or Determination Hearing, the Utility Companies, regardless of when they were added to the Utility Company List, shall be prohibited from (i) discriminating against the Debtors, (ii) altering, refusing or discontinuing service to the Debtors, or (iii) requiring payment of a deposit or other security for postpetition Utility Services, other than the Adequate Assurance Deposit, as a result of the Debtors' bankruptcy filing or any outstanding prepetition invoices, subject to any further order(s) of the Court.

12. This Final Order shall be binding on all Utility Companies, regardless of when ~~a~~such Utility Company was added to the Utility Company List, subject to any further order of the Court.

13. This Final Order is without prejudice to any party's rights to contest any amount owed to a Utility Company. Nothing in this Final Order or the Motion shall be deemed to

constitute postpetition assumption of any agreement pursuant to section 365 of the Bankruptcy Code.

14. In accordance with this Final Order and any other order of this Court, each of the financial institutions at which the Debtors maintain their accounts relating to the provision of payment of adequate assurance as provided in this Final Order is authorized to honor checks and electronic payment requests presented for the provision of adequate assurance as provided in this Final Order and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

15. Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* and any final order in connection therewith (collectively, the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order). To the extent there is any inconsistency between the terms of such Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Order and the Budget shall control.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. ~~15.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. ~~16.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

Case 23-11388-CTG   Doc 138-2   Filed 09/27/23   Page 9 of 12

19. ~~17.~~ The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

20. ~~18.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____ September __, 2023
Wilmington, Delaware

~~8~~8

**Schedule 1**

**Utility Company List**

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| ABC Paging City Beeper | 9337 S.W. 40th St., Miami, FL 33165 | Telephone | $109 |
| AT&T | 208 S. Akard St., Dallas, TX 75202 | Internet | $1,538 |
| Bradenton Utilities Commission | 101 12th St., West Bradenton, FL 34205 | Waste | $556 |
| CarWars | 6060 N. Central Expressway, Suite #101, Dallas, TX 75206 | Telephone | $5,208 |
| City of North Lauderdale Water and Sewer | PO Box 152546, Cape Coral, FL 33915-2546 | Water | $3,006 |
| Coastal Waste | 4220 15th St. E., Bradenton FL 34208 | Waste | $851 |
| Consolidated Communications | 2116 S. 17th St., Mattoon, IL 61938 | Internet | $441 |

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| Comcast Corporation | 1701 JFK Boulevard, Philadelphia, PA 19103 | Internet | $4,479 |
| Crown Castle | 1220 Augusta Dr., Suite #600, Houston, TX 77057 | Internet | $5,279 |
| Florida Public Utilities | PO Box 610, Marianna, FL 32447-0610 | Natural Gas | $158 |
| Florida Power and Light Company | General Mail Facility Miami, FL 33188-0001 | Electricity | $39,673 |
| Harris County MUD #63 | 9826 Whithorn Dr., Houston, TX 77095 | Water | $1,616 |
| Lumen | 3340 Peachtree Road N.E., Suite #200, Atlanta, GA 30326 | Telephone | $10,868 |
| Manatee County Utilities Department | PO Box 25010, Bradenton, FL 34206-5010 | Water | $1,355 |
| Miami Dade Water and Sewer | PO Box 026055, Miami, FL 33102-6055 | Water | $5,935 |
| Orange County Utilities | 9150 Curry Ford Road, Orlando, FL 32825-7600 | Water | $1,275 |
| Orlando Utilities Commission | PO Box 31329, Tampa, FL 33631-3329 | Electric/Waste | $16,846 |
| Palm Beach County Water Utilities | 9045 Jog Road, Boynton Beach, FL | Water | $1,966 |

| Utility Company | Utility Company's Address | Service Type | Adequate Assurance Deposit |
|---|---|---|---|
| Department | 33472 | | |
| Sprint | 6391 Sprint Parkway, Overland Park, KS 66251 | Internet | $851 |
| Starlink | 1 Rocket Road, Hawthorne, CA 90250 | Internet | $232 |
| Summitt Broadband | 1443 Rail Head Boulevard, Naples, FL 34110 | Internet | $859 |
| TECO | PO Box 31318, Tampa, FL 33631-3318 | Natural Gas | $225 |
| TXU Energy | PO Box 650638, Dallas, TX 75265-0638 | Electricity | $5,699 |
| USA Scrap Metal & Recycling | 3147 N.W. N. River Dr., Miami FL 33142 | Waste | $1,597 |
| Waste Connections | 1751 S.W. 43rd Terrance, Deerfield Beach, FL 33442 | Waste | $183 |
| Waste Management | 3831 N.W. 21st Ave., Pompano Beach FL 33073 | Waste | $2,103 |
| Waste Pro | 411 Tall Pines Rd., West Palm Beach FL 33413 | Waste | $2,239 |