# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| OFF LEASE ONLY LLC, *et al.*,[1] | ) ) | Case No. 23-~~——~~-11388 (~~——~~)CTG |
| Debtors. | ) ) | ~~(Joint Administration Requested)~~(Jointly Administered) |
|  | ) ) | Re: Docket No. ~~—~~16 |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO PAY PREPETITION WAGES,
SALARIES, OTHER COMPENSATION, AND REIMBURSABLE
EXPENSES, AND (II) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (i) authorizing the Debtors to pay ~~(a)~~ all prepetition wages, salaries, other compensation, reimbursable expenses, and other benefits on account of the Workforce Programs to the extent any such amounts are accrued and unpaid, ~~and (b) to pay compensation to the Independent Contractors as it becomes due and owing during the wind-down of the Debtors' operations,~~ and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the record of these Chapter 11 Cases; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth in this Final Order.

2. ~~Any objections to the Motion not resolved or otherwise withdrawn are OVERRULED.~~

2. ~~3.~~ The Debtors are authorized, but not directed, in their discretion, to pay and honor prepetition amounts related to the Workforce Programs, to the extent any such amounts are accrued and outstanding, in connection with the Prepetition Employees, in an aggregate final amount not to exceed Four Hundred Six Thousand One Hundred Dollars ($406,100.00) pursuant to this Final Order, consisting of (i) Two Hundred Fifty Thousand Dollars ($250,000.00) on account of Prepetition Employee Wages and Prepetition Commissions, (ii) Fifteen Thousand

One Hundred Dollars ($15,100.00) on account of Deductions held by the Debtors for beneficiaries of garnishments, (iii) Fifty Thousand Dollars ($50,000.00) on account of Reimbursable Expenses, (iv) Twenty-Six Thousand Dollars ($26,000.00) on account of the Workers' Compensation Program, (v) Fifteen Thousand Dollars ($15,000.00) on account of the Vision Plans, and (vi) Fifty Thousand Dollars ($50,000.00) on account of the orderly wind-down of the 401(k) Plan.

3.    ~~4.~~ Nothing herein shall be deemed to authorize the payment of any prepetition amounts above the statutory cap imposed by section 507(a)(4) and 507(a)(5) of the Bankruptcy Code with respect to the prepetition amounts owed, if any, on account of the Workforce Programs, except upon further order of this Court.

4.    ~~5.~~ Nothing herein shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations that implicate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

5.    ~~6.~~ Pursuant to section 362(d) of the Bankruptcy Code, (a) Prepetition Employees are authorized to proceed with their workers' compensation claims in the appropriate judicial or administrative forum pursuant to the Workers' Compensation Program, and the Debtors are authorized to pay all undisputed prepetition amounts relating thereto in the ordinary course of business, and (b) the notice requirements pursuant to Bankruptcy Rule 4001(d) with respect to clause (a) are waived. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program, and any such claims must be pursued in accordance with the applicable Workers' Compensation Program. Payment on account of any recoveries obtained in connection with a claim brought pursuant to this paragraph is limited to the terms and conditions

of the applicable Workers' Compensation Program, including with regard to any policy limits or caps.

6. Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* and any final order in connection therewith (collectively, the "Cash Collateral Order") and the Budget (as defined in the Cash Collateral Order). To the extent there is any inconsistency between the terms of such Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of such Cash Collateral Order and the Budget shall control.

7. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver of the Debtors' or any other party in interest's rights pursuant to the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11. ~~10.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. ~~11.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13. ~~12.~~ The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____ ~~September __, 2023~~ _____
Wilmington, Delaware

5