# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>OFF LEASE ONLY LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11388 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: Oct. 11, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: Nov. 14, 2023 at 2:00 p.m. (ET)** |

## DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors, effective as of the Petition Date (as defined below). In support of the Application, the Debtors rely on: (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, attached hereto as **Exhibit B** (the "Rule 2016 Statement"); (ii) the *Declaration of Laura Davis Jones in Support of Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if applicable) are: Off Lease Only LLC (7345), Off Lease Only Parent LLC (2753), and Colo Real Estate Holdings LLC (7453). The location of the Debtors' service address in these chapter 11 cases is 1200 S. Congress Ave., Palm Springs, FL 33406.

*as of the Petition Date*, attached hereto as **Exhibit C** (the "Jones Declaration"); and (iii) the *Declaration of Leland Wilson in Support of Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date*, attached hereto as **Exhibit D** (the "Wilson Declaration"), all of which are submitted concurrently with this Application. In support of this Application, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## Background

4. On September 7, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases have been

procedurally consolidated and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are managing their businesses and their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

5. On August 21, 2023, the United States Trustee for Region 3 (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors [D.I. 111].

6. A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to these Chapter 11 Cases, is set forth in the *Declaration of Leland Wilson in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [D.I. 4] (the "First Day Declaration") [2]

**Relief Requested**

7. By this Application, the Debtors seek to employ and retain PSZ&J as their restructuring co-counsel with regard to the filing and prosecution of these Chapter 11 Cases and all related proceedings. Accordingly, the Debtors respectfully request that the Court enter the Order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 authorizing them to employ and retain PSZ&J as their bankruptcy co-counsel to perform the legal services that will be necessary during these Chapter 11 Cases pursuant to the terms set forth in the Application and the Jones Declaration, effective as of the Petition Date.

**PSZ&J's Qualifications**

8. The Debtors seek to retain PSZ&J as co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business

---

[2] Capitalized terms used but not defined in this Application have the meanings ascribed to them in the First Day Declaration.

reorganizations under chapter 11 of the Bankruptcy Code. In preparing for their representation of the Debtors in these Chapter 11 Cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of these Chapter 11 Cases.

9. The professional services that PSZ&J will provide include, but shall not be limited to:[3]

   a. providing legal advice regarding local rules, practices, and procedures;

   b. reviewing and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;

   c. filing documents as requested by co-counsel, Proskauer Rose, LLP (collectively, "Proskauer"), and coordinating with the Debtors' claims agent for service of documents;

   d. preparing agenda letters, certificates of no objection, certifications of counsel, and notices of fee applications and hearings;

   e. preparing hearing binders of documents and pleadings, and printing of documents and pleadings for hearings;

   f. appearing in Court and at any meeting of creditors on behalf of the Debtors in its capacity as co-counsel with Proskauer;

   g. monitoring the docket for filings and coordinating with Proskauer on pending matters that need responses;

   h. preparing and maintaining critical dates memoranda to monitor pending applications, motions, hearing dates, and other matters and the deadlines associated with same; distributing critical dates memoranda with Proskauer for review and any necessary coordination for pending matters;

   i. handling inquiries and calls from creditors and counsel to interested parties regarding pending matters and the general status of these Chapter 11 Cases, and, to the extent required, coordinating with Proskauer on any necessary responses; and

   j. providing additional administrative support to Proskauer, as requested.

---

[3] Further information regarding PSZ&J's compliance with the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases* (the "2013 UST Guidelines") is set forth in the Jones Declaration.

10. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The current standard hourly rates of attorneys and paralegals from PSZ&J are as follows:

| | | |
|---|---|---|
| a. | Partners | $995.00 to $1,995.00 |
| b. | Of Counsel | $875.00 to $1,525.00 |
| c. | Associates | $725.00 to $895.00 |
| d. | Paraprofessionals | $495.00 to $545.00 |

11. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to compensate PSZ&J fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and the rates are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with its clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

5

12. To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Declaration submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

13. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $75,000.00 in connection with its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J will be credited to the Debtors and used as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

14. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

15. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and the Debtors submit that such rates are reasonable.

## Notice

16. The Debtors will provide notice of this Application to: (a) the U.S. Trustee; (b) the Committee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting such other and further relief as is just and proper.

Dated: September 27, 2023    Respectfully submitted,

Off Lease Only LLC, *et al.*,
Debtors and Debtors-in-Possession

*/s/ Leland Wilson*
Leland Wilson, as former Chief Executive
Officer of Off Lease Only LLC